BRIEF IN SUPPORT OF HABEUS CORPS



RECEIVED

2006 MAR 28 A 9: 48

KENNETH PRICE (PRO-SE)
(SENTENCED UNDER KENNY PRICE )
        PETITIONER,


        V.

WARDEN J.C. GILES
AND THE ATTORNEY GENERAL
FOR THE STATE OF ALABAMA
        RESPONDENTS,

---

POST- CONVICTION RELIEF
SOUGHT FOR PIKE COUNTY
CIRCUIT COURT CASE #
    CC-02-134
    CC-02-136

---

"ORAL ARGUMENT REQUESTED"

---

CHRIS DWAYNE WILLIAMS PRO-SE
REPRESENTATIVE FOR PETITIONER
ALLOMANGED BY CASE LAW PROVIDED
FROM WILLIAM HORSEMEN III,CPL
    CERTIFIED PARALEGAL

CASE # 2:06CV236.W.K.W.

(1)

## TABLE OF CONTENTS

FRONT COVER ---------------------------------------1

STATEMENT REGARDING ORAL ARGUMENT---------------------2

TABLE OF CONTENTS ----------------------------------3

STATEMENT OF JURISDICTION ---------------------------4

TABLE OF AUTHORITIES -------------------------------5-6

STATEMENT OF THE CASE ------------------------------7

STATEMENT OF THE ISSUES ----------------------------8

STATEMENT OF THE FACTS -----------------------------9

STATEMENT OF THE STANDARD OF REVIEW ----------------10

SUMMARY OF THE ARGUMENT ----------------------------11

ARGUMENT -------------------------------------------12

CONCLUSION -----------------------------------------13

CERTIFICATE OF SERVICE -----------------------------14

STATEMENT REGARDING ORAL ARGUMENT
_____

1) THE PETITIONER STATES HE HAS A VOID INDICTMENT, WHICH
   DID NOT GIVE PROSECUTION NO JURISDICTION TO PROSECUTE.

2) THE PETITIONER STATES HE WAS SENTENCED ILLEGALLY UNDER (H.F.O.A.)
   HABITUAL FELONY OFFENDER ACT, AND THE LAW REQUIRES IMMEDIATE
REVIEW OF SAID CHARGES (CASE # CC02-134 and CC-02-136)
   PIKE COUNTY CIRCUIT COURT

3) THE PETITIONER STATES THE TRIAL JUDGE LED THE JURY, WHICH
   VIOLATED HIS CONSTITUTIONAL RIGHTS; AND THE LAW REQUIRES
A EVIDENTARY HEARING BE HELD AND OR IN THE ALTERATIVE AQUIT
OF SAID CHARGES, AND /OR REVERSE SENTENCING BY TRIAL JUDGE.

4) THE PETITIONER STATES HE HAD INEFFECTIVE ASSISTANCE OF
COUNSEL, AND HIS COUNSEL NEVER WAS EFFICIENT ON FILING A MOTION
TO QUISH INDICTMENT DUE TO ESSENTIAL ELEMENT 'INTENT'AND THE
MODIFICATION OF ALL THREE COUNTS ON ONE PAGE (NOT 3 SEPERATE PAGES)

5) THE STATE FAILED TO CHARGE A OFFENSE LEGALLY, IN RHEA
STATE OF MIND, WHICH IS A FAILURE TO ALLEGE AN ESSENTIAL ELEMENT
IS A JURISDICTIONAL DEFECT. THE KIND OF DEFECT INVOLVED IN
DUE PROCESS OF LAW AND IT CANNOT BE WAIVED.

## STATEMENT OF JURISDICTION

JURISDICTIONAL ISSUE PRESENTED FOR REVIEW BY TRIAL
COURT, AND APPELLATE COURT IN WHICH INEFFECTIVE ASSISTANCE
OF COUNSEL WAS GROUND RAISED IS EVIDENT FOR REVIEW.
JUDGE LEAD JURY DURING TRIAL COURT PROCEEDINGS, AND
ALSO ATTORNEY NEVER FILED MOTION TO QUISH INDICTMENT,
MANY ERRORS HE STATED VIOLATING PETITIONER DUE PROCESS
AND CONSTITUTIONAL RIGHTS TO A FAIR TRIAL.
LAWYER WAS INEFFECTIVE THOUGHOUT THE HOLD MATTER
AND COULD NOT PROPERLY FORMULATE A RESPONSE, AND
EVEN FAILED TO EXPLAIN THE STEPS OF THIS CASE TO
HIS CLIENT.
THE ATTORNEY WAS JAMES THOMAS

(4)

## TABLE OF AUTHORITIES

1) HARTMAN V. SCOTT (1973, CA8 minn)488 F.2d 1215.

2)C.A. 11(Ala) 1991. Smelcher V. Attorney General of Alabama,
   947 F.2d 1472.

3) McConnell V. State 586 So.2d 971 (Ala. Crim. App. 1991

4) Bates V. State 620 So .2d 745,746( Ala. Crim. App.1992)

5) Ex Parte Rice 565 So.2d 606,608(Ala.1990).

6) Charest V. State 517 So.2d 643,644 (Ala.Cr.App.1987)
   Id. at 718.

7) U.S.C.A. Const. Amends 5,6,United States v. Hooker 841
F.2d 1225, 1228.) 4th Cir. 1988(enbanc) See United States
V. Shelton 848 F.2d 1485 1494 .(10th Cir. 1988)

8) Rule 12.8 (B) Rules of Cr. Proc.

9)Mackey V. Miller (1503,Caq Cal)126 F.161
   Manning V Biddle 14F.2d 518
   Brown V.White 24 F.2d 392
   Brock V. Hudspeth III F.2d 447
   Straus V. United States (1965) 342 F.2d 813
   United States V. Ilodi (1997, Dc md ) 982 F.supp.1046, App.
   dismd, Post conviction proceeding (1998,Ca. Md.) 1998
US App. Lexis 6912.

10) Federal Rules of Appellate procedures Rule 23 (A)

11) Fed. Rules of Evidence Rule 403 Commentary

12) Rules of Evidence rule 801 (c)

13) Rodney Lemen Logmen V. State of Alabama 870 So.2d 762
    (Ala. crim.app,2003)
    United States V. Gordon 550 F.2d 206, 211 (5th cir.1977)
    Purvis, 580 F.2d at 858. Ex Parte Lewis 811 So,2d 485
    (Ala. 2001) Kennedy V. State 3a. Ala. app.67 6,107 so.2d 913
    (1958) Rule 13.5 Ala. R. Crim. Tinsley V.State 485
    so. 2d 1244, 1251 (Ala. Crim. App.(1986)

## STATEMENT OF THE CASE

THE PETITIONER KENNETH PRICE WHO HAD BEEN ILLEGALLY
SENTENCED BY THE JUDGE UNDER (KENNY PRICE) IN WHICH IS A
NAME BEEN USED BY THE PETITIONER WAS ILLEGALLY INDICTED
IN THE STATE OF ALABAMA, PIKE COUNTY CIRCUIT COURT IN THE
MARCH TERM, ℮))℮. THE CHARGES WAS SAID DISTRIBUTION OF A
CONTROLLED SUBSTANCE. THE INDICTMENT WAS TURNED OVER TO
A GRAND JURY , IN WHICH WHEN THIS WENT TO TRIAL THE JUDGE
LEAD THE JURY AND CHOSE HIS OWN FOREMAN. DURING THE DAYS
OF TRIAL THE JURY DEMANDED MORE EVIDENCE AND WAS TOLD THERE
WAS NOT ANY. THE JUDGE MADE THE THREATS ABOUT RULING ON
THIS CASE OR ELSE LOOK AT GOING TO JAIL. THE LAWYER
APPOINTED NEVER MADE NO OBJECTIONS AND DID NOT PROPERLY
FILE FOR THIS TO BE QUASHED. THE PETITIONER WAS ILLEGALLY
CONVICTED BY A LEAD JURY, AND ILLEGALLY SENTENCED UNDER
THE HABITUAL FELONY OFFENDERS ACT: DUE TO ONLY HAVING ONE
SAID CHARGE AGAINST HIM AS A NEGOTIATED PLEA
THE LAWYER APPOINTED HAD FILED A MOTION TO WITHDRAW WHO WAS
JAMES THOMAS;AND LLOYD W. CARR WAS APPOINTED AS THE
APPELLATE COUNSEL. LLOYD CARR DID NOT UNDERSTAND THE MATTER
AND FILED A NO MERITS BRIEF,IN WHICH WAS INEFFECTIVENESS
BY HIM. THE PETITIONER LATER HAD FILED WITH ALABAMA COURT
OF CRIM. APP. PRO-SE, THE COURT OF CRIM.APP. FILED FOR
MOTION OF EXTENSION OF TIME; NEVER MADE A DECISION.
( NOTE THIS WAS SAME TIME ROY MOORE WAS IN THIS SAME COURT
SO THEY WERE MORE THAN OVERBOOKED).
THE CASE LATER WAS FILED WRIT OF CERTIORARI, IN WHICH IT
WAS SENT TO THE WRONG COURT AND DENIED BY SUPREME COURT.
A RULE 32 WAS FILED AND LATER DENIED, AND THE 'JAILHOUSE'
LAWYER NEVER APPEALED FROM THAT DECISION WHICH ALSO WAS A
ERROR IN APPELLATE PROCEDURES.
THE PETITIONER VOID INDICTMENT AND COPY WHERE WHIT OF
CERTIORARI SENT TO THE WRONG COURT SHALL BE
(EXIBIT A AND B). IT IS THE BURDEN OF THE RESPONDENTS
TO SEND FOR ALL TRIAL AND APPELLATE TRANSCRIPTS.

(7)

## STATEMENT OF THE ISSUES

1) DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL

2) CONVICTION OBTAINED BY PETIT OR GRAND JURY ILLEGALLY

3) VOID INDICTMENT


1) IF THE PETITIONER HAD EFFECTIVE COUNSEL, HE NEVER WOULD OF BEEN CHARGED OR CONVICTED AND SENTENCED ILLEGALLY

2) IF THE GRAND JURY HAD NOT BEEN LEAD TO MAKE A DECISION THE PETITIONER WOULD HAVE BEEN FOUND NOT GUILTY.

3) A VOID INDICTMENT GIVES NO JURISDICTION FOR THE STATE TO PROSECUTE OR SEEK NO CONVICTION; BUT IS THE GROUNDS FOR RELIEF.

## STATEMENT OF THE FACTS

THE PETITIONER IS REQUESTING 'ORAL ARGUMENT' AND
APPOINTMENT OF COUNSEL TO DISPUTE HIS INNOCENCE.

(9)

## STATEMENT OF THE STANDARD OF REVIEW

C.A.11(Ala.)1991. Ineffective assistance of counsel maybe cause for procedural default in State court of an issue raised in a federal Habeas Corps petition. Smelcher V. Attorney General of Alabama,946 F.2d 1472.

Hopson V. State 352So.2d 500,502.
However circumstantial evidence justifies a conviction only when it is inconsistent with any reasonable theory of innocence.

McConnell V.State 586 So.2d 971(Ala.Crim. app.1991)
A trial court has no authority to sentence a defendant under the Habitual Felony Offender Act until proper notice and proof of the prior convictions have been presented: upon resentenceing,a trial court may consider, for purposes of the Habitual Felony Offender act, only those prior convictions of which the defendant received proper notice before the intial sentenceing.

The Laws of Alabama requires review of this matter by the court available, and no time bar, nor procedual default can be used due to ineffective assistance of counsel.

(10)

## SUMMARY OF THE ARGUMENT

THE PETITIONER REQUEST 'ORAL ARGUMENT' AND ATTORNEY
BE APPOINTED TO FURTHER SAFEGUARD HIS RIGHTS.

(11)

# ARGUMENT

'ORAL ARGUMENT' REQUESTED

(12)

CERTIFICATE OF SERVICE

I KENNETH PRICE( KENNY PRICE) DO HEREBY CERTIFTY
I HAVE SENT A COPY OF THIS BRIEF IN SUPPORT OF HABEAS CORPUS
UPON:


ATTORNEY GENERAL FOR                    UNITED STATES DISTRICT COURT
STATE OF ALABAMA                        P.O. BOX 711
!11SOUTH UNION STREET                   MONTGOMERY, ALABAMA
MONTGOMERY AL.                                        36101
              36130-0152


BY PLACING A COPY OF THE SAME, ALL POSTAGE PRE-PAID.
THIS _____ DAY OF MARCH,2006.


_Kenneth Price_____PRO-SE
              OF COUNSEL


(14)