RECEIVED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2006 MAY -5 P 5: 06

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

KENNETH PRICE AIS# 150784            )
a.k.a., KENNY PRICE,                        )
                                                       )
            Petitioner,                          )
                                                       )
v.                                                     )        CIVIL ACTION NO.
                                                       )        2:06-CV-177-WKW
                                                       )        2:06 CV 236 - WKW
J.C. GILES, et al.,                            )
                                                       )
            Respondents.                      )

## ANSWER

        Come now the Respondents in the above styled cause, by and through the

Attorney General of the State of Alabama, in response to this Court's order and

answer Kenneth Price's instant habeas corpus petition as follows:

        1. A jury found Price guilty of two counts of unlawful distribution of a

controlled substance, methamphetamine, in violation of Section 13A-12-211 of the

Code of Alabama (1994), on November 8, 2002. (Ex. A, C. 48, 97, 100; R. 254-57)

[1] He was sentenced as an habitual offender, with at least three prior felony

convictions, to two terms of 25 years in prison to be served consecutively.  (Ex. A,

R. 293)

_____

[1] Due to the voluminous nature of the exhibits, they are being filed with this court
under separate cover at a later date.

**SCANNED**

2. On March 13, 2006, Price filed a federal habeas corpus petition challenging his state convictions, and appears to raise the following claims

a. The trial judge improperly influenced the jury by telling them there was not additional evidence to consider, by threatening them with jail if they did not make a decision, and by choosing the jury foreman. (Price's pet., p. 6; Price's brief in support of pet., p. 7) The judge also "led trial throughout whole procedure in a[n] errorful manner." (Price's pet., p. 6)

b. He received ineffective assistance of trial and appellate counsel. (Price's pet., p. 6; Price's brief, p. 7) Trial counsel failed to object to any of the errors committed by the trial judge and did not request that the case be quashed; trial counsel also was ineffective for failing to get the indictment quashed because it failed to contain the element of intent. (Price's pet., p. 6; Price's brief, p. 2, 7) Appellate counsel failed to understand the facts of the case because counsel did not meet with him, and was ineffective for filing a "no-merits" brief. (Price's pet., p. 6; Price's brief, p. 7)

c. He was "unlawfully sentenced due to a void indictment." (Price's pet., p. 6) "[He] has newly discovered evidence recently found in which a void indictment of the 3 counts of distribution and it was

2

acted on as a manufacturing charge which illegally also charged

him...." (Price's pet., p. 6)

    d. He was illegally sentenced under the Alabama Habitual Felony

      Offender Act. (Price's pet. p. 7; Price's brief, p. 7) He had only

      one felony conviction against him, which occurred through a

      negotiated plea agreement. (Price's pet., p. 7; Price's brief, p. 7)

      He also alleges this is newly discovered evidence. (Price's pet., p.

      7)

   3.  Price's claims "a." and "b." are unexhausted and are procedurally

defaulted; therefore, this Court should not review them. Claims "c." and "d."

failed to state a federal claim and are not appropriate for federal habeas review. In

the alternative, claims "c." and "d." can still be litigated in state court. Therefore,

this Court should either dismiss Price's "mixed" petition, or hold it in abeyance, at

its discretion.

### Procedural History

**A.    Trial**

   4. The Pike County Grand Jury indicted Price on three counts of distribution

of a controlled substance, methamphetamine, in violation of Section 13A-12-211

of the Code of Alabama (1994) on March 12, 2002. (Ex. A, C. 11-12) Following

3

a jury trial, the jury found Price guilty of two counts of distribution, counts one and

three of the indictment, on November 8, 2002, but could not agree on a verdict for

count two. (Ex. A, C. 48, 97, 100; R. 254-57)

5. Price filed a *pro se* "Motion for Judgment of Acquittal Or In the

Alternative For New Trial Or Arrest of Judgment" on January 31, 2003. (C. 56-

73) In the motion, he raised four general arguments:

a. "Violation of Constitutional Right Amendment 6 A.C.C. (1975)

13A-5-37..." (Ex A., C. 56)

b. The "[c]ourt erred [by] admitting illegally obtained (4th

Amendment) evidence. The [r]ecording of wiretapping [was done]

without a warrant (order). A.C.C. (1975) 13A-11-36 ... U.S.C.

Title 18, Part 1, Chapter 119, Section 2511." (C. 56)

c. "Due process violation of withholding evidence that could have had

a major impact on verdict [--] Witness testified under oath that

she had not been in trouble since signing the C.I. Agreement. See

copy of the arrest record attached (check dates.)" (Ex. A, C. 56)

d. "Insufficient Indictment, violation of due process, ALA. Rule

13.1(b)...." (Ex. A, C. 56)

6. The trial court sentenced Price, on February 3, 2003, as an habitual

offender, with at least three prior felony convictions, to serve 25 years in the state

penitentiary on each count. (Ex. A, R. 268, 293)  It also denied the post-trial

motion. (R. 293)  Price gave timely notice of appeal on February 13, 2003.  (Ex.

A, C. 114)

**B.    Direct Appeal**

7. Price's appellate counsel filed an Anders brief, and requested to withdraw,

pursuant to Anders v. California, 386 U.S. 738 (1967).  (Ex. B)  Price filed *pro se*

issues on August 1, 2003. (Ex. C, p. 13)  He argued that the evidence was

insufficient to support a guilty verdict. (Ex. C, p. 2, 4-5)  He also generally cited

various instances he believed constituted ineffective assistance of trial counsel (Ex.

C, p. 6-10):

> a. "[T]he attorney did not bring the faulty warrants or the vague
>
>   indictments to the court's attention."  (Ex. C, p. 6)
>
> b. "[The attorney] [d]id not object when the State witness said, see R-
>
>   106-R-107, 'that he felt like he had a good case against the
>
>   appellant.'  [T]his statement was very prejudic[ial], which caused
>
>   the conviction in this case."  (Ex. C, p. 6)
>
> c. "The attorney did not object to the name[,] Kenny Price[,] being on
>
>   the indictment.  [T]he Appellant's name is Kenneth Price, and has
>
>   never used the name 'Kenny.'"  (Ex. C, p. 7)

d. "[T]he attorney did not challenge for cause a biased prospective juror, who ended up as one of the jury members, [who] was a correctional officer." (Ex. C, p. 7)

e. "[His attorney] [d]id not object, or challenge[,] the illegally obtained evidence of tape[] recordings and wiretappings with[]out a warrant." (Ex. C, p. 7)

f. "[His attorney] [d]id not object to unauthorized electronic surveillance, [which is] permitted only with probable cause and with a warrant." (Ex. C, p. 7)

g. "[Counsel] [d]id not object, and should have ask[ed] for a mistrial when, Bob Williamson said on R-52 'I felt like I had a good case[.]' [T]his was very prejudic[ial] to Appellant, this statement was poisoning the jury panel's minds and [was] very prejudicial." (Ex. C, p. 7)

h. "[Counsel] filed a motion of discovery disclosure prematurely[.]" (Ex. C, p. 7)

i. "[T]he attorney failed to raise the issue of probable cause [which] was also prejudicial." (Ex. C, p. 7)

j. "[T]he attorney failed to preserve several claims for appellate review." (Ex. C, p. 7)

k. "[Counsel] [d]id not object to [the] State's notice to proceed under the Habitual Felony Offender Act." (Ex. C. p. 7)

l. "[T]rial counsel should have made a motion for a mistrial when Angela Brock committed perjury. Her testimony was 'that she did not mess with drugs,' [and] had not been arrested since September 6, 2001. The record shows she was arrested on drug charges on September 10, 2001." (Ex. C, p. 8)

m. "[T]rial counsel did not investigate all avenues of defense. In fact[,] this was his first trial before a jury, [and he had] no trial experience." (Ex. C, p. 8)

n.    Trial counsel refused to subpoena witness[es] who could have give[n] testimony of allege[d] drug sales on the day in question. When in fact the key witness gave testimony, that no other person but K.P, was present[,] [but] then the witness said two other people were present. [T]rial counsel did not object to this erroneous testimony, which was very prejudic[ial].

(Ex. C, p. 8)

8. Price argued that the above conduct by his trial counsel amounted to ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984). (Ex. C, p. 8) He cites caselaw for the proposition that counsel has an "independent duty to investigate and prepare[,]" that a "[f]ailure to investigate and failure to put on witnesses cannot be categorized as trial strategy[,]" and,

"[c]ounsel has a duty to exercise diligence in preparing a case for trial and in procuring the witnesses." (Ex. C, p. 9)  Price then concludes that "it is obvious from the record[,] had it not been for the ineffective assistance[,] that in all reasonable probability the outcome of the trial would have been different." (Ex. C, p. 9)

 9. Price then reiterated some of his instances of ineffective assistance of counsel.

> Even if the counsel had struck the correctional officer
> from the jury[,] the outcome would have been different.
> [T]he appellant was deprived a fair trial under the Sixth
> and Fourteenth Amendments to the United States
> Constitution.  Because the counsel did not challenge the
> inadequate indictment that was clumsily and inartfully
> drawn[;] [it] even had appellant's name wrong.

(Ex. C, p. 9)

 10. The Alabama Court of Criminal Appeals issued a memorandum opinion on November 21, 2003, affirming Price's convictions.  (Ex. D)  They held:

> The appellant has submitted two issues for this court's
> consideration: whether the evidence was sufficient to support the
> guilty verdict and whether his trial counsel was ineffective, based
> upon fourteen alleged "wrongs."
>
> A review of the record reveals that both of the appellant's
> claims are without merit and that there is no other issue which
> warrants review on appeal.  Therefore, the judgment of the trial court
> is affirmed.

(Ex. D, p. 1-2)

11. Price filed an application for rehearing on or around December 1, 2003[2]. In his application, he argued that the Court of Criminal Appeals should reconsider their opinion for various reasons.

> a. The Court of Criminal Appeals should reconsider its opinion because the trial court was allowed to change the Price's name from Kenneth to Kenny. (Ex. E, p. 3)
>
> b. Price never received a brief from the Attorney General, in response to his *pro se* issues, and, therefore, was not given an opportunity to file a reply brief. (Ex. E, p. 3)
>
> c. Trial counsel was ineffective for allowing a correctional officer to be a juror, which prejudiced his defense. (Ex. E, p. 4)
>
> d. The indictment was "defective on its face ... because it [did not] even have [Price]'s true God given name on it." (Ex. E, p. 4)
>
> e. Angela Brock committed perjury concerning whether she had been arrested within the past year, because she had "been arrested several times for drugs." (Ex. E, p. 5)

12. The Alabama Court of Criminal Appeals overruled the application for rehearing on December 12, 2003. (Ex. F)

---

[2] Price's certificate of service indicates that he served his application on November 1, 2002; however, this is obviously incorrect because the opinion was not issued until November 21, 2003. The Attorney General's Office's records indicates that the application was filed on December 1, 2003.

13. Price filed a petition for certiorari review, and brief in support of the petition, in the Supreme Court of Alabama on December 26, 2003. (Ex. G, p. 12[3]) In the petition he raised the following arguments: 1) The Court of Criminal Appeals erred when it concluded that there was sufficient evidence to find him guilty (Ex. G, p. 2-3); and 2) "Whether the lower court erred in affirming the conviction when [he] raised 14 issues of ineffective assistance of trial counsel. Strickland v. Washington[,] 466 U.S. 688 [(1984).]" (Ex. G, p. 3) In the brief in support of the petition, he raised the following arguments:

    a. "Whether the electronic eavesdrop[p]ing was legally done, to obtain the tape recording that was used as evidence at trial." (Ex. G, p. 8[4])

    b. "Whether trial counsel was ineffective in laying proper foundation to discredit informant[']s testimon[]y." (Ex. G, p. 8) This argument is based on Price's assertion that the informant was not reliable, "and if trial counsel had laid [the] proper foundation, the informant would not have been allowed to testify[,]" because she was arrested on drug charges shortly after signing an agreement to work as an informant. (Ex. G, p. 8)

---

[3] Exhibit G consists of the petition and the brief together. Price labeled this page as page 7.

[4] Price labels this as page 5.

c. "Trial counsel was ineffective by not laying [the] proper foundation to exclude illegally obtained tape recordings by electronic eavesdropping without first obtaining a warrant[.] (order)  <u>See Alderman v[]. United States</u>, 394 U.S. 185 (1969)[.]"  (Ex. G, p. 9[5])

d. "Whether the lower court erred in its rul[]ing on [his] motion filed on 1-30-03 (C-56-72) on electronic eavesdropping without a warrant (order)[.]"  (Ex. G, p. 9)

e. "[He] repeatedly asked his lawyer to file a motion to suppress the illegally obtained evidence of tape recordings done by electronic eavesdropping without a warrant (order)...."  (Ex. G, p. 10[6])

f. "When [his] lawyer would not file a motion to suppress the illegally obtained evidence, [he,] with little knowledge of preparing a motion, filed a motion for ['[]Judgment of Acquittal or In the Alternative for New Trial or Arrest of Judgment['] on 1-30-03 (C-56-72)[.]  [His] motion was denied."  (Ex. G, p. 10)

14. The Supreme Court of Alabama denied Price's certiorari petition, and issued its certificate of judgment on August 13, 2004.  (Ex. H)

## C.    State post-conviction petition

---

[5] Price does not number this page.
[6] Price does not number this page.

15. Price filed a Rule 32 petition, raising numerous claims on March 14, 2005.[7] (Ex. I, p. 161-62)

16. Price appeared to raise the following issues in the petition:

a. Appellate counsel (Attorney Carr) was ineffective. (Ex. I, p. 34-56)

    i. Counsel failed to raise meritorious issues on appeal, and instead filed a "no-merits" brief. (Ex. I, p. 37-39)

    ii. Counsel "failed to comply with the <u>Anders</u> mandate, as there were a magnitude of meritable issues warranting relief...[.]" (Ex. I, p. 40)

    iii. Counsel failed to challenge the electronic surveillance of him that violated the Fourth Amendment, and failed to raise

---

[7] Price appeared to file a Rule 32 petition form on October 25, 2004. (C. 24) Price, however, did not raise any specific claims, but merely checked the grounds listed on the form. (C. 17-18)

The trial court properly denied the petition as to [Petitioner]'s claims asserted by checking boxes on the form petition without providing any substantiating or specific facts ... Because "a full disclosure of the factual basis of those grounds" is not included, those mere conclusions of law are insufficient to satisfy the pleading requirements of Rule 32.6(b), Ala. R.Crim. P.

<u>Taylor v. State</u> 879 So. 2d 1210, 1212 (Ala. Crim. App. 2003). Price filed his Rule 32 grounds on March 14, 2005. (C. 161-62)

ineffective assistance of trial counsel for not raising the Fourth Amendment issue. (Ex. I, p. 40-42)

iv. Appellate attorney failed to challenge the sufficiency of the evidence. (Ex. I, p. 42-43)

v. Counsel failed to raise the issue that two witnesses for the State, Angela Brock and Officer Bob Williamson, presented perjured testimony. (Ex. I, p. 43-44) His attorney also failed to raise the issue that the State withheld exculpatory material in violation of Brady v. Maryland. (Ex. I, p. 43)

vi. Attorney Carr failed to raise the issue that the State willfully withheld evidence that was exculpatory, including "evidence of police memoranda which would have impeached the police[']s testimony, and exposed that [Price] was in jail at the time of the alleged crimes [he] was alleged to have committed...[.]" (Ex. I, p. 44-45) The prosecution also withheld

> an N.C.I.C. report of the confidential informant which would have disclosed that the said informant was a drug user, and had access to purchasing the same drugs from someone else, that she alleged [was] purchased from [him], when the said informant testified that she was not abusing narcotics to date, nor illegally purchasing it.

13

[T]hus a due process violation in the eyes of
the [E]leventh [C]ircuit as this said
information would have impeached this
informant, the witness.

(Ex. I, p. 45)

vii. Attorney Carr also failed to raise ineffective assistance of trial counsel for trial counsel's failure to object to the denial of counsel's attempt to introduce documents into evidence, failure to object to the prosecution's untimely production of the Brady material, and trial counsel's failure "to properly prepare exhibits for admission, which if explained to the trial court said documents were the exhibits of belated Brady,, [sic] as well as their exculpatory nature, the evidence most prone to have been admitted under such ground[]s." (Ex. I, p. 46)

vii. Appellate counsel failed to raise the issue that trial counsel was ineffective for not raising the issue that the trial judge pressured the jury into reaching a verdict, failing to object to the judge's Allen charge, failing to object to the judge's use of "biblical statements most prone to inflame confusion and prejudices, and passions of the jurors...." (Ex. I, p. 47) Trial counsel also failed to object to the judge's statement to the

14

jurors when they asked if they could hear more evidence "that there is none, knowing well of the excluded evidence as described ... above (Ex. I, p. 47)

viii. Attorney Carr failed to raise the issue that Price's and Penny Lemke's juries were chosen at the same time that placed extraneous information before the jury which prejudiced his defense. (Ex. I, p. 47-48) Appellate counsel also failed to raise the issue that trial counsel was ineffective for failing to object to

> said extraneous information being improperly placed before the juror[]s, and failed to request limiting instructions ... to [attempt] to strike the information ... or to [attempt to] cure any taint or influences...[.] [T]rial counsel failed to have separate jury selections, due [to] possible prejudice from undue accomplice/co-defendant evidence, and ... failed to preserve this issue for appellate review....

(Ex. I, p. 48)

ix. Counsel failed to raise the issue on appeal that Jackie Warner was chosen on the petit jury foreman because it was misrepresented that she also served as the grand jury foreman. Warner also had contact during the trial with Jennifer Senn, who had "a severe vendetta against [Price],

and [was] being indicted on drug charge by the same informant as petitioner...." (Ex. I, p. 49)  Appellate counsel also failed to raise the issue that trial counsel was ineffective for not raising this issue at trial, and preserving it for appellate review." (Ex. I, p. 49)

x. Attorney Carr failed to raise on appeal the issue that the indictment was defective because it charged "three counts for one offense." (Ex. I, p. 50)  His attorney also failed to raise ineffectiveness of trial counsel for failing to challenge the indictment.  (Ex. I, p. 50)

xi. Price demonstrated that counsel was ineffective under the Strickland v. Washington test.  (Ex. I, p. 51)  Price and trial counsel had many "heated arguments" which "resulted in an irreparable breakdown of the client[-]counsel relationship[,] and finally erupt[ed] at sentencing before the court, where [Price] tried to explain the conflict resulting from trial counsel[']s negligence." (Ex. I, p. 51)  Price explained this issue to his appellate counsel, but it was never raised. (Ex. I, p. 51)

16

xii. Appellate Attorney Carr ignored many legitimate appellate issue, including ineffective assistance of trial counsel, and instead filed an <u>Anders</u> brief. (Ex. I, p. 52-55)

b. Evidence was gained using an eavesdropping device, that was used without a warrant or court order, in violation of the Fourth Amendment, Title III of the Omnibus Crime Control and Safe Streets Act of 1968, Title 18 U.S.C. chapter 119, subsection 2518, and Sections 13A-11-30 throguh 13A-11-37 of the Alabama Code. (Ex. I, p. 56-66)

c. The evidence was insufficient to sustain the verdict. (Ex. I, p. 66-77)

d. The convictions were obtained "by the prosecutor's knowing unconstitutional use of perjured testimony." (Ex. I, p. 78-90) Angela Brock, the confidential informant, presented perjured testimony namely that she had not used drug since a particular time when she, in fact, had. (Ex I, p. 79-80) Officer Williamson also perjured himself when he stated that he went to a domestic dispute incident at Price's home and observed chemicals used to make methamphetamine one month after Angela Brock purchased drugs from Price on September 18, 19, and 20th of 2001. Price, however,

17

produced a document during the sentencing phase of the trial that showed he had been arrested on September 19th. (Ex. I, p. 80) Officer Williamson perjured himself by also stating he was a "voice expert witness[.]" (Ex. I, p. 80) Price also cites an apparent inconsistency in Williamson's testimony concerning how long he spoke to Price during the domestic dispute incident. (Ex. I, p. 80-81) Williamson perjured himself by saying there were others present during the domestic dispute call, but then changed his testimony that there wee no other officers present, "as they were in and out." (Ex. I, p. 81) Officer Williamson also testified that he did not drop Angela Brock's Crenshaw County charges until she had fulfilled her confidential informant obligations, because he had learned from experience that some informants "r[a]n off" before fulfilling their obligations if charges were dropped before they testified. Williamson then, however, testified that he had not personally experienced informant who ran off, but had learned from other officers that this could happen. Then Williamson testified that he had not ever known any confidential informant to disappear either through personal experience or from other officers. (Ex. I, p. 81)

e. The State failed to disclose <u>Brady</u> evidence favorable to Price,

which resulted in his conviction. (Ex. I, p. 91-99)  The State failed

to turn over the N.C.I.C. report that showed that Angela Brock had

been arrested on September 10, 2001, for unlawful possession of a

controlled substance. (Ex. I, p. 91, 92)  The State also failed to turn

over records of Price's harassment arrest, which was included in the

presentence report. (Ex. I, p. 92)  The records are exculpatory

because they indicate that Price was in jail on the dates that he sold

drugs to Brock. (Ex. I, p. 94)

f. Price's convictions were obtained by "juror contamination during

*voir dire* and throughout trial of extranenous extra record

information, juror contacts, and coercion by the court." (Ex. I, p.

100-116)  Price contended that the judge's <u>Allen</u> charge coerced the

jury into reaching a verdict. (Ex. I, p. 100-104)  The jury heard

extraneous information because his jury and Penny Lemke's, (his

girlfriend or wife), jury was selected at the same time. (Ex. I, p.

100, 105-107)  The trial court improperly said during *voir dire* that

Jackie Warner was the grand jury foreman, and Warner was

selected as the petit jury foreman. (Ex. I, p. 107-10, 113)  Warner

also spoke to Jennifer Senn during jury selection, and had a

relationship with Senn, who "ha[d] a severe grevience with [Price]." (Ex. I, p. 110-113) The jury heard extraneous information from Officer Williamson that Price was making methamphetamine using his microwave, and had chemicals in his home to produce methamphetamine. (Ex. I, p. 113-15) Angela Brock was also allowed to read from notes concerning her drug transactions between Price and her. (Ex. I, p. 114-15) Officer Williamson testified that the voice on the taped drug transactions belonged to Price. (Ex. I, p. 115-16)

g. Price was prejudiced during the trial and sentencing phase of his case because the indictment charged a single offense under three separate counts. (Ex. I, p. 117-122) Price admits that the jury was charged with deciding whether Price sold controlled substances on September 18-20th of 2001. (Ex. I, p. 117) The principle against double jeopardy was violated because five prior felony convictions were used to enhance his sentence, even though he received only one twelve-year sentence; therefore, it should be considered one conviction, and his sentences for the methamphetamine convictions violates the Eighth Amendment prohibition against cruel and unusual punishment. (Ex. I, p. 123-126)

h. Trial counsel (Attorney Thomas) was ineffective  (Ex. I, p. 127-160):

   i. Failing to raise a motion to suppress evidence "obtained in violation of the Fourth Amendment of the United States Constitution ... and failing ... to object to the admission of the evidence to preserve the issue for appellate review." (Ex. I, p. 129)  Price basically alleges that his counsel was ineffective for failing to raise the issue raised in ground "b." above. (Ex. I, p. 129-38)

   ii. Trial counsel failed to object to the use of perjured testimony, failed to move for a mistrial, and failed to move for a judgment of acquittal "on such grounds[.]" (Ex. I, p. 138)  Price argues that trial counsel was ineffective for raising grounds "c." and "d." (Ex. I, p. 138-42)

   iii. Trial counsel failed to adequately investigate his case, failed to obtain exculpatory evidence through discovery, failed to "timely move for its discovery," (Ex. I, p. 142) and failed to object to any discovery violations. (Ex. I, p. 142-47)  Price essentially alleges that his trial counsel was ineffective for failing to raise the issues alleged in ground "e." above.

iv. Counsel failed to object to the use of "extraneous extra
record information, and move for curative instructions, or a
mistrial." (Ex. I, p. 148)  Price argues that counsel was
ineffective for failing to object on the grounds enumerated in
ground "f." above. (Ex. I, p. 148-157)

v. The trial court failed to investigate a conflict between Price
and his counsel. (Ex. I, p. 158-160)

17. The State responded to the petition on March 21, 2005. (Ex. I, p. 6-8)
The trial court denied the petition June 17, 2005. (Ex. I, p. 2-3)  The court found:

> [T]hat all of the grounds raised by [Price] in this Rule 32
> [p]etition, (excluding ineffective assistance of counsel) are precluded
> as they were raised or addressed on appeal.  With regards to the
> issue/ground of ineffective assistance of appella[te] counsel the court
> finds that [Price] alleges that appella[te] was ineffective because he
> did not raise certain issues on appeal.  The issues [Price claims that
> appella[te] counsel did not raise on appeal were the same issues
> [Price] addressed in his [b]rief to the Court of Criminal Appeals and
> ruled on by the Court of Criminal Appeals.
>
> The court finds that there is no merit to [Price's] allegations in
> ineffective assistance of appella[te] counsel as the Court of Criminal
> Appeals has determined trial counsel was not ineffective, regarding
> the same issues.

(Ex. I, p. 2)

18. Price failed to appeal this ruling to the Alabama Court of Criminal
Appeals.

## D.    Federal Habeas Corpus Petition

19. Price filed his federal habeas corpus petition on March 13, 2006.

(Court's Order to Respond to Petition, p. 1)

## MEMORANDUM BRIEF

### I.    Federal Habeas Claim One -- Improper Influence of the Jury and Choosing of the Jury Foreman

20. Foreman's first federal habeas corpus claim from his petition is that the trial judge improperly influenced the jury by telling them there was not additional evidence to consider, by threatening them with jail if they did not make a decision, and by choosing the jury foreman. (Price's pet., p. 6; Price's brief in support of petition, p. 7)  The judge also "led trial throughout whole procedure in a[n] errorful manner." (Price's pet., p. 6)

### A.    Exhaustion and Procedural Default

21. First, Price's claim that the judge "led [the] trial throughout whole procedure in an errorful manner" is too general of a claim to warrant any relief. Rule 2(c)(2) of the Rules Governing § 2254 Cases requires that the habeas petition "state the facts supporting each ground."

> Under Rule 8(a), applicable to ordinary civil proceedings, a complaint need only provide "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  Habeas Corpus Rule 2(c) is more demanding.  It provides that the petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground."

23

Mayle v. Felix, 125 S.Ct. 2562, 2570 (2005). This vague claim does not warrant relief.

22. Second, Price's claim that the judge improperly influenced the jury by telling them there was not additional evidence to consider, by threatening them with jail if they did not make a decision, and by choosing the jury foreman (Price's pet., p. 6; Price's brief in support of pet., p. 7), was not properly exhausted in state court. Price did not raise an objection during the trial concerning the judge's instructions; nor, did he raise any objection to the selection of the jury foreman. Therefore, these issues were not properly presented to the state courts. See Brown v. State, 701 So. 2d 314, 319 (Ala. Crim. App. 1997) ("Since no objection was made as to any of [Price]'s arguments regarding the jury's instruction or reinstruction, none of the arguments has been preserved for appellate review."); Deramus v. State, 721 So. 2d 239, 242 & n.2 (Ala. Crim. App. 1997) (holding that defendant's objection on appeal that the trial court coerced the jury to a decision when it gave the Allen[8] charge was not preserved for review when no objection was raised when the instruction was given); see e.g., Edwards v. State, 515 So. 2d 86, 95-96 (Ala. Crim. App. 1987) (recognizing that objections to the composition of the jury, such as in this case that it was chosen in a racially discriminatory manner, must be raised in the trial court to be preserved for review).

---

[8] Allen v. United States, 162 U.S. 492 (1896).

23. Price further failed to exhaust these issues in state court because he did not raise them throughout the Alabama appellate courts on direct appeal.

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Smith v. Jones, 256 F.3d 1135, 1140-41 (11th Cir. 2001) (requiring presentation of claims to the Supreme Court of Alabama for discretionary review to exhaust the claims under O'Sullivan).

24. Price appeared to raise these issues in his Rule 32 petition (Ex. I, p. 100-16). The trial court, however, ruled that "all of the grounds raised by [Price] in this Rule 32 [p]etition, (excluding ineffective assistance of counsel) are precluded as they were raised or addressed on appeal." (Ex. I, p. 2) Price did not appeal this ruling from the trial court, and he did not exhaust these issues in state court during the Rule 32 proceeding because he failed to appeal the denial of the petition throughout the state appellate courts. See O'Sullivan, 526 U.S. at 845; Pruitt v. Jones, 348 F.3d 1355, 1359 (11th Cir. 2003) (holding that O'Sullivan applies to post-conviction remedies).

25. Price also would be precluded and procedurally defaulted from returning to state court in an attempt to litigate these claims in state court. The claims would

be precluded from post-conviction review by Rules 32.3 and 32.5 of the Alabama Rules of Criminal Procedure because Price could have raised these claims at trial and on direct appeal, but failed to do so. They are also precluded by Rule 32.2(c) of the Alabama Rules of Criminal Procedure because any petition filed from this point forward would be filed outside the one-year limitation period. The Supreme Court of Alabama issued its certificate of judgment on August 13, 2004; therefore, the period for filing a timely Rule 32 petition ended on August 15, 2005.[9] He also would be precluded by Rule 32.2(b), which bars successive petitions.

26. Price also cannot return to the state appellate courts to appeal the ruling of the trial court concerning his Rule 32 petition. Under Rule 4(b)(1) of the Alabama Rules of Appellate Procedure, he had 42 days from the denial of his petition to appeal the denial of the petition, but failed to do so.

> There is no dispute that this state court remedy . . . is no longer available to [Price]; the time for [pursuing such claims] has long passed ... Thus, [Price]'s failure to present [these] federal habeas claims to the [Alabama courts] in a timely fashion has resulted in a procedural default of those claims.

O'Sullivan, 526 U.S. at 848.

27. This Court should not review Price's issues from claim one because he failed to raise them throughout the Alabama courts. "[A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal

---

[9] August 13, 2005 fell on a Saturday.

claims has deprived the state courts of an opportunity to address those claims in the first instance." Coleman v. Thompson, 501 U.S. 722, 732 (1991). "[T]he federal court may foreclose [his] filing in state court; the exhaustion requirement and procedural default principles combine to mandate dismissal." Bailey, 172 F.3d at 1303.

28. The only way Price may overcome his procedural default to allow federal habeas review of the issues from claim one is to either demonstrate cause and actual prejudice to excuse the default or prove a fundamental miscarriage of justice requires review of his claims. See Coleman, 501 U.S. at 750; Smith, 256 F.3d at 1138. Price has not provided evidence to support either remedy for default. Price has not demonstrated why his issues from claim one could not have been raised at trial and throughout the Alabama appellate courts on direct appeal; further, he has not explained why he could not have appealed the denial of his Rule 32 petition, in which he appeared to raise these issues during post-conviction review. He argues in his brief in support of his habeas corpus that "[A] Rule 32 [petition] was filed and later denied, and the 'jailhouse' lawyer never appealed from that decision which also was an error in appellate procedures." (Price's brief in support of habeas pet., p. 7) Ineffective assistance of counsel may be grounds for cause to excuse procedural default. See Golston v. Attorney Gen. of Alabama, 947 F.2d 908, 911 (11th Cir. 1991). "Where no constitutional right to counsel

exists, however, ineffective assistance of counsel cannot constitute cause to excuse procedural default. The Supreme Court has never established a constitutional right to counsel for prisoners mounting collateral attacks upon their convictions." Id. (internal citations omitted). "Because [Price] had no constitutional right to counsel for the purpose of mounting a collateral attack upon his conviction therefore, his failure to timely [appeal the denial of] state post-conviction relief cannot be excused because of ineffective assistance of counsel." Id. Price also cannot claim that his ignorance of the procedural requirements to appeal his Rule 32 petition, because he is a *pro se* litigant, is sufficient cause to justify procedurally defaulting on these claims. See e.g., Harmon v. Burton, 894 F.2d 1268, 1274 (11th Cir. 1990) (holding that a litigant's *pro se* status was not sufficient cause for failing to raise a claim in state court).

20. Also, Price has not shown any fundamental miscarriage of justice would arise from failure to review these claims -- he has not alleged or proved that he is actually innocent of the crimes. See Schlup v. Delo, 513 U.S. 298, 324 (1995).

## II.    Federal Claim Two -- Ineffective Assistance of Trial And Appellate Counsel

### A.    Exhaustion and Procedural Default

21. First, all issues concerning ineffective assistance of appellate counsel remain unexhausted because Price failed to appeal the denial of his Rule 32 petition, where he raised issues of ineffective assistance of appellate counsel,

throughout the state appellate courts. See O'Sullivan, 526 U.S. at 845. Further,

Price would be barred from Rules 32.2(b) (preclusion of grounds raised in a

successive petition) and 32.2(c) (one year limitation period) from returning to state

court to litigate these claims again. He also would be barred from attempting to

appeal these issues, as the time for filing an appeal, under Rule 4(b)(1) of the

Alabama Rules of Appellate Procedure, has long passed. Therefore, he has

procedurally defaulted on his ineffective assistance of appellate counsel claims.

Coleman v. Thompson, 501 U.S. at 732. Because he cannot return to state court to

litigate these unexhausted claims, this Court should foreclose review. See Bailey,

172 F.3d at 1303. Finally, Price has not presented any compelling reason to excuse

the procedural default.

22. His issue concerning ineffective assistance of trial counsel because

"counsel did not instruct client on all stages of trial" (Price's pet., p. 6), see also

Brief in Support of Habeas Pet, p. 4, does not appear to have ever been raised in

the state courts and appellate courts and is unexhausted. See O'Sullivan, 526 U.S.

at 845; Bailey, 172 F.3d at 1303. This issue is also procedurally defaulted under

Rules 32.2(b), 32.2(c), and 32.2(d) of the Alabama Rules of Criminal Procedure,

and cannot now be raised in a post-conviction petition. Rule 32.2(d) specifically

mandates that ineffective assistance of counsel claims must be raised in a

petitioner's first Rule 32 petition and cannot be raised in a successive petition.

Again, Price has failed to demonstrate any reason to justify excusing the procedural default, and this claim should not be reviewed. See Bailey, 172 F.3d at 1303.

23. Price also argues for the first time in his habeas petition that counsel was ineffective for failing to get the indictment quashed on the grounds that it failed to contain the essential element of intent. (Price's habeas brief, p. 2) Price argued in the state court, on other grounds, that his indictment should have been quashed, but he appears to raise this issue for the first time in his habeas petition. Therefore, it remains unexhausted, because it was not presented in the trial court and pursued throughout the appellate courts. See O'Sullivan, 526 U.S. at 845; Bailey, 172 F.3d at 1303. Rule 32.2(b), 32.2(c), and 32.2(d) bars review of this claim in a state post-conviction petition, and Price cannot demonstrate sufficient cause for procedurally defaulting on this claim.

24. Price also argues that trial counsel was ineffective because he failed to have the indictment quashed because "modification of all three counts on one page (not three separate pages)" (Price's habeas brief, p. 2), also does not appear to have been specifically raised in state court to allow the courts a fair opportunity to rule on the claim, and appears to be unexhausted. It would be procedurally defaulted by Rules 32.2(b), (c), and (d) of the Alabama Rules of Criminal Procedure, and once again Price has not alleged any reason why this particular

claim could not have been raised in the trial in his Rule 32 petition, and pursued on appeal.

25. Price's claim that his counsel "did not reject the errors done by trial judge" (Price's habeas pet, p. 6) and "lawyer appointed never made no objections" (Price's habeas brief, p. 7) This claim is too general under Rule 2(c)(2) of the Rules Governing § 2254 Cases to warrant relief.

26. To the extent that this Court deems any of his habeas contentions concerning ineffective assistance of counsel to have been raised in state court in his Rule 32 petition, these issues would remain unexhausted because Price failed to appeal the denial of the Rule 32 petition throughout the appellate courts. See O'Sullivan, 526 U.S. at 845; Pruitt, 348 F.3d at 1359. He has not demonstrated why he could not have appealed the denial of his Rule 32 petition to justify his procedural default. Therefore, these claims are all defaulted and unexhausted, and should not be reviewed. See Bailey, 172 F.3d at 1303.

27. Also, although, Price raised issues of ineffective assistance of trial counsel on direct appeal in his *pro se* issues (Ex. C), this was not the proper manner to raise them; therefore, the appellate court correctly determined that under Anders v. California, no meritorious issues of ineffective assistance of counsel could have been raised on appeal. Price failed to raise any issues of ineffective assistance of counsel in the trial court. (Ex. A C. 56-73) Issues of ineffective

assistance of counsel cannot be raised for the first time on appeal. See Russell v. State, 739 So. 2d 58, 67 (Ala. Crim. App. 1999). Therefore, Price's first meaningful opportunity to raise the issue of ineffective assistance of trial counsel was in a Rule 32 petition. "[C]laims alleging ineffective assistance of trial counsel, may be raised for the first time in a timely filed Rule 32 petition." George v. State, 774 So. 2d 608, 609 (Ala. Crim. App. 2000). As argued in paragraph 26, Price, however, failed to exhaust these claims because he failed to appeal the denial of his Rule 32 petition.

### III.   Federal Claims Three And Four -- Conviction Obtained Through Void Indictment And Illegally Sentenced Under The Alabama Habitual Felony Offender Act

### A.    Failure To Raise A Federal Claim

28. Price's final claims are that he was illegally sentenced under the Alabama Habitual Felony Offender Act, and that his indictment was void because "the 3 counts of distribution and it was acted on as a manufacturing charge which illegally also charged him...." (Price's pet., p. 6) Neither of these claims, as argued, implicates a federal right. Federal habeas corpus review is limited to claims that arise from a violation of the United States's Constitution, laws, or treaties. 28 U.S.C. § 2241(c)(3) (West 2004). The United States Supreme Court reiterated in Estelle v. McGuire, 502 U.S. 62, 67-68 (1991):

> [This Court] ha[s] stated many times that "federal habeas corpus relief does not lie for errors of state law." Lewis v. Jeffers, 497 U.S. 764,

> 780, 110 S.Ct. 3092, 3102, 111 L.Ed.2d 606 (1990); see also Pulley v.
> Harris, 465 U.S. 37, 41, 104 S.Ct. 871, 874-75, 79 L.Ed.2d 29 (1984).
> Today, we reemphasize that it is not the province of a federal habeas
> court to reexamine state-court determinations on state-law questions.
> In conducting habeas review, a federal court is limited to deciding
> whether a conviction violated the Constitution, laws, or treaties of the
> United States. 28 U.S.C. § 2241 [West 2004]; Rose v. Hodges, 423
> U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975) (per curiam).

See also Nelson v. Estelle, 642 F.2d 903, 905 (5th Cir.[10] 1981) ("[F]ederal habeas

corpus is available only for the vindication of rights existing under federal law....")

Price's sentencing issue is a matter of state law under the Alabama Habitual Felony

Offender Act. His indictment issue is also not a proper matter before this Court.

"The sufficiency of a state indictment or information is not properly the subject of

federal habeas corpus relief unless the indictment or information is so deficient that

the convicting court is deprived of jurisdiction." Heath v. Jones, 674 So. 2d 841,

842 (11th Cir. 1982). The indictment sufficiently tracked the language of the

statute placed Price on notice of what to defend against. (Ex. A, C. 11)

## B.    Claims Remain Unexhausted, But Can Still Be Litigated In State Court

29. Further, these two claims have not been exhausted in state court, because

Price has not squarely presented them to the state trial and appellate courts. See

O'Sullivan, 526 U.S. at 845; Bailey, 172 F.3d at 1303. Further, Price is still able to

raise these claims in state court in a post-conviction petition, because such issues

---

[10] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc),
the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth
Circuit decided before October 7, 1981.

are jurisdictional.  See Warwick v. State, 843 So. 2d 832, 834 (Ala. Crim. App.

2002) (holding that issues involving an illegal sentence are jurisdictional and may

be raised at any time); Byrd v. State, 763 So. 2d 987, 989 (Ala. Crim. App. 2000)

(holding that issue that indictment is void is not waivable, because the issue is

jurisdictional); Grady v. State, 831 So. 2d 646, 648 (Ala. Crim. App. 2001)

(holding that jurisdictional issues are not subject to preclusion based on the

limitations period or the rule against successive petitions).

30. In the alternative, because Price can still return to state court and litigate

these claims his petition contains exhausted and unexhausted claims.

> Because a rule requiring exhaustion of all claims furthers the purposes
> underlying the habeas statute, we hold that a district court must
> dismiss such "mixed petitions," leaving the prisoner with the choice of
> returning to state court to exhaust his claims or of amending or
> resubmitting the habeas petition to present only exhausted claims to
> the district court.

Rose v. Lundy, 455 U.S. 509, 510 (1982).  The Supreme Court, in Rhines v.

Webber, 544 U.S. 269, 125 S.Ct. 1528, 1533-36 (2005), however, held that a

district court in its discretion may hold the federal petition in abeyance, in its

discretion, if it chooses to.  The Respondents, however, believe this is unnecessary

because these claims do not implicate federal rights.

## Federal Statute of Limitations

31.  The time between his direct appeal becoming final, and the filing of his federal habeas petition, absent the tolling provisions under Title 28 U.S.C. 2244(d)(2), was less than one year.  Price had approximately 13 days remaining to file his petition.

Respectfully submitted,

Troy King, ASB #KIN047
*Attorney General*
By-

Jean-Paul M. Chappell
*Assistant Attorney General*

35

# CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of May, 2006, I served a copy of the foregoing (excluding exhibits) on Price, by placing the same in the United States Mail, first class, postage prepaid and addressed as follows:

Kenneth Price
AIS# 150784
PO Box 767
Clayton, Alabama  36016-0767

Jean-Paul M. Chappell
Office of the Attorney General
Alabama State House
11 South Union
Montgomery, AL  36130-0152
Telephone: (334) 242-7300
Fax: (334) 242-2848

128019