Chappell
50962
8/22

In the Court of Criminal Appeals For
the State of Alabama

Kenny Price,
Appellant

vs.

Case No. CR-02-0947

State of Alabama,
Appelle

On Appeal From the Circuit
Court of Pike County, Alabama
Case No. CC02-134, CC02-136

__Appellant's Brief__

Kenneth Price
Kenneth Price, pro se
Donaldson Correctional Facility
100 Warrior Lane
Bessemer, Alabama
35023

EXHIBIT C

## Statement Regarding Oral Argument

The Appellant in this matter does not request Oral Argument.

Respectfully Submitted this the __1st__ day of August, 2003.

_Kenneth Price_
Kenneth Price, pro se
Donaldson Correctional Facility
100 Warrior Lane
Bessemer, Alabama 35023

i

# TABLE OF CONTENTS

Statement Regarding Oral Argument ............ i
Table of Contents ............................ ii
Table Of Authorities ......................... iii
Statement of the Case ........................ 1
Issues Presented For Review .................. 2
Statement of Facts ........................... 3
Argument ..................................... 4-10
Conclusion And Prayer For Relief ............. 11
Appendix, Afidavit ........................... 12
Certificate Of Service ....................... 13

# TABLE OF AUTHORITIES

Jones v. State, 392 So.2d 1271 (198) — 6

Strickland v. Washington, 466 U.S. 668 (1984) — 6

Dill v. State, 484 So.2d 491, (Ala.Cr.App. (1985) — 9

Horton v. Zant, 941 F.2d 1449 (1991) — 9

Weaver v. State, 401 So.2d 344 (1981) — 9

Ex parte Pilley, 789 So.2d 888, 894 (Ala. 2000) — 4

Ex parte Woodall, 730 So.2d 652 (Ala. 1998) — 4

Faircloth v. State, 471 So.2d 485 (1984) — 5

Ex parte Roberts, 735 So.2d 1270 (Ala. 1999) — 4

Amendments:

Fourth, Sixth, Eighth, and Fourteenth — 6

## Statement Of the Case

The Appellant, Kenneth Price was arrested April, 2001

Charged with, unlawfully Sell, Furnish, give away, Manufacture, diliver or distribute a Controlled Substance to-wit methamphetamine, in Violation of Section 13A-12-211 of the Code of Alabama.

Appellant Says he is Not guilty of the Charges

## ISSUES PRESENTED FOR REVIEW

1. Whether the Evidence was Insufficient to Support A Guilty Verdict And A Judgment of Guilty?

2. Whether the trial Attorney's Assistance were Ineffective when He Did Not Object to Wire or Electronic Communications or Subpoena Witness?

## Statement of Facts

The Appellant was charged in a three (3) count indictment, all three charges were the same word for word.

Appellant went for trial in November, 2002. Was found guilty by a jury on two (2) of the charges in the indictment.

The Court appointed, James Thomas, an attorney in Pike County, Alabama. He withdrew from the case after trial.

The Court appointed the Honorable Llooyd W. Carr to file a brief to this court. Mr. Carr, has at this time withdrew from the appeal.

Appellant has very little education or knowledge of the law, or how to write up a brief, but prays this Honorable Court will accept this.

Whether the Evidence was Insufficient to Support A Guilty Verdict And A Judgment Of Guilty

The Appellant in this case insist the evidence was insufficient to find and adudge the Appellant guilty of unlawfully sell, furnish, give away, manufacture, diliver or distribute a Controlled Substance to-wit Methamphetamine, in Violation of Section 13A-12-211 of the Code of Alabama.

The Supreme Court of Alabama has addressed Sufficiency of the evidence and how the Appellate Courts should deal with this issue. see Ex parte Pilley, 789 So.2d 888, 894 (Ala.2000) citing, Ex parte Woodall, 730 So.2d 652 (Ala.1998), a reviewing Court must review the entire record in determining the Sufficiency of the evidence. Ex parte Roberts, 735 So.2d 1270 (Ala.1999), informs that the weight and Credibility to be afforded evidence and witness is the Jury's job. The Appellate Courts must be Convinced the evidence is against the verdict before the Case Can be reversed or remanded.

In this case the evidence is so obvious to see, the verdict is decisive and wrong. The State's witnesses, informant, Angela Brock, were impeached at every turn, and Comitted perjury See, (R-97 through R-134.)

4

the informant signed a contract to work with the police on September 6th, 2001, R-58-59. then on September, she was arrested again on the 10th for drugs (4) four counts, on page R-115 she testified she did not mess with drugs.

the contention of the Appellant is that this statement alone is not sufficient to obtain a judgment of guilty, in fact there is not even enough evidence for the State to meet its prim facie case in this matter.

See, R-105, "First transaction" on page, R-155 the informant testified that the only person present was K.P. on R-156 the informant named (3) three other people who was at the first transaction, penny, peggy and K.P. It was never established who K.P. was. This was not proof beyond a reasonable doubt to find the Appellant guilty. A motion for judgment of acquittal due to just these facts should have been granted. The witness was discredited on every single element to which she testified.

Therefore the jury was clearly wrong in finding the Appellant guilty as charged. Therefore, this case must be Reversed and Rendered. See, <u>Faircloth v. State</u>, 471 So 2d 485 (Ala. Crim. App. 1984)

5

Whether, the Trial Attorney's Assistance were Ineffective When He Did Not Object to Wire or Electronic Communications or Subpoena Witness.

The Appellant is claiming he was deprived of effective assistance of counsel. That Appellant suffered prejudice as a result of the deficient performance. This claim comes under the United States Constitution, Sixth, Eighth, Fourth and the Fourteenth Amendments. And applicable State law. The attorney's advice was wrong on every point, which fell below an objective standard of reasonableness in a criminal case. See Strickland V. Washington, 466 U.S. 668, 80 L.Ed. 2d 693 (1984).

The Appellant will list the wrongs the trial appointed counsel refused to do, or did do that rendered his assistance ineffective:

1. The attorney did not bring the faulty warrants or the vague indictment to the Court's attention.
2. Did not object when the State witness said, See, R-106 - R-107, "that he felt like he had a good case against the Appellant." This statement was very prejudice, which caused the conviction in this case. See, Jones V. State, 392 So.2d 1291 (1980)

6

3. The attorney did not object to the name Kenny Price being on the indictment. The Appellant's name is Kenneth Price, and has never used the name "Kenny." See enclosed Affidavit.

4. The attorney did not challenge for cause a biassed prospective juror, who ended up as one of the jury members, that was a Correctional Officer.

5. Did not object, or challenge the illegally obtained evidence of tape-recordings and wiretappings with-out a warrant.

6. Did not object to unauthorized electronic surveillance, when permitted only with probable cause and with a warrant.

7. Did not object, and should have ask for a mistrial when, Bob Williamson said on R-52 "I felt like I had a good case" this was very prejudice to Appellant, this statement was poisoning the jury panel's minds and very prejudicial.

8. Filed a motion of discovery disclosure prematurely.

9. The attorney failed to raise the issue of probable cause this was also prejudicial.

10. The attorney failed to preserve several claims for appellate review.

11. Did not object to State's notice to proceed under the Habitual Felony Offender Act.

7

prejudice to the defense to the extent that

12. the trial Counsel should have made a motion for a mistrial when, Angela Brock comitted perjury. Her testimony was, "that she did not mess with drug's", had not been arrested since, September 6th, 2001, the record shows she was arrested on drug charges on September 10th, 2001.

13. trial Counsel did not investigate all avenues of defense. In fact this was his first trial before a jury, with no actual trial experience.

14. trial Counsel refused to subpoena witness who could have give testimony of allege drug sales on the day in Question. When in fact the Key witness gave testimony, that no other person but K.P. was present. Then the witness said two other people were present. trial Counsel did not object to this erroneous testimony. Which was very prejudice.

the record will show both that Counsel's performance was deficient and that caused prejudice to the defense to the extent that a different outcome of the trial probably would have resulted. But for Counsel's allegedly ineffective performance. See. Strickland v. Washington. 466 US. 668 (1984)

Effective representation consistent with the Sixth Amendment involves the independent duty to investigate and prepare Dill v. State. 484 So.2d. 491-497 (Ala. Cr. App. (1985)

Failure to investigate and failure to put on witnesses cannot be categorized as trial strategy. Horton v. Zant, 941 F.2d 1449 (1991) Counsel has a duty to exercise diligence in preparing a case for trial and in procuring the witnesses, Weaver v. State. 401 So.2d. 344 (1981)

The Appellant insist the trial Counsel's deficent performance constituted ineffective assistance. It is obvious from the record had it not been for the ineffective assistance that in all reasonable probability the outcome of the trial would have been different. Even if the Counsel had struck the Correctional Officer from the Jury the outcome would have been different.

The Appellant was deprived a fair trial under the Sixth and Fourteenth Amendment to the United States Constitution. Because the Counsel did not challenge the inadequate indictment that was clumsily and inartfully drawn, even had Appellant's name wrong. see enclosed Affidavit this case is due to be reversed.

9

Appellant insist this Honorable Court, in light of such a serious and severe sentence meted out against Appellant, must not and can not be flippant when it comes to the violations under the United States Constitution and the Alabama State Constitution. This Honorable Court has a Gate-Keeping obligation to confront the issues at Bar, and to the administration of Justice, and send a vigorous message to Pike County, Alabama that this Honorable Court will not condone, or tolerate such foolishness when it comes to sending a person to prison. It don't take a scientist or a pharmacokinetics expert to see why the prisons are over populated, to the extent they must send inmates to other State's to serve time.

Clearly, this Honorable Court can see that the Appellant's trial was no more than a mockery of Justice.

## Conclusion And Prayer For Relief

Appellant pray the Honorable Court will do the right thing. Take the Law Step and issue an order to the Pike County Circuit Court that they must obey the Law while enforcing the Laws of this great Land and in the administration of Justice. Appellant further insist the opinion of the Circuit Court is in conflict with sound and just reasoning as well as the spirit of the law. Appellant respectfully prays that this Honorable Court will reverse and render this cause for Constitutional Violations. Or grant any other relief to which he is entitled to by law and preservation of Justice.

Respectfully Submitted

*Kenneth Price*

Kenneth Price
Donaldson Correctional Facility
100 Warrior Lane
Bessemer, AL 35023

State of Alabama )
County of Jefferson )

Case No. CR-02-0947

## AFFIDAVIT

I, the undersigned, a Notary Public in and for said State and County, do hereby certify the Affiant whose name is signed to this affidavit acknowledged before me that the same is true and correct to the best of his belief, knowledge, and information.

That he is with sound and disposing mind, being more than twenty-one years of age, being informed of the contents, he executed the same voluntarily, under no threats, promises, or coercion. The Affiant hereby swears under penalty of perjury by his signature below the same is true and correct.

1. My true name is Not "Kenny" Price.
2. I, have never used the name "Kenny".
3. To my knowledge, prior to this case and conviction no one ever used "Kenny" in my name.
4. Everything in this Brief in the above case number is true and correct to the best of my knowledge.

Sworn and Subscribed to before me this 29 day of July 2003.

_James A. Beacham_
Notary Public

MY COMMISSION EXPIRES
SEPTEMBER 25, 2004

_Kenneth Price_
Affiant

19

CERTIFICATE OF SERVICE

## CERTIFICATE OF SERVICE

Criminal Appeal No. CR-02-0947

I hereby certify that I have this date served a true copy of the foregoing Brief upon the Attorney General for the State of Alabama by placing a copy of the same in the United States mail, properly addressed and postage prepaid on this 1st day of August 2003.

I hereby swear under penalty of perjury by my signature below the contents of this Brief is true and correct to the best of my knowledge and belief.

_Kenneth Price_