IN THE SUPREME COURT OF ALABAMA

KENNY PRICE
  APPELLANT,

VS.

STATE OF ALABAMA
  APPELLEE

CRIMINAL APPEAL NO.
CR02-0947

PETITION FOR CERTIORARI

Comes now the Appellant in the above styled cause and respectfully petitions this Honorable Court pursuant to Rule 39 of the Alabama Rules of Appellate Procedure for a Writ of Certiorari in this matter. Further, the Appellant respectfully moves, pursuant to Rule 39(K) of the Alabama Rules of Appellate Procedure, that this Honorable Court correct or amend the facts as stated in the Opinion of the Court of Criminal Appeals. As grounds therefor Appellant respectfully submits as follows:

1. The Court of Criminal Appeals erred in its conclusion that the evidence presented at

EXHIBIT 6

trial is sufficient to sustain Mr. Price's conviction. This conclusion is in conflict with the Published opinion of this Honorable Court in Ex parte Presley, 587 So.2d 1022 (Ala. 1991), which states " The burden of Proof, as that term is properly used, does not shift to the defendant. It remains on the State to prove every element of the offence charged in order to establish the defendants guilt beyond a reasonable doubt." Id. at 1025. To the extent that Friedman v. State, 654 So.2d 50 (Ala. Cr. App. 1994), is in conflict with the decision of this Honorable Court in Ex parte Presley, 587 So.2d 1022 (Ala. 1991), the former is due to be overruled.

Whether the Lower Court erred In Affirming the conviction when Appellant raised 14 issues on Ineffective Assistance of trial Counsel. Strickland vs. Washington 466 U.S. 668, 80 L. Ed. 2d 693,

WHEREFORE, Appellant respectfully Petitions This Honorable Court For a Writ of Certiorari in this matter.

Respectfully Submitted,

_____
Pro-Se
AIS# 150784

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .......... 1

INTRODUCTION .......... 2

ISSUE PRESENTED FOR REVIEW .......... 3

STATEMENT OF THE FACTS .......... 4

ARGUEMENT .......... 5

CONCLUSION .......... 6

CERTIFICATE OF SERVICE .......... 7

# TABLE OF AUTHORITIES

## CASES CITED

Ex parte Presley, 587 So. 2d 1022 (Ala. 1991) ...

Friedman v. STATE, 654 So. 2d 50 (Ala. Cr. App. 1994)...

Strickland v. Washington, 466 U.S. 668, 80 L. Ed. 2d 693 .....

Title III, Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. 2510 et seq. .....

Alderman v. United States, 394 U.S. 165 (1969) .....

(1)

# INTRODUCTION

This case presents a Petition for Writ of Certiorari. The Opinion of the Court of Criminal Appeals was released on November 21st, 2003. A copy of that Opinion is attached hereto as an exhibit.

The record on appeal consists of the Clerk's record, which will be referred to as "C" followed by a page number, and the reporter's transcript, which will be referred to as "R" followed by a page number. The appellee will be referred to as "The State" or "the prosecution". The appellant will be referred to as "The defendant" or "Mr. Price".

# Issue Presented For Review

The following issue is presented to this Court for review.

1. Whether the Court of Criminal Appeals erred in its conclusion that the trial counsel was effective in his performance.

<u>Statement Of The Facts Pursuant To Rule 39(K)
Of The Alabama Rules Of Appellate Procedure</u>

Mr. Price respectfully submits that the facts should reflect that the trial counsel performance was Ineffective.

## Arguement

Whether the Electronic Evesdroping was legally done, to obtain the tape recording that was used as evidence in the defendants trial.

Whether the trial Counsel was Ineffective in laying proper foundation to discredit informants testimoney.

After Trial, The Defendant was given evidence to show that the Informant was not a <u>reliable Informant</u>, and if trial Counsel had laid proper foundation, The Informant would not have been allowed to Testify. The Informant signed a contract (see copy attached as exhibit A) to work with the 12th Judicial Task Force on <u>Sept. 6th, 01</u>. Then on <u>Sept. 10th, 01</u>, (see copy attached as exhibit B) Just 4 days later, the Informant was arrested for (4) four Charges dealing with Illeagal drugs. (also see enclosed clipping from Newspaper as exhibit C) The Informant was charged with manufacturing methamphetamine (1st) first degree as well as possession of marijuana (2nd) second degree

5

Title III, Omnibus crime control and Safe Streets Act of 1968, 18 U.S.C. 2510 et seq. This comprehensive Federal statute makes unauthorized electronic surveillance a serious crime. The general rule under the statute is that offical eavesdropping and wiretappings are permitted only with probable cause and a warrant (order.) see. Alderman Vs. United States 394 U.S. 165 (1969)

Also, Title III includes an exclusionary rule, illegally intercepted communications may not be introduced as evidence in any trial or hearing. It applies to state courts as well as federal courts.

The Trial Counsel was ineffective by not laying proper foundation to exclude illegally obtained tape recordings by electronic Eavesdropping without first obtaining a warrant (order) see. Alderman Vs. United States, 394 U.S. 165 (1969)

Whether the Lower Court erred in it's ruleing on the defendant's motion filed on 1-30-03 (C-56-72) on electronic eavesdropping without a warrant (order)

2

The defendant repeatedly asked his lawyer to file a motion to suppress the illegally obtained evidence of tape recordings done by electronic eavesdropping without a warrant (order) see. Alderman vs. United States 394 U.S. 165 (1969)

When the defendants lawyer would not file a motion to suppress the illeagally obtained evidence, The defendant with little knowledge of preparing a motion, filed a motion for Judgement of Acquittal or in the alternative for new Trial or arrest of Judgement on 1-30-03 (C-56-72) The defendant's motion was denied.

3

## Conclusion

Based upon the foregoing considerations, the defendant respectfully submits that the judgment of the trial court, his conviction should be reversed.

Respectfully Submitted
Kenny Price  150784
Pro-Se
100 Warrior Lane
Bessemer Alabama
                35023

(6)

IN THE SUPREME COURT OF Alabama

Kenny Price
    Defendant
vs.

State of Alabama

CRIMINAL APPEAL,
NO. Cr. 02-0947

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing Brief upon the Attorney General for the State of Alabama by placing a copy of the same in the United States Mail, properly addressed and postage prepaid on this 26 day of Dec. 2003.

*Kenneth Price*
Kenny Price 150784
Pro-SE
Defendant

Served on,
Attorney General
Alabama State House
11 S. Union Street
Montgomery, Alabama 36130

7.

# Court of Criminal Appeals

State of Alabama
Judicial Building, 300 Dexter Avenue
P. O. Box 301555
Montgomery, AL 36130-1555

Exhibit E

H.W."BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges


RELEASED NOV 21 2003 CLERK ALA COURT CRIMINAL APPEALS

Lane W. Mann
Clerk
Wanda K. Ivey
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

**MEMORANDUM**

CR-02-0947                    Pike Circuit Court CC-02-0134 & -0136

Kenny Price v. State

McMILLAN, Presiding Judge.

The appellant was found guilty of two counts of unlawful distribution of a controlled substance. The trial court sentenced him, as a habitual offender with five prior felony convictions, to two consecutive terms of 25 years' imprisonment. The court also suspended his driving privileges and ordered him to pay a $1,000 demand reduction fee, a $100 forensic fee, a $50 crime victims assessment, court costs and attorney fees.

The appellant, pro se, filed written notice of appeal. His trial counsel was permitted to withdraw, and a new counsel was appointed for appeal. The appellate counsel has filed a brief in substantial compliance with Anders v. California, 386 U.S. 738 (1967), in which he states that he believes that this appeal is without merit. The appellant has submitted two

1

issues for this court's consideration: whether the evidence was sufficient to support the guilty verdict and whether his trial counsel was ineffective, based upon fourteen alleged "wrongs."

A review of the record reveals that both of the appellant's claims are without merit and that there is no other issue which warrants review on appeal. Therefore, the judgment of the trial court is affirmed.

AFFIRMED.

Cobb, Baschab, Shaw, and Wise, JJ., concur.

```
NAME: BROCK ANG                           DIV:      COU: 00 STATEWIDE
-----------------------------------------------------------------------------
                                          S              S R C CADATE/ Y
INDEX NAME          CO/CASE NUMBER   JID CHARGE/RNDX T BIRTH DT X C A TRL/PTY O
-----------------------------------------------------------------------------
BROCK ANGELA        02CV198100017500     D BANTA        NOT LIST
BROCK ANGELA        52CV199900094100 SEH D/CSX        C NOT LIST       W 10212002
BROCK ANGELA DAWN   29TR199600033600 TPS SPEED        S 05181976 F W G 02151996
BROCK ANGELA DAWN   29TR199600264200 TPS SPEED        S 05181976 F W G 08211996
BROCK ANGELA DWYN   75TR199700077500 JEH NO CHILD RES S 01231973 F W G 09041997
BROCK ANGELA DWYN   75TR199700077600 JEH NO SEAT BELT I 01231973 F W D 09041997
BROCK ANGELA G      52DR200100041400 SWB D/BROCK JERR C 06031956 F W P 06222001
BROCK ANGELA JOAN   41DR198200037200     DIVORCE        NOT LIST
BROCK ANGELA JOAN   41DR198200037201 JET CONTEMPT    C NOT LIST       B 09221997
BROCK ANGELA MARI   24DC200100032400 WRK USE/POSS DRU A 07131971 F W   09102001 X
BROCK ANGELA MARI   24DC200100032500 WRK POSS CONTR. A 07131971 F W   09102001 X
BROCK ANGELA MARI   24DC200100032600 WRK POSS MARIJUA A 07131971 F W   09102001 X
BROCK ANGELA MARI   24DC200100033200 WRK POSS CONTR. A 07131971 M W   09102001 X
BROCK ANGELA MICH   25DR198700046900 FCF BROCK GILLIE   NOT LIST
-----------------------------------------------------------------------------
*** PRESS F11 TO SCROLL FORWARD ***
01=MNU 02=SDX 03=ACR 04=AVS 05=CLR 06=OCS 07=TRF 08=JUV 09=WAR 10=PHT 11=NXT
12=CSE 13=ALS 14=FES 15=DMV 16=NAB 17=PTY 18=ENF 19=SCR 20=OFF 23=CMS 24=HLP
DATE: 11/04/2002  TIME: 10:41:54  USER:A655       TERM:A655FRLY
```

Exhibit B

# Two arrested for making crystal meth

**FROM STAFF REPORTS**

The Pike and Dale County Sheriff's Departments executed a search warrant Thursday in the Tennille community at Route 1 Box 306, Brundidge, Ala., that resulted in two arrests.

According to information released by Pike County Sheriff Russell Thomas, Willie Lee Brock, 29, and Angela Dease Brock, 31, were arrested at their place of residence in connection with the search.

Both were charged with the manufacture of methamphetamine first degree and possession of marijuana second degree and


**Willie Brock**

taken to the Pike County Jail.

During the search, officers found crystal meth, marijuana, cash, two rifles, four handguns and chemicals and heating elements used to manufacture methamphetamine.

Law enforcement agencies involved with the search and arrests include the Pike County Sheriff's Department, the Dale County Sheriff's Department and the 12th Judicial Drug Task Force.

In an unrelated matter, Troy Police officers arrested William Richard Diamond Jr., 54,


**Angela Brock**

Thursday at approximately 7:30 p.m.

Information released by Chief Anthony Everage stated that Diamond was arrested and charged with two counts of the unlawful distribution of a controlled substance-methamphetamine on indictments handed down from the

**Diamond**

Pike County Grand Jury.

Diamond's arrest is a result of a drug investigation conducted by the 12th Judicial Circuit Drug Task Force over the past several months.

His bond was set at $10,000 in each case, totaling $20,000. Diamond was transported to the Troy City Jail where he was processed and transferred to the Pike County Jail.

Exhibit C