*113*

being biased against petitioner for his friend Senn and the trial court.

In U.S. V. Perkins,748 F2d 1519, (11th cir. 1984) the court rendered that "a new trial was required because juror lied during Vior-Dire about whether she new defendant and whether she had been involved in prior litigation of the case."

In this instant case, the trial court never asked Warner if he had been involved in the Grand Jury, so Warner righteously was not entitled to make response to that question, however Warner didn't inform the court that he was not a member of the Grand Jury, and allowed to be chosen as the petit jury fore-person, simply an act of underminding the Vior-dire process, and trial fairness.

In Burton V. Johnson, 948 F.2d 1150,1158-59 (10th. cir 1991) the court rendered that a new trial was required because a juror deliberately failed to disclose abusive family situation in case where defendant claimed she killed her husband to protect herself and children from abuse". In this instant case, the record and a due investigation would reveal that Warner deliberately withheld the fact that he was not a Grand Jury fore-person, and the fact that the court called Warner name out of forty eight potential jurors, introduced Warner as a fore-person of the Grand Jury in this case, and Warner winding up fore-person of the petit Jury over petitioner trial with contacts with the Senn's, as described above reflects a conspiracy to deliberately cause an arbitrary and capricious conviction against petitioner,and obstruct fair judicial process. The trial courts action during trial with respect to the above, in this Ground, certainly prejudiced petitioners trial proceeding with facts not entered as evidence, and was obvious, careless, and extremely persuasive actions on the jurors ,exposing the trial courts favoring prosecutions case against the petitioner. For the fore-going reasons, petitioner believes that a new trial is warranted.

D.   INSTANCE FOUR.

WHETHER THE DUTY OF THE JURY TO BE FAIR IMPARTIAL,AND RENDER THEIR VERDICT FROM THE EVIDENCE OF THIS CASE, WAS IMPAIRED BY EXTRENOUS,EXTRA RECORD INFORMATION INFLUENCED UPON THE JURY DURING THE COURSE OF TRIAL

cont-13

INSTANCE (IV)

As petitioner described above, the states Key witness,
Angela Brock, and the case agent, Bob Williamson, injected
into petitioners trial proceeding that the petitioner was
"cooking " methamphetamine in his microwave, and had
chemicals in his home, used to make methamphetamine.
(R-52; R-124.)

Further, the trial court allowed the informant, Angela
Brock, to read and give her testimony from notes she had
written the night before trial; of which notes were to
have reflected conversations between Brock and petitioner
during drug transactions (R-109,Ln:19,R-110,Ln:11). OF
which tape recordings were examined during the course of
trial except for the tape recording reflecting the alleged
drug transactions on the 20th,of which the trial court
allowed the jury to examine during deliberations.

As petitioner demonstrates in Ground III above, the tapes
recordings do not reflect any drug transactions, but the
notes Brock was allowed to read and answer from, allege
such and there is no evidence on tapes, nor by police,
that the petitioner was "cooking" methamphetamine, nor
selling methamphetamine, as the informant declared under
oath that the tape recordings did reflect such. (R-109-110).

Rule 612.(b) Ala.R.Evidence , provides a procedure
which must be taken rather Evidentiary hearing, or in
camera inspection, to assure that notes , etc. relate to
the subject matter of the testimony,and if the procedure(s)
are not complied with , the court must strike the testimony ,
or dismiss the indictment or declaring mistrial.

These notes in this case, were permitted without any
such procedure,upon demand of the trial court, and over
objection of the defense. (R-109,Ln:19,R-110,Ln:11) and
later claimed by the court as ,notes needed as the witness
possessed insufficient recollection.(R-106,Ln:8-R-107,
Ln:10)

However, not to exclude that the notes are illegal, in
all respects (Ground 2) but as the petitioner describes above,
and demonstrates in ground.3.. , the witness made the notes
from tapes the night before trial which tapes were to
reflect what occured at the time of the crimes petitioner
was accused of, a year previous. (R-105,106; R-130).

The notes however, allege drug deals between the witness
and petitioners cooking/or drying out methamphetamine, which

which the tapes simply do not reflect.

Basically, in the eyes of "Presumptions of prejudice" Remmer id., V. Brooks id., These notes were used as evidence to convience the jury to convict petitioner of a crime(s) which the tape recordings are alleged to, but simply do not even begin to reflect. (Ground three)

Thus, in conjunction with the testimony of the agent, Williamson, that he seen chemicals in petitioners house but did not make an arrest, and which is demonstrated in (Ground.4..) is simply not true, prejudice is overwhelming to have placed before the jury such facts of a Meth lab, and testimony of notes which exaggerates the truth.

Thus the only evidence (notes) against petitioner, was highly prejudicial extraneous material exposed to the jury to cause a conviction by underminding the adversarial process, with facts which do/did not exist,and evidence not admitted into evidence at trial.U.S. V. Harber, id. and herefore warrants a new trial, or in the alternative, a vacated conviction based on thus,and supporting insufficiency of the evidence (Ground 3 ), as well as conflicting evidence as demonstrated above having influenced the verdict.

E.   **Instance(V)**

During the course of petitioners trial, prosecution proposed Bob Williamson, to the jury as not only a Deputy Sheriff, but commander of the Twelth Judicial Task Force of Pike County Alabama,(R-36), and as the states "voice expert", to identify/ verify that the voice on the tapes made by him of alleged drug transactions, was the voice of the petitione. (R-84);(R-212).

As demonstrated in Ground III, officer Williamson, (here in after known as Williamson), could not possibly be able identify the male voice on the tapes as petitioners, and as demonstrated in Ground IV, Williamson, committed an act of perjury in making such an allegation,which was one of multiple instances of perjury.

Although the tape recordings do not reflect any drug transactions, or any violations of the law accused in this case, the petitioner was regardless, convicted by the jury, obviously, by the above described influence etc. and in this instance, an officer proposed as an voice expert witness, who used his own position as a law enforcement officer to boast his own credibility (R-70,Ln:25,-R-71Ln:15).

Although Williamson was never declared an expert by the court, (R-233Ln:21...); (only Mike Benak,Forensic Scientist, R-135,Ln:16-R-37), Williamson testimony was never struck by the court or ordered by the court to be ignored as an expert voice witness, and therefore, the jury ,never knowning of petitioners incarceration at the time of the tape recordings were made, the jury was lead to believe that the male voice on those tapes were petitioners, indulging in mere common/casual conversations of various types, (Ground, 3,4, above)

Regardless, the weight of Williamsons official rank, vs. petitioners plea of not guilty , (R-39,Ln:1-24.). overwhelms petitioner as the jurors are more prone to believe an officer, especially an officer of whom asks the jury to consider his official capacity (R-70,Ln:25 ,-R-71,Ln:15.) over anything the defendant says.

Thus, above was an act of mere persuasion to make evidence what it is not. Certainly as the above described 1-4, instances were the only thing to have convicted petitioner, the fact that the jury did not know of the truth being hidden and exaggerated in this case, the above simply resulted in inherent prejudice and causing the undue conviction in this case, depriving petitioner of his due process,fair trial rights provided and guaranteed by the United States Constitution, (U.S. Const. Amend. 14,6.)

cont-1

## GROUND VII

PETITIONERS TRIAL AND SENTENCING PROCEEDINGS WAS
PREJUDICED BY MULTITUDINOUS INDICTMENT, AND USED AT
SENTENCING PHASE OF SAID, JOINED WITH MULTITUDINOUSLY
USED PRIOR CONVICTIONS, VIOLATED CONSTITUTIONAL GUARA-
NTEES AGAINST CRUEL AND UNUSUAL PUNISHMENTS.

## STATEMENT OF THE FACTS

(1) The March 2002 Grand Jury Term of Pike County Alabama,
returned an indictment against petitioner charging petitioner
with unlawful distribution of a controlled substance, in
violation of 13A-12-211 of the Alabama Code.
   Thus an indictment charging petitioner for a single
offense in three different counts.

(ii) This indictment was presented to the petit to decide
the petitioners innocence or Guilt, (R-4A..Ln:25,-R-7A.
Ln:23.)as to whether the petitioner did or did not sell a
controlled substance to a confidential informant, Angela
Brock,as alleged at trial on the 18th,19th,20th, of
September, of 2001.

(iii) Thus an indictment based on the same facts, agreements
and scheme and resulting in petitioners recieving two
twenty five year sentences to run consecutive.

(iv) In addition to the above, petitioners sentence was
improperly enhanced as having five prior convictions,
based on a plea agreement containing the five prior charges
which resulted in only one conviction.

-82-

mult.Ind.-

## SUMMARY OF RELEVANT FACTS

### CURRENT CHARGE

(v)  In regards to no(i) above, as described and demonstrated in Ground two above, Task Force Agent, Williamson (hence forth, "Williamson") provided confidential informant, Angela Brock, (hence forth "Brock") with fifty dollars in United States currency, instructing Brock to locate and purchase a "half" gram of methamphetamine, a controlled substance from petitioner .

Williamson, having affixed an eavesdropping device to Brocks person, and a transmitting device, in Brock truck, was tape recording alleged drug transactions between petitioner and Brock, via radio frequency and reciever divice from within the confines of petitioners home, alleged to have occured on the 18th,19th,and 20th, day of September,2001,

Brock was alleged to have returned after each said recorded visit to petitioners home, and provided williamson with one vial of methamphetamine, alleged to have been purchased by Brock from the petitioner, on said dates, where after, Williamson would then mark the methamphetamine, and tape recording for identification, analysis and evidence which resulted in said-indictment (i,above).

As described in Ground .3.. above, the alleged transaction which was to have occurred on the 19th, day of September, 2001identified by the trial court as cc-2001-135, was mistrialed but petitioners girlfriend identified as co-defendant,of which resulted in mistrial for petitioner, however the other two counts cc-2001-134,cc2001-136, petitioner was found guilty of and sentenced to two twenty five year sentences to run consecutively. (iii,above)

### SUMMARY OF FACTS
### PRIOR CHARGE.

(vi) In regards to (iv) above, petitioner was charged in 1988, with first degree sodomy, X-1 ; first degree sexual abuse,X3; and second degree sexual abuse. involving the same victim and on the same date.

Petitioner made plea with the court of guilty, resulting concurrent statis, and recieved one twelve year conviction, serving a five year sentence there on. (C-74-75.); (R-272,Ln:17,-R-283,Ln:9)

A.                    ISSUE PRESENTED AND ARGUMENT

WHETHER PETITIONERS INSTANT INDICTMENT WAS MULTIPLICIOUS
AND CREATED UNCONSTITUTIONAL PREJUDICE UPON PETITIONERS
             TRIAL AND SENTENCING PROCEEDING

_____

   As described above,(i) petitioner was accused and tried
under an indictment alleging a violation of 13A-12-211,
unlawful distribution of a controlled substance, of which
indictment specifically provides as follows:
   ....."The Grand Jury of said county charge that before
the finding of this indictment that,
              KENNY PRICE
   Who's name is to the Grand Jury otherwise known,
Did unlawfully sell, furnish,give away, manufacture,
deliver or distribute a controlled substance, to wit:
Methamphetamine, in violation of section 13A-12-211,of the
Alabama Code, against the peace and dignity of State of
Alabama;and,

              OFFENSE TWO
     same; and,

              OFFENSE THREE
     same).

   See indictment, (C-11.)

   Thus, an indictment alleged a single offense in three
courts, and does not state the precise date, etc., at which,
or on which of the offenses is alleged to have been committed
,as demonstrated below, was a material ingredient of the
offense(s) alleged against petitioner.


   Indictment charging a single offense in different counts
are multiplicious, see: U.S. V. Powell, 894,F2d 895,897,
-98(7th cir. 1990) noting that "Indictment charging
conspiracy to distribute cocaine and methamphetamine as
two separate counts multiplicious because each count based
on same facts and arreement. "see also, U.S. V. Corona,
108 F3d 565,573-74(5th. cir 1997).
   In this instant case, as described above, (v.above),
petitioner was alleged to have sold, Brock, a half Gram.
of methamphetamine, being purchased by Brock, with funds
($50.00) provided by Williamson, of which purchase, or
transactions were being recorded, and drugs purchased by
Brock were provided to Williamson on each occasion.(ii.,above)

-84-

mult.Ind.3

However, the indictment in this cause simply does not refer to any material time, place, or date, yet alleges only that petitioner is charged with three counts of the same offense.

Certainly, multiplicious on its face as it would require proof of identical facts.

The court in U.S. V. HandaKas, 286 F3d 92,98(2nd cir. 2002) recognized that "Indictments listing two counts, each charging tax evasion scheme over distinct one year period, was multiplicious when both periods were part of the same scheme violating statutory provisions".

In this instant case, again, the indictment in this case does not allege a specific date for either count alleged, however as described above, and as record will reflect, (ii,v,above) Williamson and Brock, performed the same exact method of allegedly obtaining evidence during the course of three adjoining days, during the same investigation, and there by subjecting petitioner to allegedly participate in a continuing scheme created by Williamson to ensure petitioner into selling a narcotic.

Although the date's may be distant of three adjoining days,it was certainly not alleged in the indictment, and part of a continuing unlawful scheme created by law-enforcement officer Williamson, as described above and in Ground Two above.

Further, recognizing another important factor, the court in U.S. V. Dixon, 273 F3d 636,642 (5th.cir.2001) render that , "Two Robbery counts in the same indictment was not multiplicious when each count refers to different victims,"

In this instant case, the indictment does not allege a victim,however, as described above (v.) and the record will reflect (ii,above), that Brock would be the "victim" on each said occasion, who allegedly purchased a controlled substance from petitioner, and thus a case based on a multiplicious indictment,

-85-

Mult.Ind.4

The U.S. Supreme Court in, U.S. V. Blockburger,284 U.S.299,304 (1932) held,that,"Double Jeopardy Bars subsequent prosecutions for a single act unless the act can be prosecuted and punished under different statutory provisions that require proof of different elements.

In this instant case, petitioner specially demonstrates above, that the indictment alleges a single violation of 13A-12-211,Code of Ala, in three counts(c-11);(i.above) of which offenses require proof of identical facts,(ii,above) of which facts petitioner demonstrates above (v. above) and no other required proof was available to prosecute this case , and thus herefore , petitioner being tried under said indictment (i,above) was in violation of the constitutional Double Jeopardy provisions.

In a similar case as thus, U.S. V. Elliot, 849, F2d 886, 890 (4th. cir.1988), the court rendered that "Although multiple acts of physical delivery of a controlled substance technically distinct, because they occurred essentially at the same time, same place, and involved the same participants, must be considered a single offense under statute prohibiting participation in any aspect of distribution chain."

In this instant case, petitioner was accused under the unlawful distribution of a controlled substance statute of the Alabama Code (i, above) again which was alleged to have occurred essentially at the same time,(technically distinct, U.S. V. HandaKas, id.) at the same place, and involved the same participants, Powell,id. Corona,id. (v.above) and must have been tried as a single offense.

Further, The courts in U.S. V. Dixon, 921 F2d.194 196 (8th.cir. 1990) rendered that a multiplicious indictment charging two contemptuous counts of possession of cocaine could have suggested to the jury that the defendant commited more than one crime."

In this instant case, there is no doubt, as described above (ii,iii), the trial record will reflect that the petitioner jury was persuaded by the petitioners said indictment (i, above) that the petitioner committed more than one offense .

In fact, as described in Ground.6.. above prosecutor

of this case, Mr. Jerell, supplants this thought in the juries minds in opening arguments, that petitioner alleged actions allege a co-defendant, cumulation of extraneous exposure used to create prejudicial display of more than one offence.

Certainly, thus , in cumulation with the multiplicious in the petitioners indictment indictment  creating a substantial impact on two of the three alleged offence's of which neither of the three counts were supported by any evidence in this case. (Ground three).


The court in U.S. V. Brandon,17 F3d 409, 422(1st cir.1994) points out that "a Multiplicious indictment violates double jeopardy clause, because it raises danger that the defendant will recieve more than one sentence for a single crime".

In this instant case, petitioner believes he has above demonstrated a concise demonstration of facts that petitioners constitutional Double jeopardy provisional guarantee have been wrongfully trampled by the state, and its multiplicious indictment against petitioner .

And there is no doubt that the resulting danger of said multiplicious indictment caused the petitioner to recieve two twenty five consecutive sentences for one alleged offense. Final, The Supreme Court of the United States held that the proper way to remedy a multiplicious conviction is to vacate all but one conviction. see Ball V. U.S. 856,864-65(1985)


Herefore, for the afore-demonstrated reason, petitioners twin court of cc-134,or cc-136, is due to be vacated and existing only one said, conviction; or with respects the entirety of demonstrated violations demonstrated in all other Grounds hereto, a vacated conviction on both said counts, are warranted.

Mult.Ind.6

*123*

## B. WHETHER CONSTITUTIONAL DOUBLE JEOPARDY PROVISIONS WERE VIOLATED BY USE OF MULTIPLICIOUSLY USED PRIOR CONVICTION AT SENTENCING ENHANCING

Petitioner contends that his sentence was improperly enhanced as having five prior convictions, when five 1988 charges, resulted in only one twelve year conviction based on a guilty plea agreement. (vi,above)

Thus objected to at sentencing by Thomas, (Trial counsel) as having only one case number, and should be consider * one conviction. (R-277;Ln: 23)

(1.) The state contends that petitioner 1988 Guilty Plea Conviction contained 1, First degree sodomy offense, (class A Felony);3, First degree Sexual Abuse offense, (class,C.Felony); 1, second degree Sexual Abuse offense. (class,A misdemeaner or)and therefore even though this case was consolidated into one 12-year conviction, petitioner should be class as having five prior conviction, for the purpose of habitual offender status.

(ii) Thus petitioner believes that he was graciously sentenced to two 25-year sentences to run consecutively, pursuant to the status of 13A-5-9,(C),(2), which specifically provides as follows: ...."(c) In all cases where it is shown that a criminal defendant has been previously convicted of any three felonies and after such convictions has committed another Felony he must be punished as follows.... On a conviction of a Class B Felony he must be punished for life in the penitentiary.

(iii) Petitioner in this case, was facing sentencing under two above described multiplicitious class B Felony ; constitutional due to be considered as one felony,(A above)

mult. Ind.7

(iv) In Burgess V. State, 412 SO2d. 299 (Ala.Crim.App. 1982)
"the court held that , Seven Guilty pleas in one trial
considered one conviction under 13A-5-9, a conviction
must be used to enchance punishment only when it is followed
by commission of another felony.
    Where a defendant commits no offenses after any of his
seven guilty pleas, separately received in one trial,
the court misapplies this section in considering each guilty
plea a conviction that can be used to enhance punishment,"
    In this instant case, as demonstrated above, (B.(i) above)
(summary of facts; Prior charge ,VI,above) petitioner
made Five guilty pleas separately received in one trial,
thus petitioner as well receiving only one 12-year conviction
there from, identified as CC88-076, Pike Co. Ala.which
involved the same victim, and on the same date.
    Thus, a conviction as so identified in presentence report.
(C-98-page: seven.) Reflecting, one conviction. (1(v),above)


(v)  As objected to at sentencing (B.above) Petitioner
respectfully disagrees with said conviction; being considered
as Five priors, when only one prior conviction exits (iv.above)
    Petitioner received two twenty five year consecutive
sentences for two of the three offenses alleged against
petitioner (iii,above)
    Thus, of which petitioner believes he was sentence under
-the Habitual Offenders Act.13A-5-9,(c)(2) which provides:
"In all cases when it is shown that criminal defendant has
been previously convicted of any three felonies after such
convictions has committed another felony, he must be
punished for life in penitentiary.
    Certainly as petitioner received two twenty five year
sentences would be most gracious, however, petitioners
contends that the habitual offenders act was misapplied
in respects of Bergess,id.
    The records reflect that petitioners prior conviction
status reflects one prior conviction (iv.above) which would
subject petitioner to the provisions of 13A -5-9.(a) (2)
which in pertinent part provides that after it is shown
that a criminal defendant has been previously convicted
of any felony ,and after such conviction has committed
another felony, he must be punished as follows:......
(2) On a conviction of a class B Felony, he must be
punished for class A Felony.

mult.8

thus, petitioner was convicted of a class B.Felony, unlawful distribution of a controlled substance. 13A-12-211(b);and

Thus, pursuant to 13A-5-6 (a) (i), would carry a sentence for " life or not more than 99 years or less than 10 years." with 1-prior conviction.

However, the provisions of 13A-5-4(a) also apply in petitioners sentencing status in question, which provides as follows:

"The particular classification of each Felony defined in this title, except murder under section 13A-6-2, is expressly designated in the chapter or article defining it. Any offenses defined outside this title which is declared by law to be a felony without specification of its classification or punishment , is punishable ad a class C felony."

In this instant case, petitioners indictment charges unlawful distribution of a controlled substance, and stipulates "METHAMPHETAMINE" as a controlled substance alleged to have been distributed. (C-37)

Thus, the indictment does not allege 13A-12-216, authorizing the provisions of Title 20-2-20,through 20-2-31,defining the classification of methamphetamine as a controlled substance offence in this case, and therefore the classification of the particular felony is not specifically defined in the sentencing scheme of 13A-12-231, nor invoked pursuant to 13A-12-216, by the state and herefore must be corrected that petitioner committed a class "C" felony, pursuant to the provisions of 13A-5-4(a) and

Thus, entitling petitioner to the sentencing provisions of 13A-5-9,(a)(1),providing inpertinent part that "On a conviction of a class"c" felony , he must be punished for a class "B" felony and thus, pursuant to 13A-5-6,(a)(2), provides a sentence for a class "B" felony to " not more than 20-years or less than 2 years".

For the afore mentioned reasons, to calculate petitioners as having five prior convictions would result in a multiplicious sentence enhancement, and thereby cruel and unusual punishment under the 8th, amendment of the United States Constitution, to receive a harsher sentence than what the law requires, as demonstrated above.

Further, the 14th, Amendment of the United States Constitution guarantees petitioner that he will receive equal protection of the law, and will not be denied life liberty, or property, without due process of the law.

For petitioners sentence to stand as is, would be to deny petitioner those rights, as petitioner is entitled, pursuant to relevant above demonstrated laws(13A.).

Just as so demonstrated in Burgess (iv. above)id., to a sentence reduction, as having one prior felony, conviction, pursuant to 13A-5-9,(a)(1), Ala. Code 1975, with with respects to 13A-5-4,(a); 13A-5-6, (a)(2),Ala. Code 1975 as demonstrated above.

Herefore, Petitioner believes it is warranted to said reduction of sentence to reflect two to twenty years; Or in the alternative, due the above described violations and Grounds reflecting petitioners innocence, a vacated conviction, or reduce to minimum with time served.

## GROUND VIII

PETITIONER WAS DENIED HIS CONSTITUTIONAL RIGHT TO
EFFECTIVE REPRESENTATION BY COUNSEL BY VIRTUE OF HIS
COURT_APPOINTED TRIAL LAWYERS FAILURE TO ADEQUATELY
PREPARE AND SUBJECT THE PROSECUTIONS CASE TO MEANINGFUL
ADVERSARY TESTING AND PROTECT AND PRESERVE PETITIONERS
DUE_PROCESS RIGHTS TO A FULL AND FAIR APPELLATE REVIEW.

A.) The action taken by trial counsel was insufficient to
amount to effective representation of counsel.

1.) Action of counsel outlined.

A review of the Judgment Roll and complete court record
in this matter, reveals that Mr. James Norman Thomas,
took the following action on behalf of his client,
this petitioner.

(i) April, 15th, 2002, Attorney, James Norman Thomas,
(Henceforth" Thomas") was appointed by the trial court to
represent petitioner under indigent status.(C-95).

(ii) April, 18th,2002,Thomas moved for waiver of
arraignment,and entering a plea of not Guilty(C-95)

(iii) April 19th,2002, Thomas moved for discovery.(C-21)

(iv) April, 19th.2002,Thomas moved for State to Reveal
identity of confidential informant.(C-26).

(v) August 26th,2002, Thomas OBJECTED TO INTRODUCTION OF
certificate of analysis and moved to show cause for cross
examination of expert witness, and motion in liminal or
in the alterative to strike or exclude evidence from the
record. (C-42).

(vi) November 7th,8th,2002, Thomas represented petitioner at
Jury trial (C-96).

(vii) November, 7th,8th,2002 Thomas moved the trial court
for judgment of acquittal based on insufficient evidence,
(R-171,Ln:11-25); (R-187,Ln:8-21)

(viii) February, 3rd,2003, Thomas represented petitioner
at sentencing,)R-271)

(ix) Febuary 26th,2003, Thomas moved to withdraw as
counsel of record due conflict (C-79); for transcript
order. (C-113)

I.C.!

## Pro-se Actions of petitioner

(x) Prior to Thomas February 26th, 2003, motion to withdrawl petitioner moved the trial court as follows:

(xi) January, 30th,2003, Petitioner moved the trial court for motion for judgement of Acquittal,Arrest of Judgement, or in the alternative a new trial, based on 4th,6th,and 14th, Amend. U.S. Const.violations, perjured testimony, and insufficient evidence.(c-98)

(xii) February,13 2003, Petitioner gave notice of appeal. (c-114)moved to proceed appeal under indigent status,(c_115)

(xiii) February 18th, 2003, petitioner moved the trial court for transcript order,(c-112)

(xiv) February 18th, 2003 petitioner moved the Appellate Court; to proceed appeal informa paupuris,(c_106); For appointment of Appellate Counsel under indigent status, (c-110); For appellate Bond,(c-107);and , Provided the appellate Court with Docketing statements. (c-111)

(B.)      ## PETITIONERS RIGHT TO COUNSEL

The sixth Amendment of the United States Constitution provides in pertinent part,"In all criminal prosecutions, the accused shall enjoy the right to have assistance of counsel for his defense."

### United States Constitutional Amendment VI.

The sixth Amendment (U.S. Const.)right to counsel in criminal proceedings, applies to states through the fourteen Amendment of the United States Constitution. U.S. Const. Am.14

### Gideon V. Wainwright, 372, U.S.335,342(1963)

The sixth amendment,(U.S. Const.) right to counsel guarantees effective assistance of counsel, McMann V. Richardson, 397U.S. 759, 771,n:17 (1970),and of which said rights apply to both a retained and appointed counsel, Cuyler V. Sullivan, 466 U.S. 335,344-45(1980).

The U.S.Supreme Court held in, Strickland V. Washington, 466 U.S. 688(1984), that " The purpose of effective assistance of counsel guarantee of the sixth amendment , is to ensure that the criminal defendant receives a fair trial. Id.at 689.

I.C.2

In this instant case, petitioner demonstrates herein and throughout each grounded issue alleged, that he was not accorded the effective representation of trial counsel as guaranteed by the sixth amendment of the United States constitution, as Thomas completely failed to allow the adversarial process,and due process work for his client, this petitioner.

As required by the two prong test of <u>Strickland, Id</u>. at 687-88, petitioner demonstrates a magnitude of instances extending throughout petitioners pretrial, trial and post trial proceedings, that

(1) Thomas's performance fell below an objective standard of reasonableness; and ,

(2) Prejudiced petitioners rights to a fair trial, due process, and appellate review; and

(3) When considering the benefit of hindsight,<u>Strickland Id.,at 689-90</u>, the trial record will reflect, in conjunction with exhibited documents hereto (for some instants) that the course of actions taken by Thomas, was clearly a knowing and intelligence act of negligence, and intentional abandonment of known, significant constitutional rights, requirements, procedures and processes, of which his client, this petitioner was entitled defense and preservation in the eyes of assuring his client, this petitioner due process and a fair trial, and for thus, petitioner asserts a sixth amendment violation of the right to effective representation of trial counsel. To wit as follow:

C.)          <u>ISSUE PRESENTED AND ARGUMENT</u>.

WHETHER PETITIONERS TRIAL COUNSEL WAS PREJUDICIALLY INEFFECTIVE FOR FAILING TO MOVE TO SUPPRESS EVIDENCE OBTAINED IN VIOLATION OF THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND RELEVANT LAWS PROHIBITING SUCH VIOLATIONS AND FOR FAILING AT ANY GIVEN TIME TO OBJECT TO THE ADMISSION OF SUCH EVIDENCE TO PRESERVE THE ISSUE FOR APPELLATE REVIEW.

<u>IN GROUND TWO ABOVE</u>, Petitioner demonstrates three separate instances where lawenforcment and a confidential informant, violated the petitioners 4th, Amendment (U.S. Const.) right to privacy, by entering into the petitioners private

I.C.3

home dwelling, with the intentions of obtaining evidence, and using a radio frequency eavesdropping device, to record information, hense,conversations,from within the confines of petitioners said home, without a warrant ,court order, or otherwise, without authorization,for the purposes of obtaining and using said as evidence in a Grand Jury proceeding to cause an indictment against petitioner; and using said as evidence in a petit jury criminal trial proceeding to cause a/the instant conviction against this petitioner.

2.) What counsel should have done on the basic of information known to him:
(a) File a motion to suppress all evidence obtained in violation of the 4th, Amendment of the United States Constitution, Title III, amnibus crime control and safe streets act of 1968, Title 18.U.S.C. subsection 2510 ,2515, chapter 119, and object to any of such said evidence being admitted against petitioner at Grand,or petit jury proceedings.

### Known to Thomas is the following information:

Thomas, upon being appointed to petitioner, Thomas moved the state for discovery (i,iii, above), specially requesting in pertinent part, "All records, documents,letters,and memoranda which were a basis of affidavits for search warrants for the named defendant, (C-21,-pg: 3,#9, K.see also pg:4,5.a-e.), Thus, a defense motion for discovery granted by the trial court,ordering the state to comply ,(C-28,#1, (f); #4.) with additional orders to both defense and state that any disagreements pertaining to such discoverable matter, are to be submitted to the court for resolution. (C-28-#5).
Thereafter, the states May 10th,2002, First response to defendants motion for discovery, merely advises defense in pertinent part "to obtain copies of the indictment; Dept. of Forensic Science Certificate of analysis; the date and location of the alleged distribution of controlled substances charged; and access to tape recordings alleging to verify distribution instants which are in the posession of case agent at the police dept. (C-32_3(5) 1-4and #6.) however, the prosecution never produced any requested records documents, letters, and memoranda which were a basis of affidavits for search warrants for the petitioner.

-96-

I.C.4

With such information, Thomas was then aware just by the state response (C-32,#(5),1-4.) that the privacy right of petitioner home (4th. Amend. U.S. Const.) may have been violated , not only by law-enforcement, but a confidential informant, and the use of obvious electronic surveillance. Title III, Omnibus Crime Control and Safe Street Act of 1968, Title 18.U.S.C. Subsection 2510-2522, Of chapter 119.

 Title IIIid., Title 18id., both mandating certain procedures
that both state and federal Law-enforcement/ investigative officers and authorized attorneys must comply by, and receive authorization for such type surveillance,T.18.U.S.C. subsections 2510(7),2516,2518. pursuant to a secured court order. T.18U.S.C.Subsection 2518,(1),(a). including assistance of citizens. T.18 U.S.C. .2511(2), (a) (ii).(i) Thomas, pursuant to rule 16.5 ,Ala.R. Crim. P.Relief For Noncompliance , 16(f), supra, should have motioned the court for an order for the state to produce any orders, warrants Lawful authorizations or etcetera, which were pertinent to invading the petitioners 4th. Amendment right to privacy and obtaining any evidence and/ or tape recordings during that/those periods of time described in the states response. (C-32,#(5),1-4).
 Certainly a matter defense was entitled pursuant to rule 16.1,(f), Ala. R.Crim.P. discovery under other provisions of law,as the states knowing use of "tape recordings", Hense,electronic surveillance,eaves dropping, the state must provide each party with application of law-enforcement and court order authorizing electronic surveillance, at least 10-days before the proceeding , Title .18 U.S.C. 2518(9); Further ,upon the expiration of any order authorizing said surveillance,or extension there to the court shall caused to be served on the persons named in said warrant/order, or application, and such other parties to intercepted communications, notice of (1) the fact of the entry of the order, or application, (2), the date of entry and period of authorized approved or disapproved interception, or the denial of the application, and (3) the fact that during the period wire, oral, or electronic communications were or not intercepted. T.18, U.S.C.2518 (8),(d).
 Thus, Laws and Constitutional provisions which petitioner is entitled upon demand . Brady V. Maryland,373 U.S. at 87-88 s.ct. at 1196-1197; Moore V. Illinois, 408 U.S. 786,92 s.ct. 2562, 33 Led.2d. 706(1972).
(ii) Thomas, should have moved the trial court pursuant to Rule 16.1.(c),Ala.R. Crim.P. Documents and Tangible Objects., to cause an order allowing counsel to obtain, inspect, and copy police files regarding warrants, orders authorizations, Affidavits etc. , which would show the electronic

I.C5

surveillance and invasion of petitioners right to privacy and any seizures as described above, was infact lawful.

(iii) Further, upon Thomas discovery that there were no said lawful aythorizations, Thomas should have filed a motion pursuant to Rule 15.6(a), Ala.Rules Crim. P Motion for pretrial determination of admissible of evidence,(a) unlaw search, For motion to suppress evidence obtained in violation of laws and constitution, id., and requested a hearing there on pursuant to rule 15.6(c) Hearing, that said evidence not be admissible in evidence at any further stage of the proceeding, Rule 15.6 (d) Ala. R. Crim. P.

Certainly, Thomas had significant grounds to move to suppress the illegally obtained evidence pursuant to Title 18.U.S.C. subsection 2518(10)(a),and Subsection 2515. Subsection 2515, of Title 18U.S.C. chapter 119, Governing title III, omnibus Crime Control and Safe Street act of 1968, provides that "Whenever any wire or oral communications has been intercepted, no part of the contents of such communications and no evidence during therefrom may be received in evidence in any trial, hearing or other proceeding in or before any court, grand jury, department , officer, agency,regulatory body, legislative committee, or other authority of the United States, a state, or political subdivision thereof if the disclosure of that information would be in violation of this chapter".

Thus, Exclusionairy rule applies to all Federal and State proceedings. T.18,U.S.C. Subsection 2515, chap.119. (Pub. 1. 90-351,Title III,  802,June 19th, 1968,82 Stat.216.)

In addition, the Supreme Court has limited standing to challege evidence obtained under Title III, to persons who's fourth Amendment rights have been Violated by the surveillance . Alderman V. U.S. 394 U.S.at 171-76 r.9., noting that "Title III, standing is almost but not completely, identical to standing under the fourth amendment. The fourth amendment exclusion rule may only be invoked in a criminal trial.

The Title III, exclusion rule may be invoked in any trial, hearing ,or proceeding in or before any court, department, officer, agency, regulatory body, or other authority of the U.S., a state , or political subdivision thereof, see 18.U.S.C.subsection 2518(10)(a); U.S. V. Calandra, 414 U.S. 338,349-50(1974).

Further thus, to bring such a challenge, one must have
been a party to the illegally intercepted conversation,
or the owner of the premises where the illegal interception
occured. Alderman, Id. at 394 U.S. 176-78;

Further providing that,...." The owner of the premises
where an illegal interception occurs has standing to
challenge a violation of Title III where he/she participated
in the illicitly monitored communications and where the
government seeks to use the monitored communications against
the owner as evidence at trial". Alderman, id at 176-80.

In this instant case, as supported by the trial record,
(R-56), it is the petitioners privately owned home which
was invaded, and where the illegal interception occurred
by use of an eavesdropping device,(T.18,U.S.C.subsection
2511,(1)(b)(i)(ii)(e),defines eavesdropping device used)
to use said against petitioner in a Grand and petit jury
proceeding/Trial proceeding.

Thus, action of a citizen,(confidential Informant) and
Law-enforcement officer, without any warrant, probably
cause, or otherwise any lawful authorization, that invaded
the petitioners 4th. amendment right to privacy, of
petitioners private dwelling, in violation of said Laws,
and constitution.

Certainly, the afore mentioned is more than standing it
execute the Fourth Amendment exclusionary rule; Title III
exclusionary rule, and significant grounds to exclude all
evidence obtained during the course of such said illicit
actions of eavesdropping, T.18,U.S.C. Subsection 2515.
chapter 119., and no action of such above described type
was taken by trial counsel, Thomas, to suppress such evidence,
as petitioner demonstrates in Ground two above, would
consist of as follows:

(a) Three animal blood vials of methamphetamine allegedly
    purchased from petitioner, during the course of the
    illicite eavesdropping instances.
(b) Three cassette tape recordings allegedly reflecting drug
    transactions of said vials of methamphetamine,during illicit
    eavesdropping.
(c) The Testimony of Confidential Informant describing drug
    transactions alleged to have occurred during the course
    of illicit eavesdropping instances.
(d) The Testimony of case agent describing his roll in, and
    alleged actions to have occurred during the course of the
    illicit eavesdropping instances, and proposed voice expert
    witness, to identify petitioners voice on the illegal tapes.

(e) Testimony of assisting officer Leslie Hussey, describing his roll in the alleged illicit eavesdropping instances.

(f) Testimony of Forensic Chemist Mike Benak, regarding analysis of the said vials of methamphetamine taken during the course of the illicit eavesdropping instances.

(g) Certificates of Analysis of drug Substance of drugs seized during the course of the illicit eavesdropping instances.

(h) Notes made from the illegal tapes the night before trial used to aid the confidential informants testimony, and allegedly describing drug transactions alleged to have occurred during the course of the illicit eavesdropping instances.

All of which said evidence the state had against petitioner and prohibited by <u>T.18U.S.C. Subsection 2515,Title III, exclusionary and the 4th. Amend. U.S.Const. exclusionary rule</u>, as described above, as to date, no warrants,orders, authorizations, etc. was ever produced, never sought by, Thomas, after his motion for discovery(C-21).

(1) The Trial and clerks record does not reflect Thomas ever having received, obtained, or further sought said authorization issued for eavesdropping, etc. nor does the record reflect Evidentiary hearing held regarding this matter nor contesting the legality of said evidence.

(2) Further, the record will reflect that Thomas did not object to the three vials of methamphetamine as states exhibits,1,2,3, (R-138,Ln:14,-R-142,Ln:25) nor did Thomas object to the testimony of any of the above described witnesses for such reasons as pertaining to illicit eaves-dropping instance.

(3) Thomas, objected to the admission of the tape recordings as states exhibit 7,8,9, on the grounds that prosecution did not lay proper foundation (R-151, Ln: 10-18) but never objected to said illegality of the tapes.

(4) Thomas moved to suppress said notes aiding the testimony of the C.I. informant, on the grounds that the notes were not made at the time of the alleged drug transactions but were made the night before trial from tapes (R-105, Ln:9,-R-107,Ln:21) but not on grounds of illegality .

(5) And even more devastating is that Thomas establishes through the testimony of the case agent, Bob Williamson,

I.C.8

that during the course of the time in question, he was not
even trying to obtain warrants, nor searching for probable
cause.(R-67Ln:1,-R-68Ln: 5) never moved on this or any
other occasion to challenge the legality of said evidence,
nor make the state produce said required and initially
requested authorizations, or etcetera;nor does counsel
move then, or thereafter, to suppress on the above
described Lawful, and appropriate constitutional grounds,eg.
   Northrop V. Trippett, 265F3d. 372,383(6th Cir.2001),
noting that "Counsels failure to seek suppression of only
evidence against defendant was ineffective assistance
because evidence was clearly obtained in violation of the
4th. Amend,U.S. Const."
   In this instant case, as petitioner demonstrates in Ground
two above, the above described evidence is the only evidence
against petitioner, and clearly in violation of the 4th.
Amendment of the United States Constitution,Title III,
and Title 18,U.S.C. chapter 119,as well as Article 2,
Subsection 13A-11-30-37,of the Alabama code,1975.
   Clearly deficient performance on part of Thomas, for
failing to suppress said evidence and beyond exceptions
to the benefit of hindsight, as Thomas initial pretrial
motion clearly shows necessity of affidavits, warrants,etc.,
even during the course of the trial, however, Thomas clearly
abandon such requirement(s) and prejudicing petitioner
by allowing the state to try, and convict petitioner with
the use of illegally obtained evidence, and clearly an action
of Thomas which deprived his client, this petitioner the
6th. amendment right to a fair trial. Strickland, Id. 687-89.
   Additionally, the Supreme Court in Kimmelman V.Morrison,
477U.S.365,385(1986) held that, A counsels failure to
conduct any pretrial discovery, and file timely suppression
motion,was prejudicial because unreasonable and below
pervailing professional norms".
   In this instant case, as described above, and supported
by the record of this cause, Thomas performance in this
instance was clearly prejudicial as described above,
Northrop,id.and clearly unreasonable and below prevailing
as Thomas had, but deliberately neglected several given
opportunities to obtain or request copies of affidavits,
warrants, orders, etc. permitting law enforcement to
perform said eavesdropping acts, and seize, secure, obtain etc.

I.C.

<u>PRO_SE ACTIONS OF PETITIONER.</u>

(x) Prior to Thomas February 26th,2003, motion to withdraw, petitioner moved the trial court as follows:

(xi) January,30th, 2003, petitioner moved the trial court for motion for Judgment of Acquittal, Arrest of judgment, or in the alternative a new trial, based on 4th,6th, and 14th, Amend U.S.Const. violations,prejured testimony, and insufficient evidence. (C-98)

(xii) February,13,2003, Petitioner gave notice of appeal. (C-114) moved to proceed appeal under indigent status , (C-115)

(xiii) February 18th,2003 Petitioner moved the trial court for transcript order, (C-112)

(xiv) February 18th, 2003, Petitioner moved the appellate court; to proceed appeal informal paupuris, (C-106);
For appointment of appellate Counsel under indigent status, (C-110);
For appellate Bond,(C-107);and ,
Provided the appellate Court with Docketing statement.(C-111)

B.)        PETITIONERS RIGHT TO COUNSEL

The sixth Amendment of the United States constitution provides in pertinent part, "In all criminal prosecutions the accused shall enjoy the right ...to have the assistance of counsel for his defense."
UNITED STATES CONSTITUTIONAL AMENDMENT VI.
The sixth Amendment (U.S. Const.) right to counsel in criminal proceedings, applies to states through the fourteenth amendment of the United States constitution. U.S. Const.Am.14

Gideon V. Wainwright, 372U.S. 335,342(1963)
The sixth amendment (U.S. Const.) right to counsel guarantees effective assistance of counsel, McMann V. richardson, 397 U.S. 759,771,Ln:17(1970),and of which said rights apply to both a retained and appointed counsel, Cuyler V.Sullivan, 466 U.S. 335,344-45(1980).
The U.S. Supreme Court held in, Strickland v. Washington, 466 U.S. 688(1984), that "The purpose of effective assistance of counsel guarantee of the sixth amendment, is to ensure that the criminal defendant receive a fair trial.Id. at 689.

-93-

I.C.2

137

any evidence from petitioners person or home, which given opportunities were placed in Thomas's lap, pretrial,and during trial, as demonstrated above.

Even more so prejudicial, and extremely unreasonable, is that Thomas failed to cause any kind of on the record motion, or objection, contesting the illegally obtained evidence, and at most, preserve the issue for appellate review, as would be required by contemporaneous objection rule, demonstrated in Turner V.Murray,476 U.S. 28,37(1987), and based on such an objection requirement, the Supreme Court in, Kimmelman, V. Morrison,477 U.S. 365,91 L.Ed. 2d. 305, 106 s.ct.2574(1968) explain that "An attorney who chooses to default a fourth Amendment claim, he also looses the opportunity to obtain direct review under the harmless error standard of, Chapman V. California, 386,U.S. 18,17 L.Ed.2d 705,875.s.ct.824(1967),which requires the state to prove that the defendant was not prejudiced by error... By defaulting, counsel shifts the burden to the defendant to prove that there exists a reasonable probability that, absent his attorneys incompetence, he would not have been convicted. Id.477 U.S.383 footnote 7. In this instant case--- with respects to the harmless error analysis, Chapman,id. petitioner does not believe that the state will be able to prove that petitioner was not prejudiced by said error, as petitioner demonstrates above, and in Ground Two, above, the said illegally obtained evidence is clearly in violation of the 4th, Amendment of the United States Constitution, Title III, omnibus Crime Control and safe streets act of 1968, Title 18 U.S.C. chapter 119,Article 2, subsection 13A-11-30,-37, of the Alabama Code 1975, and is further in violation of the requirements of rule 3.8, Ala. R. Crim. P.Ala. Code 1975,subsection 15-5-2, and Article 1, subsection 5, Alabama Constitution of 1901, as there was no probable cause offered,declared or presented , nor warrants, orders, authorizations or etcetera, ever sought nor issued, granted, etcetera which permitted the above described unlawful eavesdropping instances, invasion of petitioners privacy , or seizures of any alleged evidence there from, and there by, prohibited as evidence in any form of proceedings pursuant to relevant T.18.U.S.C. Subsection 2515, of chapter 119, id. Certainly prejudicial as all evidence against petitioner was obtained through such violations.

With respects to the Chapman id. requirement that
"defendant proves that there exists a reasonable
probability that, absent his attorneys incompetence, he
would not have been convicted. Id. 477 U.S.383 n.7.
    In this instant case, as described above, and in Ground
Two, above, the evidence complained of as being illegally
obtained, is the only evidence the state had against
this petitioner, had Thomas made proper and adequate
movements pretrial, to suppress the evidence due its
illegality, the case would not have even went to trial
as again, such was the only evidence the state had against
petitioner, certainly herefore, that more than reasonable
probabilities exit that absent Thomas's above described
failures, neglect, and/or incompetence, his client, this
petitioner would not have been tried, much less convicted,
and certainly prejudicial to petitioner, when considering
the prejudice prong of Strickland. id.
    Thus above described deficient performance of Thomas,
is obvious within the face and formats of record, and
clearly deprived his client, this petitioner, of his due
process opportunities, rights to a fair trial, effective
assistance of counsel, and right to appellate review
regarding this matter.
    And for the above described and demonstrated reasons
petitioner asserts a Sixth Amendment Violation of the
United States Constitution to effective representation of
counsel, and requests this case remanded for new trial,
or in the alternative, for the petitioners conviction
to be vacated as full considerations of the above cited
Grounds reflect petitioners innocence to the crimes
alleged

D.) ISSUE PRESENTED AND ARGUMENT

 WHETHER PETITIONER TRIAL COUNSEL WAS PREJUDICIALLY
  INEFFECTIVE FOR FAILING TO OBJECT TO, OR MOVE THE TRIAL
COURT FOR A MISTRIAL DUE PROSECUTIONS USE OF PERJURED
TESTIMONY, OR MOVE FOR ACQUITTAL ON SUCH GROUNDS

IN GROUND FOUR ABOVE, Petitioner demonstrates that multiple
instances of perjury were committed during petitioners
trial, by the confidential informant of this case,
Angela Brock, and law enforcement officer

Bob Williamson, Two critical witnesses for the state, of who said perjured testimony, resulted in being the only two ,"Pieces" of evidence which could have persuaded the jury to render a verdict of Guilty,against the petitioner.

Thus, multiple counts of perjury produced by the state and known by Thomas, (defense counsel) whom, failed to move the trial court for mistrial, or object upon the state intervention of defense attempt to introduce evidence, which would have proved the informant in atleast one instance of perjury.

Further, during the sentencing phase, upon receipt of a presentence report, Thomas refused to notify the court, and object to the fact that a states witness, law enforcement officer Bob Williamson, committed perjury by stating that petitioner committed an offence, on dates the petitioner was incarcerated, as reflected by the presentence report, and demonstrated in Ground Four above.

Further, Thomas failed to object and move the trial court for mistrial due such evidence exculpating petitioner, and said favorable evidence was product of Brady violation, or, to move for an acquittal on said Grounds, in conjunction with failing to make said movements at trial based on this witnesses pattern of additional instances of perjury.

3.) INFORMATION KNOWN BY THOMAS:
   (i)Criminal N.C.I.C.Printout status regarding petitioner available;

   (a)From Police Department, reflecting petitioner being arrested and incarcerated on September,19th 2001, on a harassment,domestic dispute charge;and,
   (b) same, from National Criminal information Center, of Alabama; and,
   (c) same is content of Presentence Report .(C-98-pg: 5 thereof)

(ii) Criminal N.C.I.C. Printout Status regarding Angela Brock,(confidential informant) available:
   (a) From Police Department,reflecting Angela Brock, being arrested on September, 10th, 2001, for possession of a controlled substance, contraband, marijuana, and drugs. (see exhibit#5.);and,
   (b) During trial proceeding. (R-122,Ln:15,-R-123, Ln:21)

4.) What Thomas should have done on the basis of information known by him.

(i) As demonstrated in Ground Four above, the said instances of perjury was simply to produce evidence against petitioner for the state, that as petitioner demonstrates in Ground Three above, simply does not exist, and thereby resulting in perjury testimony, being the only evidence against petitioner. Ground 3.

(ii) In one instance, petitioner demonstrates in Ground Four that prosecution deliberately excluded favorable evidence from discovery, which exclusion aided the informants perjured testimony, and upon Thomas's (defense counsel) attempt to produce the excluded evidence as defenses exhibit one, prosecution again, intervened and managed to keep said evidence out, with the assistance of the trial court. (see Ground Four,# 4,5,6.)

(iii) In another instance, petitioner demonstrates in Ground Four, that prosecution excluded exculpatory information simply to qualify Williamson as a voice expert witness, as well as aiding Brocks perjury testimony, and improperly used Williamson as an expert witness in closing arguments. (see Ground Four, #8)

5.) Further, not only does petitioner demonstrates in Ground four, that thus was infact known perjury testimony used by prosecution,fundamentally unfair to this petitioners due process right to a fair trial, or in any respect, but that such testimonies were prohibited by the supreme court, the constitution of the United States,and tainted petitioners trial with prejudice, and that most important, that had it not been for the exclusions of such evidence, or the perjured testimony, the outcome of the trial would have been substantially different.

(a) However, the demonstration of Ground Four, and the trial Record , reflects that thomas, failed to object to, or move the trial court for a mistrial,or move for acquittal on the grounds of the perjured testimony, in conjunction with insufficient evidence (Ground Three),or move for a mistrial on such Grounds during instances such as (4.(ii), above) or upon receipt of exculpatory information at sentencing, (#3. (i),(c), above), or otherwise, take any action to preserve said for appellate review.

I.C.13

6.) The Supreme Court in, U.S. V. Cornic, 466U.S. 659(1984.) held that "If counsel entirely fails to subject the prosecutions case to meaningful adversarial testing, the adversarial process becomes presumptively unreliable."

In this instant case, as demonstrated herein, Thomas took absolutely no actions as to diligently defend his client, this petitioners vital liberty interests, but rather abandoned every given opportunity available.

Certainly, performance of this nature rendered the adversarial process of petitioners trial, presumptively unreliable, and could only be considered, with respects to Strickland, Supra. an intentional, deliberate pattern of abandoning petitioners defense, and rights, and clearly deficient performance and beyond unreasonable, and below prevailing professional Norms.

Further, with respects to Strickland, Supra, it is perfectly obvious that the prejudice which resulted from Thomas said deficient performance, allowed the state to exclude exculpatory, favorable evidence, and try and convict the petitioner on the sale basic of multiple instances of perjured testimony; and never attempted to cause the preservation of thus said issue for appellate review.

In the eyes of "Hindsight", Strickland, Supra, it was not hard for Thomas, to determine how best to represent his client, this petitioner, as exculpatory evidence was known to, but abandoned by Thomas, and certainly, such reflects that Thomas completely failed to subject the prosecutions case to meaningful adversarial testing. Cronic, id.

And for the above described and demonstrated reasons, petitioner asserts a sixth Amendment Violation of the United States Constitution to effective representation of counsel, and requests this case remanded for new trial, or in the alternative, for the petitioners conviction to be vacated as full considerations of the above cited Grounds reflect petitioner innocence, to the crimes alleged.

-106-

I.C.14

E.     ISSUE PRESENTED AND ARGUMENT.

WHETHER PETITIONERS TRIAL COUNSEL WAS PREJUDICIALLY
INEFFECTIVE FOR FAILING TO ADEQUATELY INVESTIGATE
PETITIONER CASE, AND OBTAIN DISCOVERY FAVORABLY EXCULPATORY
FOR PETITIONER, AND TIMELY MOVE FOR ITS ADMISSION INTO
EVIDENCE, OR OTHERWISE OBJECT TO ANY UNFAVORABLE DENIALS
OF DISCOVERY OR ITS ADMISSION INTO EVIDENCE AT TRIAL.

1.) IN GROUND FIVE ABOVE, Petitioner demonstrates that
prosecution deliberately withheld potentially exculpatory
evidence which was demanded by defense counsel in decovery
specifically consisting of an N.C.I.C. printout regarding,
confidential informant, Angela Brock, having been arrested
on September 10th,2001, for possession of a controlled
substance,(exhibit.5..), just four days after signing
contract with Task Force agent to work off a controlled
substance charge; and eight days before Brock was alleged
to have bought a controlled substance from petitioner.

(a) First, there is no doubt that said document being
excluded by prosecution from discovery (A.(vi),(vii)(viii)
of Ground Five) was prejudicial to petitioner, as said
document resulted in an intentional pattern of prejury
(Ground Four above), of which resulted in being the only
evidence,critical in nature, against petitioner (Ground
Three above).

(b) Second, as petitioner demonstrates in Ground Five above
prosecution has a duty to disclose such material upon,
and as requested .(Ground Five ,D.)

(c) Thomas,(defense counsel),should have personally obtained
Brocks N.C.I.C. printout from the police department,
from National Criminal Information Center, or if need be ,
pursuant to RULE16,Ala.R.Crim.P.,and moved for its admission
at trial, pursuant to Rule 15.6 Ala.R.Crim. P..
     However, Thomas decided to wait until into the trial
proceeding, before obtaining said document (e,1.above),
from the trial clerks office, and then move for its
admission at trial as defense exhibit 1. which was
interviened by prosecution, and denied as such by the
trial court.
     (R-122,Ln:5,-R-123Ln:21.) there after, Thomas made no
argument , efforts, etc. for the admission of said document,
on the grounds of its exculpatory and or,favorable nature,
and being product of Brady violation (Ground Five)

or otherwise preserve thus, an issue for appellate review.

2.) IN GROUND FIVE ABOVE.petitioner demonstrates, that Thomas, moved the trial court for discovery order, For "all exculpatory material," which was granted by trial court. (Ground Five, A. (vi)(vii).)

(a) In the states response, the state lists several items given to defense for discovery, arguments there to, and list Felony and misdemeanor status which will be used under H.O.A. Act, to enhance petitioners sentence(Ground Five, a,(viii).) however, prosecution does not produce until sentencing report, an arrest report which reflects that petitioner was arrested and incarcerated on September 19th,2001,on a harassment charge during a domestic dispute of which date petitioner was alleged to have distributed a controlled substance to Brock(E,1 above.) on the date petitioner was incarcerated,and on the date petitioners voice was alleged to have been recorded,in a drug transaction with Brock, at the petitioners home. (GROUND THREE ABOVE).

(b) First, there should be no question, as described in Ground Five, that the exclusion of this document (E,2. above) from discovery was in bad faith of prosecution, as prosecution used the domestic instance during the course of trial, resulting in multiple instances of perjury by a Law-enforcement Officer. (Ground Four above.) of which resulted in conjunction with Brock (E,1 above) the only evidence , critical in nature, against petitioner. (Ground Three above)
    Certainly, not to exclude prosecutions duty (E,1,(b) above) but,this was obviously a deliberate act of prosecution excluding exculpatory evidence, when considering H.O.A. status response,and the presentence Report,(E,2,(a)above)

(c) Second, Thomas,using the same methods of discovery, (E,1,(c) above) should have obtained this document to protect the vital liberty interests of petitioner, and proved petitioner innocent of offenses alleged

3.)

(a) Thomas requested in discovery, pretrial, and in pertinent part, "Disclosure of any and all results, or reports, of physical or mental examinations, scientific tests or experiments," (C-21,#6.pg:1.);(C-21-#7,e.,pg.2,3,.); and (b)to include," Fingerprinting test results" (C-21#7.g., pg:3.)

(c.) The state requested petitioner be ordered available for Finger printing, Palm printing ,Foot printing, or voice printing. (C-32,B.(3).)

(d) The trial ordered petitioner so available for finger printing, voice printing .etc.(C-28,#2(c), pg:2.)

(e) Thus, prosecution never required petitioner to be finger palm,foot or voice printed in this case

(f) First, Thomas, using the same methods of discovery, (E,1.(c),above) should have cause as follows:

(g) That petitioner be fingerprinted, and include in the testings ofthe Dept. of Forensic Science, to see if petitioners fingerprints were on the three vials of methamphetamine alleged to have been sold to Brock, by petitioner, and handed over to officer Bob Williamson, who then placed the vials of methamphetamine in a sealed envelope, sent to the Dept. of forensic Science (R-43, -R-46).
  Thus, the only fingerprints on the plastic vials of methamphetamine then , should be petitioners,Angela Brocks, and Bob Williamson, (R-97-R-103),of course,if such allegations against petitioner were true .

(h) Second Thomas should have moved the court pursuant to rule 11.3(e),Ala.R. Crim.P. for provisions of voice example testing, to determine as to whether petitioners voice is that on the tape recordings identified as states Exhibit, 7,8,9(R-150,Ln:14,-R-151,Ln:18.) or other voice exemplar testing provisions which would otherwise be available.

4)  The court in <u>Toro V.Fairman, 940 F.2d 1065(7th. Cir. 1991)</u> held pursuant to Strickland, Supra, that "Defense Counsels failure to review police reports and Laboratory reports,can constitutes ineffective Assistance of counsel, but the defendant must establish that there exists a reasonable probability that the results of the proceedings would have been different."
(a) In this instant case, with respects to (E,1,2,above) petitioner demonstrates in ground five above, that these said documents were not only produce of Brady violations; but as well, that the exclusion of these documents resulted in aiding perjured testimony (Ground four above) which was essentially the only evidence against petitioner in this case.(Ground Three above)
(b) In E,2, above,petitioner was in jail at the time he was allegedly selling drugs, thus, the admission of this document would have exposed Law-enforcement Officer Bob Wiliamson, in multiple instances of perjury.and exposed petitioners innocence to the crimes alleged against him.

(c) Certainly, had Thomas obtained and reviewed these police reports pre-trial,this information were more prone to caused an acquittal, and the case would not have went to trial, much less, involved a conviction.

Further, had Thomas obtained said,and properly moved during trial for their admission,(E,1,(c),above) based on the exculpatory nature of the documents, and discovery, Brady, violations,certainly more than a reasonable probability existed that the result of the trial proceeding would have been different,as the documents would reflect that petitioner was not available to commit the alleged offense;was not the voice on the tape recordings; and was being targeted by a perjuring confidential informant trying to desperately meet her end of the deal with the Task Force and keep from going to prison, no matter what the cost.

5) With respects to Fingerprints, and voice exemplar testing (#E,3,(g) and (h) above) and, Toro,id., had Thomas moved the trial court to cause testing to be performed, and the results admitted into evidence,(when considering #E.4,(a)-(c)above), there is no doubt that the results of the proceeding would have been different, as the petitioners fingerprints could not possibly be on the vials of said narcotics, nor the petitioners voice on tapes:or, .... had Thomas cause said pre-trial, the case would have been acquitted,and a conviction would not be in question.

6) With respect to Strickland,Supra, this is clearly a case of constructive denial of counsel all together, and not a case where counsel was not aware of, or aware how to obtain said documents, or cause said testing.

Instead of Thomas diligently investigating petitioners case per-trial, regarding the above, when he was appointed to the petitioner,(A,1,(i),above) on April,15th, 2002, Thomas waited until seven months later, on November 8th, 2002,during the second day of petitioners trial (A,1,(vi), above) to obtain and make an effort to move to admitt N.C.I.C. printout as defense exhibit 1.(R-122,Ln: 5-R-123,Ln:21.) and failed to argue that said was being offered into evidence untimely due to prosecutions

negligence hence, Brady violation.(Ground Five above)

(b) Obvious in the face of the record, Thomas made absolutely no effort to obtain Petitioners Domestic dispute arrest record, which will reflect petitioner arrest to have occurred on the 19th, day of September,2001,during the course of the alleged drug transactions were to have occurred .(E.2,above).

(c) Further petitioner informed Thomas pre-trial, of the domestic incident,(exhibit, 3.), and Thomas failure to produce this information, at any stage of the proceeding cause heated arguments between Thomas and petitioner, which, finally erupted before the sentencing court (Ground ..9.. below);(R-271,Ln:7,-R-272,Ln:16.) and petitioner tried to place this information before the court pro—se. (R-286,Ln:2-16;R-287,Ln:12,-R-288,Ln:9), Thus, specifically in the face of the trial record, exposing Thomas,awareness of the document,at least at sentencing,and failed to move for mistrial,acquittal, or otherwise provide any defense to said exculpatory evidence at all, then or pre-trial.

C)   Again obvious in the face of the record of this cause, Thomas,movement for discovery (E,3 (a),(b),above) the courts order,(E,3(d)above), and the states response (E,3 (c),above), pre-trial, shows Thomas was aware of such defensive avenues, of finger,and voiceprint testing certainly significant avenues to execute and show his client,this petitioners innocence,or guilt to the charges alleged,however although this case shows that Thomas failed to take any available actions,to secure this,and any other avenues of defense, as demonstrated above, to protect the vital liberty interests of his client, this petitioner.

7.) In respect to Strickland,Supra, petitioner does not believe that there could possibly be an exception for Thomas, with the benefit of hindsight, as it was certainly not hard for Thomas to determine how best to represent his client, this petitioner, as exculpatory evidence was available, and known to,but simply abandon,and/or ignored by Thomas, as demonstrated above, and certainly detrimental to this petitioners due process rights, to a fair and effective assistance of counsel.Kimmelman V. Morrison, Supra, Strickland, Supar. U.S.Const.Amend. 6,14,

   Further, with respect to the two prong test of Strickland, supar, The above described actions not taken by Thomas pre-trial, during trial,or otherwise cause on record

-111-

objection and preserve said for appellate review, was clearly deficient performance and beyond unreasonable,and certainly below prevailing professional norms; as,

The prejudice which resulted from Thomas said performance was again, an intentional, deliberate pattern of abandoning a defense for his client, this petitioners innocence to the charges alleged,and prejudicing petitioner by allowing the state to successfully exclude exculpatory evidence, and try and convict petitioner on the sale basis of multiple instances of perjured testimony.

Thus, for the above described and demonstrated reasons petitioner asserts a sixth Amendment violation of the United States Constitution to the effective assistance of counsel, and request this case remanded for a new trial, or in the alternative, for the petitioners conviction to be vacated as full consideration of the above cited grounds reflect petitioners innocence to the crimes alleged .

F.    ISSUE PRESENTED AND ARGUMENT.

WHETHER PETITIONERS TRIAL COUNSEL WAS PREJUDICIALLY INEFFECTIVE FOR FAILING TO OBJECT AND OR REQUEST CURATIVE INSTRUCTIONS TO MULTIPLE INSTANCES OF EXTRANEOUS EXTRA RECORD INFORMATION,JUROR CONTACTS AND CONTAMINATION AND COERCIVE JURY INSTRUCTIONS, OR IN THE ALTERNATE MOVE THE TRIAL COURT FOR MISTRIAL.

IN GROUND SIX ABOVE, petitioner demonstrates a magnitude of instances, where extraneous extra record information was placed before the jury that related to false facts incriminating to petitioner which was not offered as evidence;where jurors were contaminated by hostile outside contact;and where the trial court coerced the jury into choosing a particular foreperson,and rendering a verdict of Guilty, all of which, subverted the Jury attention from performing their duty to examine only the evidence in the case, and rendering a verdict there on.

1.)  ISSUE PRESENT AND ARGUMENT.

WHETHER PETITIONERS TRIAL COUNSEL WAS PREJUDICIALLY INEFFECTIVE FOR FAILING TO OBJECT TO THE TRIAL COURTS COERCIVE ALLEN CHARGE.

148

IN GROUND SIX, A, ABOVE, Petitioner demonstrates an instance where the trial court exceeded the scope of an Allen charge, in abuse of discretion,as their duties, and rights, but rather coercing a guilty verdict,and a charge of such nature which was obviously directed to the jurors in favor of a not guilty verdict.

The eleventh circuit has held in,Hardin V.Davis,878 F.2d. 1341(11th. cir 1989), that "Trial counsels failure to object when district Judge directed verdict against defendant, constituted ineffective assistance of counsel per-se, and prejudice need not be shown."

In this instant case,as described above, trial court directed the verdict against this petitioner, resulting in its own prejudice to the petitioner,and the trial record does not reflect Thomas(defense counsel) ever having made an objection to said instructions, and preserved the issue for appellate review.

Thus, petitioner relying on the obvious prejudice resulting from the instructions/charge,(GROUND SIX A.)and Thomas failure to object, petitioner foregoes demonstration of prejudice resulting from said failure to object, and contents however, that said failure was objectively unreasonable and below prevailing professional norms, Strickland, Supra, and prejudicial pro-se. Hardin.id.

For the above described and demonstrated reasons, petitioner asserts a per-se, sixth amendment violation of the United States Constitution, to the effective assistance of counsel,and requests this case remanded for new trial, or the alternative, for the petitioners conviction to be vacated as full considerations of the above cited grounds reflects the petitioners innocence to the crimes alleged.

2.)    ISSUE PRESENTED AND ARGUMENT.

WHETHER PETITIONERS TRIAL COUNSEL WAS PREJUDICIALLY INEFFECTIVE IN FAILING TO OBJECT TO EXTRANEOUS EXTRA-RECORD INFORMATION AND MOVE FOR CURATIVE INSTRUCTIONS, OR FOR A MISTRIAL.

IN GROUND SIX B,C,A,D,ABOVE, petitioner demonstrates an instance where Prosecution and the court, exposed extraneous extra-record information to the jurors, which information extended throughout petitioners entire trial and expanding prejudicially greater in weight upon each exposure, resulting in effecting the verdict(s).

Thus, information alleging inflammatory facts to the jury which was not proven by the state or admitted into evidence

-113-

149

nor did the information pertain to the states burden of any of the elements of the alleged offense against petitioner, except to poison the juries minds,and increased petitioners propensity of committing the alleged offense;

Such information allege an accomplice, co-defendant, who's petitioners wife or, girlfriend, who faces one of the charges petitioner was mistakenly charged with, and manufacturing methamphetamine.

The court in Lyons,V.McCotter, 770F.2d 529(5th,cir.1985) held that "Trial counsel failure to object to highly inflammatory inadmissible evidence has no strategic value, and failure to request a limiting instruction constitutes ineffective assistance of counsel.

In this instant case, the information received by the jury, as described in GROUND SIX B, above, was no doubt highly prejudicial and inflammatory, and subjected petitioner to uncharged and unproven guilt, of drug schemes of which the state never proved petitioner guilty of. (GROUND THREE, above), and basically never existed .

IN GROUND SIX, D.ABOVE. Petitioner demonstrates that the said extraneous information turn from petitioner and his girlfriend, being co-defendants, to manufactures of methamphetamine .

Thus, just as inflammatory as petitioner demonstrates in GROUND THREE above, there is no evidence presented by the state, beside the perjured testimony (GROUND FOUR, above), to satisfy any element of the crime alleged against petitioner, and thus such extraneous false information.

The evidence described in GROUND 6,D below, came not from the witness stand, but from notes made the night before trial, alleging to reflect true evidence in this case that petitioner and/or his girlfriend were manufacturing methamphetamine, however, the notes used to "refresh the states witness (Brock) memory " extremely expand to allege facts that do not exist.

Certainly inadmissible considering the said witness declares that the notes reflect a crime, as alleged by the notes,or the state.

Thomas(defense counsel) objects to the facts that the notes were made the night before trial, and not at the time of the alleged offense.(R-106-107)

Petitioner contends that Thomas was ineffective in representing his client, this petitioner as follows:

*150*

Thomas was cognizant of the following information,and
should have taken the following action.

(i) In Thomas motion for discovery, pre-trial Thomas requested
to be permitted to analyze, inspect and copy or photograph
books,papers, documents,photographs, tangible objects,
controlled substances, buildings or places, or portions
of any of these things in any way material to the
preparation of the defense,or which are intended for use
by the state as evidence at trial or which were obtained
from or belong to defendant. (C-21,#5)....;

(ii) To disclose any written or recorded statements made by
any co-defendant or accomplice....(C-21,#3,4,#9,h),and

(iii) A detailed description of all physical items other than
documents and pictures which the prosecutor anticipates
using in the trial of the named defendant or which is
relevant to the factual matter in this case and the exact
place where and under whose custody such items are in
(C-21,#9,n.)

(iv) Upon the courts ordering such discovery,(C-28);

(v)The states response...specifically describes their
intentions of producing evidence that "the sales took place
on ,9-18-01,9-19-01,9-20-01,at defendants residence..... to
Angela Brock.....and,the sales were audio taped. (C-32,
#(5),3,4.)

(vi) The record in this case, does not reflect the state ever
having, verbally, or moved the trial court pre-trial,
during trial,pursuant to Alabama Rule of Criminal Proceedure,
Alabama Rules of Evidence,etc. Nor pursuant to said
Rules, notified the Defense, of an accomplice or co-defendant
oor of manufacturing of methamphetamine, or of any
notations of any of their witnesses will be used as evidence
by the state only allege to provide evidence of distribution
of a controlled substance.

On the basis of these information and at the time of the
above described instances occurred, (F,2,above), Thomas
should have objected to the admission of such information,
moved for mistrial, or in the alternative ,requested
curative instructions on the following grounds:
Pursuant to rule 612,(b)Ala.R.Evid., when a writing is
being used to refresh a witnesses memory, the adverse
party has the right to have the writing produced, to inspect
it,to cross examine the witness on it, and to introduce
those portions of the writings that relate to the witnesses
testimony, out of the presence of the jury.

/51/

If it is claimed in opposition to such a request, that the writing contains matters not related to the subject matter of the testimony, the court shall examine the writing in camera, excise any portions not so related, and order delivery of the remainder to the party entitled thereto.

In this instant case, Thomas inspected the notes of Brock, and continued trial with no objection, request for elimination of contents not alleged (vi above) nor for productions of the tape recordings which will reflect rather the writings originate with the said tape recordings. Rule 1002, Ala.R.Evid.

With respects that the said notes, were to reflect what the tape recordings reflect, which petitioner demonstrates in ground three above, and in F.2.above, the notes expand false evidence, that the tapes do not reflect, these extraneous extra record information coming from the notes should have been excluded, pursuant to Rule 403, Ala.R.Evid. of any information concerning distribution, manufacturing, and any co-defendant, accomplices of a controlled substances, including from the testimony of the witness, Brock, as the tapes do not reflect such and any use of any such said allegations or co-defendant, accomplice, was/is otherwise highly inflammatory and prejudicial to the petitioners 6th, amendment right .(U.S.Const.) to a fair trial by an impartial jury, as the state basically and in general, intented to produce tape recorded sales to an informant, which never existed, according to said evidence .(v.above.) (C-32,#(5),3,4.)

Thus, another deficient performance of counsel due to be rendered objectively unreasonable, below prevailing professional norms, and with absolutely no strategic value, Lyons,id., Strickland, suppra., failed to subject the prosecutions case to meaningful adversarial testing Cronic, supra. and prejudiced petitioner by allowing the state here by to try and convict petitioner on false evidence, again un-preserved for appellate review, and warranting petitioner a new trial, or vacated conviction.

3. ISSUE PRESENTED AND ARGUMENT.

WHETHER PETITIONERS TRIAL COUNSEL WAS PREJUDICIALLY INEFFECTIVE FOR FAILING TO OBJECT TO PROSECUTIONS USE OF EXPERT WITNESS TESTIMONY, AND CURATIVE INSTRUCTIONS.

In GROUND SIX,E,ABOVE. petitioner demonstrates an instance

-116-

I.C.24



Where prosecution used a perjuring Law-enforcement officer as an expert witness , to declare that petitioners voice was the male voice alleged to be involved in drug transactions,an element the state had to prove against petitioner, in order to secure a conviction.

The trial court ordered initially, pretrial, that unless the state could prove that Williamson,(law-enforcement officer, henceforth, Williamson) could positively identify petitioner voice on the tapes, the state could not use Williamson as their voice expert, but could only use Williamson as to his audio observation of what a male voice was saying on tape recordings he was recording during alleged drug transactions(R-6,Ln:5,-R-8Ln:25.)

In GROUND FOUR above, petitioner gives a precise demonstration on the fact that Williamson committed multiple acts of perjury ,and in one instance, simply to qualify as the staes expert witness.

However, the jury was never aware,as described in GROUND FOUR, and section D,supra.above, that Williamson had committed perjury.

During the course of rebuttal closing arguments, prosecution uses Williamsons testimony identifying the male voice on the tapes,as the petitioners.(R-212,Ln: 20-25.)

Additionally, the Trial court , informs the jury its charge that there was only "one expert witness in this case", but never identifies the expert. (R-223,Ln:24),and thereby, giving Williamsons testimony just as much expert strength as any other.

During the course of Williamson testimony that the voice on the tapes was petitioners"without -a-doubt",(R-84), Nor during prosecutions use of Williamsons said testimony in rebuttal closing arguments,(R-212,Ln:20-25),Thomas (defense counsel) never objected to such being presented before the jury, or moved for mistrial based on the impact of an officers testimony, could have on the jury, vs. no supporting evidence to otherwise support the allegations against petitioner .(GROUND THREE above.) and Williamson instances of perjury, (GROUND FOUR).

Rule 701,Ala.R.Evid. opinion testimony by lay witnesses permits lay witnesses to give opinions whenever two conditions are met .

First, the opinion must be rationally based upon the perception of the witness.....

This is no more than a restatement of the 'Firsthand Knowledge Rule,' found in Ala. R.Evid.602 tailored opinions. No lay witness may give opinion based upon facts that the witness did not personally observe! Committee comments.

Second a lay witness with first hand knowledge may give an opinion only if it is helpful to a clear understanding of the witnesses testimony or to the determination of a fact in issue.

The law has required that the witness place all the facts before the trier of fact, thus placing the trier of fact in just as good a position as the witness to draw a cconclusion in the matter"...It is clear , however that opinions should be excluded as not being helpful if they are "meaningless assertions which amount to little more than choosing up sides". U.S. V. Ness,665 F.2d. 248,249-50(8th. cir. 1981) ,committee Comments ,Ala. R.Evid.701.

Certainly in this instant case, all of the facts were not placed before the triers of fact, as demonstrated above, Williamson did not qualify as and expert , or lay-witness to give such opinion,and committed perjury (GROUND FOUR above) to attempt to qualify simply to choose up sides.

Further, the trial court never allowed Williamson to be used as a lay -expert opinion witness by prosecution in rebuttal closing argument, or at any time,and herefore, improper use of inadmissible evidence, and another obvious successful action resulting in prejudice to petitioner of prosecutions intentional exclusion of innocence evidence (GROUND FIVE above) to gain a conviction against the petitioner, un-defended by trial counsel, Thomas.

Certainly, with respects to Strickland, supra. Thomas failure to object, request curative instructions, move for mis-trial, or otherwise preserve the issue for appellate review on the above ground, was clearly deficient performance of counsel due to be rendered objectively unreasonable, below prevailing professional norms,and with absolutely no strategic value at all, of which performance prejudiced petitioner by again allowing the state to try and convict petitioner on false evidence, and hereby warranting petitioner a new trial,or vacated conviction.

*154*

## 4) ISSUE PRESENTED AND ARGUMENT.

WHETHER PETITIONER TRIAL COUNSEL WAS PREJUDICIALLY
INEFFECTIVE FOR FAILING TO OBJECT TO THE TRIAL COURTS
COERCEMENT ON THE JURY DURING VIOR DIOR, AND TO JUROR
CONTACT.

IN GROUND SIX.C.ABOVE, petitioner demonstrates an instance
where the trial court misrepresented material facts to
the jury to single out one particular person,"Jackie Warner"
of 48-potential jurors to be most chosen to be the fore-
person of petitioners petit jury, and was so chosen.
Warner according to the court, may have been a member of
the accusatory Body of the Grand Jury with information
not permissible in this case,and was excluded by the trial
court of having to answer whether he was a member of the
Grand Jury.(R-9A,Ln: 5-13)

Further, petitioner demonstrates therein, that Warner,
was identified/ observed at breaks, and lunch breaks,
corresponding in lengthy conversations with Ms,Mary Senn
(a struck potential juror)and Jennifer Senn,a hostile
courtroom spectator to petitioner of who (Senn) has a
severe grievance with petitioner, and is known to publicly
criticize petitioner, and further faced narcotic charges
due the very same confidential informant,Angela Brock.
(R-260-262)

The Trial Record Reflects that Thomas,(Defence counsel)
objected and moved for mistrial due to a juror entering
conference room during client counsel confrontation,also
seen by the trial court, before trial began. (R-3,Ln:1-R-
6,Ln:4.), but although Warner contact with the Senns was
pointed out and seen by Thomas before trial, during VioR
Dior, Thomas never objected to Warner and Senns relationship
then,all during trial but waited until after the verdict
had been handed down by Warner, at the same time Thomas
notified the court that a juror had been drinking whiskey
during break.(R-258,Ln:17,-R-264,Ln:1).

Further, at no time at all does the record reflect Thomas
questioning Warner if he had participated in Grand Jury
or any other proceeding investigations,or litigation in
this cause, nor does Thomas challenge the courts suspicious
calling of Warners name from 48-potential jurors who were
supposed to be randomly selected. Hardin,Supra.(id.F2 above)

Petitioner contends that Thomas was potentially ineffective
in this area for failing to cause an investigation into
the Senn/Warner issue in a timely manner,

-119-

T.C.27

155

as this information were known to him before trial began and before the verdict was entered.(Exhibit,3..#4-5) and another reason that an argument erupted at sentencing between petitioner and Thomas.(Ground .9.. below) Strickland,supra.
    Further, the prejudice resulting from Thomas said failures, impartial trial (U.S. Const.14,6.) as Thomas allowed petitioner to be tried by an unfairly selected and contaminated jury by the Senns. Duren V. Missouri, 439 U.S.357, 364(1979).
    With respect to Strickland, supra. Thomas failure to object timely ,request instructions, move for mistrial or investigation or otherwise preserve the issue for appellate review, was clearly deficient performance of counsel due to be rendered objectively unreasonable, below prevailing proffesional norms, and without strategic value all of which performance prejudiced petitioner of his above stated entitlements and rights, and  hereby warranting petitioner a new trial in cumulation with counsel above errors.

G) ISSUE PRESENTED AND ARGUMENT

    WHETHER PETITIONERS TRIAL COUNSEL WAS PREJUDICIALLY INEFFECTIVE IN HIS FAILURE TO CORRECT OR OBJECT TO ,OR OTHERWISE FOR ALLOWING PETITIONER TO BE TRIED ,CONVICTED AND SENTENCED ON MULTIPLICIOUS INDICTMENT PRIOR.

1) IN GROUND SEVEN A. ABOVE petitioner demonstrates that he was tried convicted and sentenced on a multiplicious indictment,resulting from said indictment, was the prejudice imposed upon petitioner of not only being consecutively sentenced for more than one offense, but exposed as a participant of co-defendant-accomplice status and a main distributor of the community; Certainly in the eyes of the Laws, statutes and the constitution, a multiplicious indictment prohibited by the double jeopardy clause.

2) IN GROUND SEVEN B, ABOVE petitioner demonstrates that his sentence was enhance as having five prior convictions of which prior status imposed one 12year sentence/ conviction and carried only one case number, Thus being objected to at sentencing as multiplicious ,merely exposes Thomas, (defense counsel) awareness of multiplicity issue,as Thomas failed to object, move to dismiss,

156

or otherwise preserve multiplicity issue for appellate review concerning the current indictment in this case, as described above,(G.1.above.)

3.  Certainly, in the eyes of <u>Strickland, supra,</u> Thomas failure to object to the current multiplicious indictment (G.1 above) was unreasonable and below prevailing professional norms when considering:

(i) Such indictment supplants in the juries minds that petitioner committed two rather than one offense, thereby prejudicing petitioner with a "pattern" of offenses.

(ii)  Thomas failure to move pursuant to Rule <u>13.4 Ala. R.</u> <u>Crim.P.</u> for severance of the indictment to reflect only one offense, or otherwise separate trials.

(iii) Just the same, (as ii, above) Thomas failure to move pursuant to <u>Rule15.2,Ala.R.Crim.P.</u>, to quash case number 135,from the indictment before presenting the indictment to the jury,as the prosecutor identified this count as co-defendant status with Lemkee(R-26,Ln:24;R-27,Ln:18-24.)
    Thus, failure resulted in presenting "co-defendant" status before the jury (iii,above) when the evidence presented in this case did not reflect petitioner involved in a crime at all(GROUND THREE ABOVE), nor were accomplice etc.alleged by the state. However, thus (ii,and iii,above) was extraneous exposure of unsupported facts to the jury implicating petitioner in a controlled drug operation, that had such been eliminated properly, the outcome of the proceeding would have been different, as there were no incriminating evidence against petitioner, except such above improper influence,perjured testimonies and etc.
    Certainly, deficient performance determental to this petitioner, as no actions were taken by Thomas to protect his client, this petitioner, from such prejudicial exposure and even more-so prejudical for Thomas not to take any actions and preserve this issue for appeal.
    The court in,<u>U.S. V. Weathers,186 F.3d 948 (D.C. cir.1999)</u> held that" counsel failure to object to an indictment that was improperly multiplictious warranted on evidentiary hearing to resolve claim of ineffective assistance of counsel".

131

157

In this instant case, petitioner seeks evidentiary hearing and does not waive hearing.

However, petitioner as well believes that the record will reflect, in conjunction with the above, that Thomas deficient performance certainly had an extreme and unjust prejudicial impact on petitioner, petitioners trial and sentencing.

And with respects to the hindsight of Strickland, supra exception, there is no excuse, or exception available when considering that Thomas shows his knowledge at sentencing to multiplicity status(G.2. above);and,

Thus, just another abandonment of due process protection against Double jeopardy, prejudice, of which his client, this petitioner was entitled.

For thus, petitioner asserts a sixth amendment violation of the United States Constitution, to the effective assistance of counsel, and believes new trial is warranted.

158

## GROUND IX

PETITIONER WAS DENIED HIS CONSTITUTIONAL RIGHT
TO CONFLICT FREE COUNSEL BY VIRTUE OF THE TRIAL
COURTS INTIMIDATING REFUSAL TO INQUIRE INTO A
KNOWN CONFLICT BETWEEN PETITIONER AND PETITIONERS
COURT APPOINTED TRIAL ATTORNEY

### STATEMENT OF THE FACTS.

1. A magnitude of arguments between petitioner and his court appointed lawyer, Thomas, occurred during the course of petitioners case. (exhibit#3)

Basically the arguments were over Thomas failing to:

(i) Prove petitioner was in jail at the time of the alleged
* offenses of which petitioner demonstrates in Ground 3,4 .

(ii) Prove that the evidence presented against petitioner was illegal, of which petitioner demonstrates in Ground two above.

(iii) Prove that petitioner was not the subject contained
* in the evidence (ii above) the state possessed, either by voice exempler, or finger print. Ground.3

(iv) Bring to the courts attention juror contacts with hostile witnesses (exhibit.3..#4-5.) (Ground 6)

2.    SUMMARY OF THE FACTS.
Due the arguments which occurred during the course of trial, regarding the above described,(1.et.al.above) petitioner and Thomas said arguments were irreconcilable by post trial, and erupted during sentencing, (R-271,Ln:7, -R-272,Ln:16.), where petitioner then tried to tell the court that he was locked up at the time of the offenses. (1.(i),above);(R-286,Ln:2-16);(R-287,Ln:12,-R-288,Ln:9) There in (R-271,Ln:7,-R-272,Ln: 16.) a conflict was brought to the courts attention, existing between affiant and Thomas.

The Supreme Court (U.S) held that a trial court has a limited duty to avoid potential conflicts of interest. Cuyler V. Sullivan, 466 U.S. at 346-47. and must initiate an inquery if it knows or reasonably should know that a conflict exists. Holloway V.Arkansas, 435 U.S.475, 484-85 (1978)

159

In this instant case,Thomas interrupted the sentencing proceeding because petitioner abruptly demanded Thomas to notify the court of the conflict between them,and the reasons why;and,

Upon the trial courts attention, petitioner tried to explain what the problems were, but the court would not listen,and the record will reflect that the court generally refused to inquire into any reasons of a conflict,and intimidated petitioner into continuing to be represented by Thomas. (R-271,Ln:7-R-272,Ln:16.)

Initially prior to sentencing,and during trial,.at least two occasions occurred where petitioner and Thomas were arguing and slightly disturbing the court proceedings. (Record does not reflect disruptions;see exhibit..3..#8,9) "A courts failure to inquire into a potential conflict, is presumed a violation of the 6th. Amendment (U.S.Const.) right to counsel, by a reviewing court" Holloway.id.at 484... And the right to conflict-free counsel may be waived by the defendant if the waiver is knowing and intelligent. Holloway id.at 475,483,N:5 , Hamilton V.Ford, 969F.2d.1006, 1010 N:4(11th.cir.1992.)

In this instant case, as petitioner demonstrates above, the petitioners choice to proceed with counsel was merely induced by the courts intimidation, rather that petitioner having any choice.

The courts in Cuyler V. Sullivan 446U.S. 348, provide a two prong test to determine whether petitioner counsel was(1)representing conflicting interests, and (2)that the conflict had an adverse effect on specific instances of counsels performance"

....(1) In this;instant case,as described above, and throughout the grounds herein, Thomas was certainly representing conflicting interests when he failed to suppress known illegal evidence which would have acquitted the case, but chose to allow the state to try and convict petitioner on such evidence.

....(2) Further , Thomas failed to expose, obtain and present, evidence which would have exculpated petitioner, but instead inculpated petitioner in the crimes alleged , by allowing the state to prosecute and convict petitioner on false , perjured evidence.

Certainly adverse effect on all instances of counsels performance to have breached his loyalty as counsel to petitioner and completely failed to subject the prosecutions case to a meaninfgful adversarial testing.

-124-

conf.2

160

With respect to the Strickland ,version that the 6th. Amendment guarantees that counsel assures petitioner receive a fair trial, Id.at 689, and that said right to counsel is impaired when acting under conflict of interest, breaches the duty of loyalty to his client, Id.at 668,692,;

Petitioner in this case, as described above, and throughout, was simply not accorded the Strickland version of assurance of a fair trial,as Thomas performance specks within the face of the record that he breached his loyalty to assure that right to his client, this petitioner.

Under, Cuyler V.Sullivan, Id.at 348,100 s.ct.1778,"the court must presume prejudice if conflict of interest adversley affected the attorneys performance" Id.Although Cuyler involved a conflict of interest between clients the presumption of prejudice extends to a " Conflict between a client and his lawyers personal interests, see, Mannhalt V.Reed, 847 F.2d 576,580 (9th.cir.), cert.denied, 488 U.S.908,109 S.ct.260,102 L.Ed.2d 249(1988).

In this instant case,petitioner does not believe that one can be expected to "prove" with accuracy, exactly what personal interests his attorney was protecting, however as petitioner demonstrates above (A,through G,of Ground eight, above)the trial record clearly reflects that Thomas was more concerned about his own interests in weakening petitioners case,and abandoning the adversarial process in every lawful, procedural and constitutional respect, than he was concerned in performing his sworn duty to up hold the constitution and laws of this state for the protection of his clients, this petitioners vital liberty interests at trial and appeal.


## CONCLUSION

Wherefore, the premises considered petitioner believes that a new trial is warranted due the above demonstrated violations; or in the alternative,

Due facts presented herein reflecting petitioners innocence to the crime alleged, and insufficiency of the evidence to sustain a conviction, petitioner believes it appropriate petitioners conviction be vacated ;


-125-


conf.3

/61

or in the Alternative,
Due the multiplicious indictment, sentencing, appropriate reduction in sentencing is warranted; or in the alternate, Due appellate counsels ineffectiveness, reopen final judgment and reinstate appellate process a new , with appointed Appellate Counsel;and
Because the claims herein could be meritorious, an evidentiary hearing is required by rule 32.9, Ala R.Crim. P. petitioner respectfully requests for the court to set the matter down for a hearing, issue an order to transport petitioner from the custody of the Alabama Department of Corrections, to appear before this court,and appoint the petitioner counsel to assist in the complexity of these matters herein.

Respectfully submitted
On this the 14 day of March 2005.

_Kenneth Price_

KENNETH REX PRICE   PRO-SE
AIS# 150784-B-7
100 Warrior Lane
Bessemer A labama
   ‾ 35023_7299

162

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing, Rule 32- petition, Brief in Support, Affidavits and Exhibits, upon the Pike County Circuit Court, address 120 West Church St. Troy Alabama, 36081, by placing said in the U.S.mail, certified, postage prepaid and properly addressed on this the _March_ , day of _14_ _2005_

*Kenneth Price*

KENNETH R. PRICE   PRO-SE
A.I.S. #150784-B-7
100 WARRØOR LANE
BESSEMER ALABAMA
                35023-7299

163

## COOPERATING/CONFIDENTIAL INFORMANT AGREEMENT

The 12th Judicial Circuit Drug, and Violent Crimes Task Force (hereinafter referred to as DTF) and a cooperating/Confidential Informant (hereinafter referred to as a "CI"), by execution of this instrument, agree to be bound by following conditions and procedures during the term of their association:

1, The CI agrees that he has no police power under the State of Alabama or any local government subdivision and has no authority to carry a weapon while performing his activities as a CI.

2, The CI. agrees that he is ( ), is not is being paid for his services as a CI.

3, The CI agrees that if he is paid for his services, that he is acting as an independent contractor and will not be subject to federal of State Income Tax withholding or Social Security, and that reporting of his income is his own responsibility.

4, The CI agrees that he will not be entitled to Workmen's Compensation or Unemployment Compensation from the DTF or the State of Alabama or other governmental subdivision, and that he shall not be entitled to hold the DTF, the State of Alabama or any other governmental subdivision, or any employees of the above Agencies, liable for any injuries or damages incurred by reason of his association with the DTF.

5, The CI. agrees not to divulge to any person, except an agent of the DTF with whom he or she is associated, his status as a CI for the DTF unless required to do so in Court and shall not represent himself or herself to others as an employee or representative of the DTF.

6, The CI agrees that his association with the DTF does not afford him or her any special privileges or immunities from prosecution for violations of criminal laws including those regarding the possession, use or sale of controlled substances made after the date of this instrument

7, The CI agrees that he will submit to a search of his person, belongings or motor vehicle by agents of the DTF who is utilizing his services to make a controlled purchase of a controlled substance. The CI further agrees to allow the DTF to audio and video tape his activities while acting in his capacity as a CI.

8, The CI agrees that after acquiring anything of evidentiary value, he will contact the DTF agents as soon as possible for delivery of such evidence to him.

9, The CI agrees that any violation of any of the terms of this Agreement shall be grounds for immediate removal of his status as a CI and the voiding of his agreement.

COPY

10, The CI agrees to maintain a strict accounting of all funds provided to he, or she by the DTF, as part of my activities as a CI, and understand that misuse of said funds could be grounds for criminal prosecution.

11, The DTF will make every reasonable effort to prevent the necessity of the CI's identity being revealed, or his appearance in Court, however if unsuccessful, the CI agrees to appear in court and testify to any and all information he, or she learns  while acting as a CI.

12, After interviewing the CI and determining who, and what the CI has the ability to do. The DTF will agree to (dismiss the charges) ~~(reduce the charges)~~ ~~(Recommend probation)~~.( Mark through the inappropriate phrases.) against the CI provided the CI fulfills all the terms set out above and will make cases that will lead to the arrest (6) individual/s and will make at least two, or more cases on each of the individuals.

13, Additional terms of agreement between CI and DTF _____

_____

_____

(CLEARLY MARK THROUGH ALL NON-APPLICABLE PORTIONS)

This agreement entered into on this the 6 day of Sept. 2001

Informant: Angela Brook    Investigator: Bob William

CI. phone #: 334 735-9055

Address: Rt 1   314
Brundidge Al
_____

/65

**Victim Impact:**

NA

**Location of Offense:**

Pike County, Alabama

**Court Ordered Restitution:**

■=■=■=■=■=■=■=■=■=■=■=■=■=■=■=■=■=■=■=■=■=■=■=■=■=■=■=■=■=■=■=■=■=■=■

### RECORD OF ARREST(S)

| 4/21/83 | Troy, AL | DUI | 5/23/83 – Guilty |
|---------|----------|-----|------------------|
| 6/16/88 | Pike Co. DC88-419 | Menacing | NP |
| 6/24/88 | Pike Co. CC88-76 (5 counts) | Sodomy I/Sexual Abuse I (3)/Sexual Abuse II | 7/28/88 – Guilty – 12 yrs. Total |
| 10/3/99 | Pike Co. CC00-52/53 | Disorderly Conduct/ DUI | 5/15/00 - Remanded |
| 3/16/00 | Pike Co. DC00-235 | Criminal Misch. III | 4/11/00 - NP |
| 9/19/01 | Pike Co. DC01-723 | Harassment | 11/13/01 - NP |
| 3/27/02 | Pike Co. CC02-135 | UDCS | 11/8/02 - Mistrial |

### Probation and Parole Officer's Remarks:

When I received the request to prepare a pre-sentence report for this offense, Price was in the county jail. When I went to the jail on 12/2/02 to interview Price, he had already been released on bond. I talked to his wife Penny Lemke who said she would get word to him to call me which he never did. Lemke called me on 12/5/02 and said she and Kenny and she would be in my office on 12/6/02, however they did

166

## AFFIDAVIT OF KENNETH REX PRICE

STATE OF ALABAMA ) — ss —
COUNTY OF JEFFERSON )

⁕
⁕
⁕ RE: CASE NO. CC02-134
⁕        CC02-136

Before me, the undersigned, a notary public in and for said county and state, personally appeared one, Kenneth R. Price, and after first being duly sworn by me, deposes and states as follows:

1.) That affiant makes this affidavit in support of his litigations attacking his criminal convictions of Pike County, Alabama, identified as case Numbers, CC02-134, CC02-136, and appellate case Number CR-02-0947, In Re: Kenneth Price, v. State of Alabama.

2.) That Mr. Thomas, James N. Atty At Law, of Troy, Alabama, was appointed by the Twelfth Judicial Circuit court of Pike County, Alabama, to represent affiant in trial and preparation thereof, and sentencing of said court.

3.) That during Jury selection of affiants trial, affiant notified his trial counsel (Thomas) that one, Jinnifer Senn, a spectator of the courtroom proceedings, had a severe conflict with affiant and was one of the six persons indicted by the Grand Jury, March 2002 Term of Pike Co. Ala, caused by the confidential informant of affiants case, Angela Brock.

4.) That during jury selection, affiant informed his counsel, (Thomas) that a potential Juror, later identified as, Jackie Warner, the foreperson of affiants petit Jury, was involved in lengthy conversations, with indications towards affiant, during the time frame of Jury selection, breaks, etc., with courtroom spectator, Jinifer Senn, (#3. above), of which Thomas informed affiant that he could not bring such to the courts attention at that time as Thomas did not witness said.

5.) That during the course of trial, affiant pointed out, and Thomas observed, several occasions where Jackie.....

) and jinnifer senn, and marry senn, (a struck potential Jurror) were involved in lengthy conversations during trial breaks, in the parking lot and halls of the courthouse, indicating out affiant, and on one occasion, observed senn and warrner, returning from lunch in a vehicle, Counsel Thomas, advising affiant he would notifie the court at an appropriate time.

6) That a Conflict grew between Counsel and affiant as counsel continued to neglect informing the court of said, (#3-5, above) as indications worsened by warner and senn, into sarcastic gestures; Thomas notifieing the court after warner issued guilty virdicts.

7.) That during pretrial stage affiant provided Thomas with documents reflecting, "Eduesdropping" as a violation in this case, pursuant to Title 3, Omnibus Crime Controll and safe Streets act of 1968, and, Title 18. U.S.C. Subsection 2510-through-2522, chapter 119, and requested Thomas to suppress all evidence obtained in violation of said and the Fourth Amendment of the U.S.const., as there was no warrants etc. issued in this case, pursuant to T.18. U.S.C. Subsection 2518, of which thomas agreed to suppress pursuant to Subsection 2515.

8.) That in regards to #7. above, Thomas took the documents from affiant, making copies, and agreeing to move to suppress, informing affiant there after, that he was waiting on the courts decision, however, Thomas, according to the Record, took No action.

9.) That affiant and Thomas, engaged in heated arguments, disturking the trial procceding on atleast two occaisions because of Thomas's failure (8. above), and failure to prove that affiant was in jail at the time of the alleged offenses, which arguement erupted at sentencing, Thomas, being ordered by affiant then to terminate and bring such to the courts attention.

10.) That affiant did not agree for any defense to be performed by Thomas, other than above, to prove affiant not at scene of crime, and the law was violated by Lawenforcement at affiant's home.

I declare under penalty of perjury that the foregoing is true and correct as stated herein.

Sworn to and subscribed before me on this the 28, day of DECEMBER , 2004 .

Bruce A. Whillis
Notary public

10/12/2008
My commission Expires.

Kennett Price
Affiant
KENNETH. Rex. Price
A.I.S.#150784  B-7
100 Warrior Lane
Bessemer, Alabama.
35023-7299.

169

# AFFIDAVIT OF KENNETH REX. PRICE

STATE OF ALABAMA    )-ss-
COUNTY OF JEFFERSON )

Re: Case No. CC02-134
CC02-136

Before me, the undersigned, a notery public in and for said county and state, personally appeared, One Kenneth R. Price, and after first being duly sworn by me, deposes and states as follows:

1.) That affiant is over the age of 19-years, and of sane and sound mind.

2.) That affiant makes this affidavit in support of his litigations attacking his criminal convictions of pike County, Alabama, identified as case Numbers, CC02-134, CC02-136, and appellate Case Number, CR-02-0947, In Re: Kenneth Price V. State of Alabama.

3.) That MR. Lloyd W. Carr, Attorney at law, of Elba, Alabama, was appointed by the Twelfth Judicial Circuit Court of Pike County, Alabama, to repre-sent affiant in the Alabama Court of Criminal Appeals. (#2 above) (Hereinafter Known as, "MR. Carr.")

4.) That affiant recieved notice dated March, 10th, 2003, from, MR. Carr, that, MR. Carr had been appointed to represent affiant on Appeal. (see: Exhibit "A".)

5.) That affiant responded to MR. Carr, (#4 above) via u.s. mail, advising reciept of said Notice, and requesting perse correspondance, and for any further correspondance via u.s. mail to be sent to affiants prison facility, and therein advising MR. Carr, of complaints to be raised on appeal. (see exhibit "B".) March, 18th, 2003.

6.) That on July, 14th, 2003, affiant next recieved order from the appellate court of Alabama, advising affiant that MR. carr had filed a No Merit Anders Brief, in affiants behalf, and ordering affiant to list issues to be raised.

170

as well as the appellate court; and advised affiant that MR. Carr alleged to have supplied affiant with said No merit Brief and record on appeal. (See: exhibit "C".)

7.) That affiant has to date, not recieved the record on appeal nor said no merit Brief from MR. Carr.

8.) That affiant wrote and advised MR. Carr, on July, 15th, 2003, of affiants reciept of said order, (#6. above) and requesting a copy of the No Merit brief and record on appeal, and Knowlege of what a No merit brief was, as well, Notifieing Mr. carr that affiant would be requesting an extention of time and appointment of Counsel of the appellate court. (see: exhibit "D".)

9.) That on July, 21st, 2003, affiant submitted Motion for appointment of Counsel to the alabama court of criminal appeals. (Exhibit "E".)

10.) That on July, 23 Rd, 2003, the criminal court of Appeals responded to affiants motion for appointment of Counsel (#9. above) advising that affiant was being represented by MR. Carr. (Exhibit "F".)

11.) That on July 21st, 2003, affiant submitted motion for extention of time to submit list of issues to the Alabama Criminal Court of App-eals. (#6. above) (Exhibit "G")

12.) That on July 30th, 2003, the criminal court of appeals extended affiants time for filing list of issues to August 11th, 2003. (exhibit "H".)

13.) That affiant sent list of issues to the alabama court of criminal appeals on the approximate date of July, 28, 2003, and, sent his only copie, to MR. Carr, as discribed in #14. below. (see #15, and 23, below.)

14.) That on July, 30th, 2003, affiant Notified MR. Carr, that affiant had submitted the list of issues, to the court of criminal appeals and therein submitted a copy of said list to MR. carr, and requested a copy of the No merit brief and Record,

(7)

15.) That on August, 1st, 2003, The Alabama Court of criminal Appeals notified affiant that the prose issues list had been filed in the clerks office of said court. (Exhibit "J")

16.) That affiant recieved no response nore correspondence from MR. Carr, at any time other than #4. above.

17.) That on November, 21st, 2003, affiant recieved notice from the criminal court of appeals that his issues were without merit and theirfore affirmed convicition. (Exhibit "K")

18.) That petitioner believing that MR. Carr, would be appellee, requested copy of brief, of which the appellate court advised affiant appellee did not file brief. (Exhibit "L")

19.) That on December, 12th, 2003, The Alabama Court of criminal appeals Notified affiant that his application for rehearing had been overruled. (Exhibit "M")

20.) That affiant then Moved the Alabama Supreme Court with petition for writ of Certiorari, On December 26th, 2003. identified as case #103 0509. (Exhibit, U/A. see #21 below.)

21.) That on August, 13th, 2004, the Supreme Court of Alabama, denied affiants Certiorari with No opinion. (Exhibit "N")

22.) That prior to said above, affiant had submitted Motion for judgment of acquittal, New trial, and arrest of Judgment, on January 30th, 2003, To the Trial court. (Exhibit (C-56)

23.) That on November, 9th, 2004, affiant requested via certified U.S. Mail, to purchase copy of No merit brief from MR. Carr, and to date has recieved no response. (Exhibit "O") and (#7. above.)

24.) That on November, 24th, 2004, affiant purchaced No merit brief (#8,14, above) from the Alabama Court of criminal appeals. (Exhibit "P". see exhibit [illegible]

172

I declare under penalty of perjury that the aforement-
ioned is true and correct as stated.

Sworn to and subscribed before me, on this the 28,
day of December, 2008.

Bruce A. Willis
Notary public.

10/12/2008
my Commission Expires.

Kenneth Price
Affiant.

KENNETH R. Price
A.I.S. # 150784  B-7
100 Warrior Lane
Bessemer Alabama
     35023 - 7299





ISSUE PRESENT... AND ARGU...NT

**Smith & Carr, LLC.**
*Attorneys at Law*
**122 No. Cordelia Ave. (at corner of W. Davis)**
**P. O. Drawer 389**
**Elba, Alabama 36323-0389**
Voice: 334-897-3658          Fax: 334-897-8633

*Dawn K. DeVane*
*Legal Assistant*

March 10, 2003

Mr. Kenny Price
Lot 2 Bryant Trailer Park
Brundidge, AL 36010

  *Re: State of Alabama vs. Kenny Price*
  *Case No. CC 2002-134 & 136*

Dear Mr. Price:

  Please be advised Mr. Lloyd W. Carr has been appointed by Circuit Judge Steven E. Blair to represent you concerning the above styled case. Upon receipt of this letter please contact our office to make an appointment with Mr. Carr.

Sincerely,

*Dawn K. DeVane*
Dawn K. DeVane
Legal Assistant

174

Mr. Lloyd W. Carr
Attorney At Law
122 N. Cordelia Ave.
Elba, Alabama, 36323-0389        March, 18 2003

Dear Mr. Carr
I recieved a letter from home today with your letter in it telling me that you had been appointed to do my appeal, and I am glad that someone beside Thomas is. Please do not write to me at my home address, but directly to me, as I am in prison, my address is at the bottom of this letter.

Sir, I think you should Know that I asked Mr. Thomas, my trial lawyer, to file ineffective assistance of Counsel on himself, and he got real mad at me and told me he would not.

I don't know what to do, but I was told to, and I filed notice of appeal and to proceed informa pauparis on Feb 12, 2003, and applyed fo transcript order, Appellate bond, and made a Docketing statement, and asked the court to appoint me a lawyer on Feb 18 2003.

Also, I asked the court to Arrest judgment, Give me a New Trial, or an aquittal on Jan 30, 2003, because Mr. Thomas wouldn't do it. I am sending with this letter a copy of all of that

1

EXHIBIT "B"

175

Mr. Carr, when you look at my transcript, you will see that Mr. Thomas did not do what he was supposed to do for me as a lawyer.

First he told me that the evidence they had on me was tape recordings of me selling drugs to someone that I didn't sell drugs to, then he tells me that the evidence was illegal because the cops didn't have a warrant to make the tapes legal.

He told me, that he was going to let me listen to the tapes, which did not show no one making any deals, and he said they had a voice test of some kind done on the tapes and showed that, that wasn't my voice, but they were illegal so he could make it where they couldn't use the tapes, because of the voice test, and no warrant.

They used the tapes at trial and he wouldn't stop them from using them and let the informate make notes off of them before trial to testify with. But the tapes do not say what her notes say, I done and he would not do anything about it. The informate and the cops lied a whole lot and I beleave that Mr. Thomas was supposed to do something about that, wasn't he?

Plus the prosecutor wouldn't give my lawyer police records and he had to get them from somewhere else, that was the informates and the judge wouldn't put them into evidence, it would have showed she was lieing.

2   13

176

She is lieing, she set me up and said she bought drugs from me and she didn't. Was this supposed to happen? Plus they hid information from my lawyer that said I wasn't even there to sell drugs when I was supposed to had, and did not give us that information untill I was being sentenced.

Mr. Thomas said that he asked for that information before trial and the court could get into trouble for not giving us that information

I tryed to tell him I think I was in jail when the informate said I sold her the dope, but he said he couldn't find that kinda information It was on my wifes birthday and we got in a arguement and I went to jail. Her birthday was (Sep 18 2001) I went to jail the next day.

The judge went and let a man who was on my grand jury, be on my trial jury, and he was talking to this woman who hates me, Jinnifer Senn, the whole time of picking jury. ~~and I said~~ Mr. Thomas said that wasn't right and was gona do something about it, but he didn't till after trial and the judge said it was to late. I told Mr. Thomas all during jury picking it was going on, and I saw them eat lunch together, but he waited untill it was to late. Also Mr. Thomas said something was wrong with my inditement from the grand jury. Something about the way I was charged and

3    141

177

my name, and we had to wait till appeal to do something about that.

At sentencing I blew up on Mr. Thomas cause he want do nothing about what he said he was gonna do something about like I talked about in here. Plus, he had his hands on that paper that said I was in jail when I was supposed to have sold the informate dope and would not tell the court about it so I told him he was fired.

I tried to explain it to the judge but he would not let me explain it. He just wouldn't let me explain it and made me feel like I to say no I don't wana fire Mr. Thomas, cause he wouldn't listen to why I wanted to fire him, and I didn't know what to do next. I tryed to tell the judge that I wasn't there to sell the informate no dope but he actd like he didn't care and wouldn't let me explain, Plus, the evidence they had on me didn't say I did it. All during my trial, Mr. Thomas said he was gana do something about this, but never did, So after sentencing, I told him to appeal that he didn't do his job, but he told me he would not, So I did it all my self, including asking for a New Trial Arest the Judgement, or acquit me because of all of it. I don't know how to do it all for real, what I did do I copied out of a book.

4    15

178

But I want you to set up a meeting with me and talk about all this so I can show you everthing that I said in here I want to complain about on appeal, oK.

Thanks,
Write soon and let me Know
something.

Kenneth Price

Kenneth Price
150784 B-2-Cell-23
100 Warrior Lane
Bessemer AL.
35023

5    18

COURT OF CRIMINAL APPEALS
STATE OF ALABAMA
JUDICIAL BUILDING, 300 DEXTER AVENUE
P.O. BOX 301555
MONTGOMERY, AL 36130-1555

*179*

H. W. "Bucky" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

Lane W. Mann
Clerk
Wanda K. Ivey
Assistant Clerk
(334) 242-4590
FAX (334) 242-4689

ORDER

CR-02-0947

Kenny Price v. State of Alabama (Appeal from Pike Circuit Court: CC02-134,
CC02-136).

Counsel for the appellant in the above referenced cause has filed a no-merit brief
and a motion to withdraw as required by Anders v. State of California, 386 U.S.
738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel has also advised this Court
that the appellant was served a copy of the no-merit brief and furnished with the
appellant's copy of the record on appeal.

Upon consideration of the above, the Court of Criminal Appeals hereby ORDERS as
follows:

The appellant shall have until August 4th, 2003, to serve the appellant's counsel
and this Court with a list of each and every point or issue the appellant wishes to
have considered in this appeal.

If, by August 4th, 2003, the appellant fails to identify any additional issues or
points to be considered on appeal, the Court will then determine what action should
be taken pursuant to Anders v. State of California, and will notify the appellee
when and if a brief will be required.

Done this the 14th day of July, 2003.

H.W. "Bucky" McMILLAN, PRESIDING JUDGE

A/di

: Honorable Lloyd W. "Will" Carr, Attorney, Appellant
Kenny Price, Pro Se, Appellant
Office of Attorney General

07-17-03A09:44 RCVD

180

Mr. Lloyd W. Carr

Attorney At Law

122 N. Cordella Ave

Elba, Alabama  36323-0389

July 15 2003

Dear Mr. Carr

I got an order from the court of criminal appeals that said that you have filed a No merit brief, to the court of criminal appeals, and they said that you said that you have sent me a copy of that brief and a copy of the record on appeal.

First of all, what is a no merit brief?

And second, what are you trieing to pull, you want even write me back, or talk to penny! And you havent sent me nothing.

I asked you in my first letter to you to send me everything, and not to my house! I want a copy of what of what you told the court of appeals you sent me, because they want me to respond by Aug. 11 2003.

Did you complain on appeal about everthing I mentioned in the first letter I sent you on March 18, 2003. what do they mean 'no merit'?

I am sending the appellate court a motion for appointment of counsel and an extention of time so that I can wait on you to send me

(1) 18

EXHIBIT

181

the stuff you said you sent me,
Please hurry and send me that stuff, why
did they want me to identity issues, aint that
what you are supposed to do?

Please respond
Thank you
Kenneth Price

Kenneth Price
150784 B-D-B-7
100 Warrior Lane
Bessemer Al.
35023

182

Court of Criminal Appeals
State of Alabama

CR-02-0947

Kenny Price V, State of Alabama, Appeal From Pike
County Circuit Court Case No. CC02-134, CC02-136.

Motion For Appointment of Counsel

Comes Now the above Named appellant and
requests this Honorable Court to appoint Counsel
to represent him on this appeal for the following
reasons:

1. the appellant's Name is Kenneth Price, and
Not Kenny price.
2. the appellant is unable to afford Counsel.
3. the issues involved in this Case are Complex.
4. the appellant has a very limited amount of
Knowledge on Law with little education.

the issues to be Considered on this appeal
are the following:
1. Ineffective Assistance of trial Counsel.
2. Wrong Name on the indictment. Inadequate
Notice of indictment.

183

3. the appellant is Not guilty, as Charged.

4. the Circuit Court lacked Jurisdiction under the Law to Convict the appellant, And any additional issues

the appellant request this Honorable Court to appoint, Honorable, Paul W. Brunson Jr.

Post office Box 475

104 Court Square

Clayton, AL. 36016

Phone No.(334) 775-8555

Fax(334) 775-8811

As he has agreed to take over this Appeal ON an indigent basis.

Done this the 21th day of July, 2003

Respectfully Submitted

Kenneth Price

150784, B-7

100 Warrior Lane

Bessemer, Al. 35023

184

# ROBERTSON, BRUNSON & NEW, L.L.C.
## ATTORNEYS-AT-LAW

William H. Robertson
Paul W. Brunson, Jr.
Gary R. New

Post Office Box 475
104 Court Square
Clayton, AL 36016
(334) 775-8555
Fax (334) 775-8811

Eufaula Office:
Post Office Box 926
216 W. Broad Street
Eufaula, AL 36072
(334) 687-5035
Fax (334) 688-5020

July 28, 2003

Kenneth Price
AIS #150784-B7
100 Warrior Lane
Bessemer, AL  35023

Dear Kenneth:

I will consider working with you, however, I have got to know what is going on.  I need documentation.  Penny has not brought me anything.  I can not help you until I find out what is going on and get transcripts, so forth and so on.

With best regards, I am

Very truly yours,

Paul W. Brunson, Jr.

PWB,Jr./cf

/85

# Court of Criminal Appeals

State of Alabama
Judicial Building, 300 Dexter Avenue
P. O. Box 301555
Montgomery, AL 36130-1555

July 23, 2003

H. W. "BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

Lane W. Mann
Clerk
Wanda K. Ivey
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

Mr. Kenneth Price
AIS #150784
100 Warrior Lane
Bessemer, AL 35023

RE:   CR-02-0947
Kenny Price v. State

Dear Mr. Price:

This is in response to your motion for appointment of counsel. Please be advised that Mr. Lloyd W. Carr is now representing you on this appeal.

We have contacted the circuit clerk's office regarding the correct spelling of your name. We use the spelling that is listed on the indictment which is Kenny.

Sincerely yours,

LANE W. MANN, CLERK
COURT OF CRIMINAL APPEALS

LWM/jz

cc:   Honorable Llooyd W. "Will" Carr
P. O. Drawer 389
Elba, AL 36323

186

Court of Criminal Appeals
State of Alabama

Kenny Price,                          RE: CR-02-0947
        v appellant

State of Alabama
        Appellee

## Motion of Extension for time

Comes now the above named appellant,
Kenneth Price and respectfully moves
this Honorable Court to grant Extension
of time in which to file a brief in
the above case number,
        Pursuant to ARAP. 26(b) Appellant
Request A seven day (7) Extension
of time to prepare his brief

                        Respectfully submitted
                        Kenneth Price
                        150784 - B-7
                        100 Warrior Lane
                        Bessemer Al.

**COURT OF CRIMINAL APPEALS**
STATE OF ALABAMA
JUDICIAL BUILDING, 300 DEXTER AVENUE
P.O. BOX 301555
MONTGOMERY, AL 36130-1555

*187*

*H. W. "Bucky" McMILLAN*
Presiding Judge
*SUE BELL COBB*
*PAMELA W. BASCHAB*
*GREG SHAW*
*A. KELLI WISE*
Judges

July 30, 2003

*Lane W. Mann*
Clerk
*Wanda K. Ivey*
Assistant Clerk
(334) 242-4590
FAX (334) 242-4689

<u>NOTICE</u>

CR-02-0947

Kenny Price v. State of Alabama (Appeal from Pike Circuit Court:
CC02-134; CC02-136).

You are hereby notified that the following action was taken
in the above cause by the Court of Criminal Appeals:

On pro se motion of the appellant, the time for filing the
appellant's pro se issues is extended to August 11, 2003.

Lane W. Mann, Clerk
Court of Criminal Appeals

LWM/wki

cc: Honorable Lloyd W. "Will" Carr, Attorney, Appellant
Kenny Price, Pro Se, Appellant
Office of Attorney General

188

Mr. Lloyd W. Carr
Attorney At Law
122 N Cordelia Ave.
Elba Alabama 36323-0389

July 30 2003

Mr. Carr

Sir, Just to let you know the appeals court granted m
extention of time untill Aug 11, 2003, and also told
me that you are representing me on appeal.

If you are repesenting me, and I have to file t.
issues myself, why wont you send me that no
merit brief and them records on appeal.

I don't know what to do here! This is your job!
What are you doing? why wont you answer my letters
or write me back and let me know what is going
on.

I have gave my wife power of Attorney to talk
to you for me, and you wont even talk to her, so
what good are you to me? why am I supposed to
do it? I don't know how.

I sent this to the appeals court, I believe that it
will cover everthing I told you about when you were
first appointed to me. I'm sending it with this letter,
its due Aug 11, tell me if it is and will cover everthing
When are you going to send me that stuff you said
you sent me.                    Please answer

                                    Kenneth Price

189

Mr. Lloyd W. Carr
Attorney At Law
122 N Cordelia Ave.
Elba Alabama 36323-0389

July 30 2003

Mr. Carr

Sir, Just to let you know the appeal's court granted my extention of time until Aug 11, 2003, and also told me that you are representing me on appeal.

If you are repesenting me, and I have to file the issues myself, why wont you send me that no merit brief and them records on appeal.

I don't know what to do here! This is your job! what are you doing? Why wont you answer my letters or write me back and let me know what is going on.

I have gave my wife power of Attorney to talk to you for me, and you wont even talk to her, so what good are you to me? why am I supposed to do it? I don't know how.

I sent this to the appeal court I believe that it will cover everthing I told you about when you were first appointed to me I'm sending it with this letter its due Aug 11, tell me if it is and will cover everthing

When are you going to send me that stuff you said you sent me.
Please answer
Kenneth Price

**COURT OF CRIMINAL APPEALS**
STATE OF ALABAMA
JUDICIAL BUILDING, 300 DEXTER AVENUE
P.O. BOX 301555
MONTGOMERY, AL 36130-1555

*190*

*H. W. "Bucky" McMILLAN*
Presiding Judge
*SUE BELL COBB*
*PAMELA W. BASCHAB*
*GREG SHAW*
*A. KELLI WISE*
Judges

August 1st, 2003

*Lane W. Mann*
Clerk
*Wanda K. Ivey*
Assistant Clerk
(334) 242-4590
FAX (334) 242-4689

RE: CR-02-0947

Kenny Price v. State of Alabama (Appeal from Pike Circuit Court: CC02-134; CC02-136).

   You are hereby notified that the following action was taken in the above cause by the Court of Criminal Appeals:

   Appellant's Pro Se Issues Filed.

LWM/wki

Lane W. Mann, Clerk
Court of Criminal Appeals

cc: Honorable Lloyd W. "Will" Carr, Attorney, Appellant
    Kenny Price, Pro Se, Appellant
    Office of Attorney General

*Exhibit 191*

# Court of Criminal Appeals
### State of Alabama
Judicial Building, 300 Dexter Avenue
**P. O. Box 301555**
**Montgomery, AL 36130-1555**



RELEASED

NOV 2 1 2003

CLERK
ALA. COURT CRIMINAL APPEALS

H.W."BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

Lane W. Mann
Clerk
Wanda K. Ivey
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

## MEMORANDUM

CR-02-0947            Pike Circuit Court CC-02-0134 & -0136

Kenny Price v. State

McMILLAN, Presiding Judge.

The appellant was found guilty of two counts of unlawful distribution of a controlled substance. The trial court sentenced him, as a habitual offender with five prior felony convictions, to two consecutive terms of 25 years' imprisonment. The court also suspended his driving privileges and ordered him to pay a $1,000 demand reduction fee, a $100 forensic fee, a $50 crime victims assessment, court costs and attorney fees.

The appellant, pro se, filed written notice of appeal. His trial counsel was permitted to withdraw, and a new counsel was appointed for appeal. The appellate counsel has filed a brief in substantial compliance with Anders v. California, 386 U.S. 738 (1967), in which he states that he believes that this appeal is without merit. The appellant has submitted two

1

Exhibit 192

issues for this court's consideration: whether the evidence was sufficient to support the guilty verdict and whether his trial counsel was ineffective, based upon fourteen alleged "wrongs."

A review of the record reveals that both of the appellant's claims are without merit and that there is no other issue which warrants review on appeal. Therefore, the judgment of the trial court is affirmed.

AFFIRMED.

Cobb, Baschab, Shaw, and Wise, JJ., concur.

2

*193*

# Court of Criminal Appeals

State of Alabama
Judicial Building, 300 Dexter Avenue
**P. O. Box 301555**
**Montgomery, AL 36130-1555**

December 2, 2003

H. W. "BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

Lane W. Mann
Clerk
Wanda K. Ivey
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

Mr. Kenny Price
AIS #150784
100 Warrior Lane
Bessemer, AL 35023

RE:   CR-02-0947
Kenny Price v. State

Dear Mr. Price:

In response to your letter, please be advised that the appellee did not file a brief in the above referenced case.

Sincerely yours,

Lane W. Mann, Clerk
Court of Criminal Appeals

LWM/jz

cc:   Honorable Lloyd Carr
P. O. Drawer 389
Elba, AL 36323

Honorable Jean-Paul M. Chappell
Assistant Attorney General

# COURT OF CRIMINAL APPEALS
## STATE OF ALABAMA

Lane W. Mann
Clerk
Wanda K. Ivey
Assistant Clerk



P. O. Box 301555
Montgomery, AL 36130-1555
(334) 242-4590
Fax (334) 242-4689

December 12, 2003

CR-02-0947

Kenny Price v. State of Alabama  (Appeal from Pike Circuit Court: CC02-134; CC02-136).

## NOTICE

You are hereby notified that on December 12, 2003 the following action was taken in the above referenced cause by the Court of Criminal Appeals:

Application for Rehearing Overruled.

Lane W. Mann, Clerk
Court of Criminal Appeals

cc: Hon. Brenda M. Peacock, Circuit Clerk
Lloyd W. "Will" Carr, Attorney
Kenny Price, Pro Se
Jean-Paul M. Chappell, Asst. Atty. Gen.

*195*

# IN THE SUPREME COURT OF ALABAMA



August 13, 2004

**1030509**

Ex parte Kenny Price.  PETITION FOR WRIT OF CERTIORARI TO THE COURT OF CRIMINAL APPEALS  (In re: Kenny Price v. State of Alabama)   (Pike Circuit Court: CC02-134; CC02-136; Criminal Appeals : 020947).

## CERTIFICATE OF JUDGMENT

### Writ Denied

The above cause having been duly submitted, IT IS CONSIDERED AND ORDERED that the petition for writ of certiorari is denied.

**Writ Denied - No Opinion**

BROWN, J., - Nabers, C.J., and See, Harwood, and Stuart, JJ., concur.

I Robert G. Esdale, Sr., as Clerk of the Supreme Court of Alabama, do hereby certify that the foregoing is a full, true and correct copy of the instrument(s) herewith set out as same appear(s) of record in said Court.

Witness my hand this 13th day of  August,   2004

*Robert G Esdale Sr*

**Clerk, Supreme Court of Alabama**

196

KENNETH R. Price
A.J.S.# 150789 B-7
100 Warrior Lane
Bessemer Alabama.
35023-7019

Mr. Lloyd W. Carr
Attorney At Law.                    November, 8th, 2004.
121 N. Cordelia Ave.
Elba, Alabama, 36323-0389.

Re: Freedom of Information Act Request Act, 5 U.S.C. 552

Dear Mr. Carr, etal:

Under the Freedom of Information act, 5 U.S.C. 552, I am requesting access to receive documents brief's, etc in regards to your representation of "Kenny Price", in appeal identified as appellate case No. CR-02-0897, in suit of Kenny Price V. State of Alabama, CC02-134, CC02-136, as follows:

1.) An Anders Brief (No merit Brief) filed in the Alabama Court of Criminal appeals on or prior to the 14th day of July, 2003, and any documents reflecting service of this document to any person/party and if available, proof of service.

2.) Any documents obtained by this office, of Lloyd Carr, as a result of its motion for discovery, submitted to the Pike County Circuit court on March, 11th 2003 regarding criminal Case No. CC02-134 and CC02-136, here in Kenny Price. (c-85.)

Please be advised that Lloyd W. Carr, was appointed to me as my appellate Attorney by the Pike county Circuit court on the 5th day of March 2003, under indigent status and have not been provided with the aforementioned and requested

as should be required of counsel.

However, if there should be any fees for searching for or copying the records I have requested, please inform me of the title and price of each document before filling the request.

I am requesting this information for litigation of above criminal action(s) in persuit.

If all, or any part of this request is denied, please cite the specific exemption(s) that you think justifies your refusal to release informations as requested and inform me of the appeal procedures available to me under law.

I am under the time limitations of A.E.D.P.A. (1996, Pub. L. NO. 04-132, 110 Stat. 1214) and would appriciate your handling this request as quickly as possible and I look forward to hearing from you within 10-days as the law stipulates.

Thanking you in Advance
I am Sincerely
Kennett Price

C.C.

CLERK: Lane W. Mann.

Court of Criminal Appeals:

State of Alabama

Judicial Building, 300 Dexter Ave

Montgomery, Alabama, 36130-1555.

*198*

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

7002 0860 0005 1124 7841

Kenneth Price 15078YL B J S E

| | |
|---|---|
| Postage | $ .37 |
| Certified Fee | 2.30 |
| Return Receipt Fee (Endorsement Required) | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 4.42 |

HUEYTOWN AL 35023
Nov 6 2002
Postmark Here
USPS

Sent To
Smith & Carr L.L.C. Atty at Law
Street, Apt. No.; or PO Box No. 122 No. Cordelia Ave.
City, State, ZIP+4 ELBA Ala. 36323-0389

PS Form 3800, April 2002        See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Smith & Carr, L.L.C.
Attorneys At Law
122 No. Cordelia Ave
Elba, Alabama,
                36323-0389

RE: FOIA Act 5.US.C.552. Reg.

2. Article Number
(Transfer from service label)     7002 0860 0005 1124 7841

PS Form 3811, August 2001        Domestic Return Receipt

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature]                    □ Agent
                                 □ Addressee

B. Received by (Printed Name)    C. Date of Delivery
Dawn K. Delno                    11-12-04

D. Is delivery address different from Item 1?  □ Yes
   If YES, enter delivery address below:        □ No

3. Service Type
   ☒ Certified Mail    □ Express Mail
   □ Registered        ☒ Return Receipt for Merchandise
   □ Insured Mail      □ C.O.D.

4. Restricted Delivery? (Extra Fee)    □ Yes

2ACPRi-03-Z-0985

*199*

INVOICE, PAY TO:

**Alabama Court of Criminal Appeals**
300 Dexter Avenue
P. O. Box 301555
Montgomery, Alabama 36130-1555

**0554**

Please write the above invoice
number on your check.
Thank you.

Kenny Price
100 Warrior Lane
Bessemer, AL. 36130

11·24        2004

For Copying:

02- 0947
No Merit Brief
Pro Se Issues

( _____ Pages )    $ 8    00

*EXHIBIT "D"*

STATEWIDE INDEX BROWSE        X COUNTY USE PIKE           VIEW: 1     SDXSD12

NAME: BROCK ANG                          DIV:     COU: 00 STATEWIDE

| INDEX NAME | CO/CASE NUMBER | JID CHARGE/RNDX | S T | BIRTH DT | S X | R C | C A | CADATE/ TRL/PRTY | Y O |
|------------|----------------|-----------------|-----|----------|-----|-----|-----|------------------|-----|
| BROCK ANGELA | 02CV198100017500 | O BANTA | | NOT LIST | | | | | |
| BROCK ANGELA | 52CV199900094100 | SEH O/CSX | C | NOT LIST | | | W | 10212002 | |
| BROCK ANGELA DAWN | 29TR199600033600 | TPS SPEED | S | 05181976 | F | W | G | 02151996 | |
| BROCK ANGELA DAWN | 29TR199600264200 | TPS SPEED | S | 05181976 | F | W | G | 08211996 | |
| BROCK ANGELA DWYN | 75TR199700077500 | JEH NO CHILD RES | S | 01231973 | F | W | G | 09041997 | |
| BROCK ANGELA DWYN | 75TR199700077600 | JEH NO SEAT BELT | I | 01231973 | F | W | D | 09041997 | |
| BROCK ANGELA G | 52DR200100041400 | SWB O/BROCK JERR | C | 06031956 | F | W | P | 06222001 | |
| BROCK ANGELA JOAN | 41DR198200037200 | DIVORCE | | NOT LIST | | | | | |
| BROCK ANGELA JOAN | 41DR198200037201 | JET CONTEMPT | C | NOT LIST | | | B | 09221987 | |
| X BROCK ANGELA MARI | 24DC200100032400 | WRK USE/POSS DRU | A | 07131971 | F | W | | 09102001 | |
| X BROCK ANGELA MARI | 24DC200100032500 | WRK POSS CONTR. | A | 07131971 | F | W | | 09102001 | |
| X BROCK ANGELA MARI | 24DC200100032600 | WRK POSS MARIJUA | A | 07131971 | F | W | | 09102001 | |
| BROCK ANGELA MARI | 24DC200100033200 | WRK POSS CONTR. | A | 07131971 | F | W | | 09102001 | |
| BROCK ANGELA NICH | 25DR198700046900 | FCF BROCK GILLIE | | NOT LIST | | | | | |

*** PRESS F11 TO SCROLL FORWARD ***

01=MNU 02=SDX 03=ACR 04=AVS 05=CLR 06=OCS 07=TRF 08=JUV 09=WAR 10=PHT 11=NXT
12=CSE 13=ALS 14=FES 15=DMV 16=NAB 17=PTY 18=ENF 19=SCR 20=OFF 23=CMS 24=HLP

DATE: 11/04/2002  TIME: 10:41:54 USER:A655        TERM:A655FRLY

201

ORIGINAL

202

CR-02-0947

## IN THE COURT OF CRIMINAL APPEALS
## OF ALABAMA

---

KENNY PRICE,

      Appellant,

v.

STATE OF ALABAMA,

      Appellee.

\*
\*
\*
\*
\*
\*

```
FILED
JUL 1 1 2003
C/u 7/14/03
CLERK
ALA COURT CRIMINAL APPEALS
```

---

## APPEAL FROM AN ORDER OF
## THE CIRCUIT COURT OF PIKE COUNTY

---

## BRIEF OF APPELLANT
## KENNY PRICE

---

## JULY 10th, 2003

---

**BY:**

Lloyd W. Carr

SMITH & CARR, L.L.C.

Post Office Drawer 389

Elba, Alabama 36323

Phone: (334) 897-3658

Fax: (334) 897-8633

Attorney for Appellant


**NO ORAL ARGUMENT REQUESTED**

203

# TABLE OF CONTENTS

PAGE

STATEMENT OF THE CASE................................................................... 1

STATEMENT OF THE ISSUES.............................................................. 2

CONCLUSION....................................................................................... 3

CERTIFICATE OF SERVICE ON BRIEF............................................... 4

MOTION TO WITHDRAW..................................................................... 5

CERTIFICATION OF SERVICE ON MOTION TO WITHDRAW.................. 6

*204*

## STATEMENT OF THE CASE

The Defendant/Appellant Kenny Price was found guilty in the Circuit Court of Pike County, Alabama in CC 2002-134 and CC 2002-136 on November 3rd, 2002. Mr. Price was represented by counsel during said trial. A Motion for New Trial was filed on January 31st, 2003 and denied on February 3rd, 2003. Mr. Price was subsequently sentenced on February 3rd, 2003 to twenty five years in each count to be served consecutively. On February 20th, 2003 defense counsel filed a Motion to Withdraw, and said motion was granted and the undersigned counsel was appointed to handle the appeal.

205

## STATEMENT OF THE ISSUES

After a diligent study and research of the facts and the applicable law in the above-styled case, the undersigned counsel for the Defendant/Appellant can find no legal issue arguable on its merits that could be construed as unduly prejudicial or harmful to the substantive or procedural rights of the Defendant nor can I make any argument in good faith and conscience in the Appellant's favor that merits reversal.

2 06

## CERTIFICATE OF SERVICE

I certify that I have this date served a copy of the foregoing Brief to Kenny Price, AIS# 150784, Defendant/Appellant, Donaldson Correctional Facility, 100 Warrior Lane, Bessemer, AL 35023; and the Attorney General for the State of Alabama, 11 South Union Street, 3rd Floor, Montgomery, Alabama, 36130 by U.S. First Class Mail, postage pre-paid on this the ___ th day of July, 2003.

_____
Lloyd W. Carr



## IN THE COURT OF CRIMINAL APPEALS OF ALABAMA

KENNY PRICE,                              *

     APPELLANT,                      *

VS.                                       *       CASE NO. CR 02-0947

STATE OF ALABAMA,                         *

     APPELLEE.                       *

                                         *

### MOTION TO WITHDRAW

COMES NOW Lloyd W. Carr, appointed attorney for the above-named Defendant/Appellant, and respectfully requests that this Honorable Court enter an Order granting him leave to withdraw as counsel of record. For grounds, the undersigned would show unto the Court that counsel for the Defendant believes the Defendant's appeal from the conviction and sentence imposed in the above-styled cause to be without merit.

Respectfully submitted this the __10__ day of July, 2003.


                                  _____
                                  Lloyd W. Carr

OF COUNSEL:
SMITH & CARR, L.L.C.
Post Office Drawer 389
Elba, AL 36323
Phone: (334) 897-3658
Fax: (334) 897-8633

2 08

## CERTIFICATE OF SERVICE

I certify that I have this date served a copy of the foregoing Motion to Withdraw to Kenny Price, Defendant/Appellant, #150784, Donaldson Correctional Facility, 100 Warrior Lane, Bessemer, Alabama 35023; and the Attorney General for the State of Alabama, 11 South Union Street, 3rd Floor, Montgomery, Alabama, 36130 by U.S. First Class Mail, postage pre-paid on this the 10th day of July, 2003.

_____
Lloyd W. Carr

209

## CONCLUSION

Having concluded that this is a no merit appeal, the undersigned legal counsel has served the Defendant/Appellant with a copy of the record on appeal, and is contemporaneously herewith filing a Motion to Withdraw in this case.

Respectfully submitted this the 10th day of July, 2003.

_____
Lloyd W. Carr                    CAR137
Attorney for the Defendant/ Appellant

OF COUNSEL:
SMITH & CARR, L.L.C.
Post Office Drawer 389
Elba, AL 36323
(334) 897- 3658

210

## Pro Se Issues

ORIGINAL

In the Court of Criminal Appeals For
the State of Alabama

Kenny Price,
            Appellant

VS.

State of Alabama,
            Appeile

FILED

AUG 1 2003
Recieved 8·4·03
CLERK
ALA COURT CRIMINAL APPEALS

Case No. CR-02-0947

On Appeal From the Circuit
Court of Pike County, Alabama
Case No. CC02-134, CC02-136

## Appellant's Brief

Kenneth Price

Kenneth Price, pro se
Donaldson Correctional Facility
100 Warrior Lane
Bessemer, Alabama
                    35023

211

## Statement Regarding Oral Argument

the Appellant in this matter does Not ✓
request Oral Argument.

Respectfully Submitted this the 1st day
of August, 2003.

Kenneth Price

KeNNeth price, pro se
DoNaldsoN Correctional Facility
100 Warrior LaNe
Bessemer, Alabama
35023

# TABLE OF CONTENTS

Page:

Statement Regarding Oral Argument . . . . . . .   i
Table of Contents . . . . . . . . . . . . . . . .   ii
table of Authorities . . . . . . . . . . . . . .   iii
Statement of the Case . . . . . . . . . . . . .   1
Issues Presented For Review . . . . . . . . .   2
Statement of Facts . . . . . . . . . . . . . .   3
Argument . . . . . . . . . . . . . . . . . . . 4 — 10
Conclusion And prayer For Relief . . . . . . .   11
Appendix, Afidavit . . . . . . . . . . . . .   12
Certificate of Service . . . . . . . . . . . .   13

# TABLE OF AUTHORITIES

213

|  | page: |
|---|---|
| Jones V. State, 392 So. 2d 1271 (198) | |
| Strickland V. Washington, 466 U.S. 668 (1984) | 6 |
| Dill V. State, 484 So. 2d 491, (Ala. Cr. App. (1985) | 9 |
| Horton V. Zant, 941 F. 2d 1449 (1991) | 9 |
| Weaver V. State, 401 So. 2d 344 (1981) | 9 |
| Ex parte Pilley, 789 So. 2d 888, 894 (Ala. 2000) | 4 |
| Ex parte Woodall, 730 So. 2d 652 (Ala. 1998) | 4 |
| Faircloth V. State, 471 So. 2d 485 (1984) | 5 |
| Ex parte Roberts, 735 So. 2d 1270 (Ala. 1999) | 4 |
| Amendments: | |
| Fourth, Sixth, Eighth, and Fourteenth, | 6 |

214

## Statement Of the Case

the Appellant, KeNNeth price Was arrested
April, 2001
Charged with, UNlawfully Sell, Furnish, give
away, maNufacture, diliver or distribute a
Controlled Substance to-wit methamphetamine,
iN Violation of Section 13 A-12-211 of the
Code of Alabama.

Appellant Says he is Not guilty of the Charge's

1

215

## ISSUES PRESENTED FOR REVIEW

1.

Whether the Evidence Was Insufficient to Support A Guilty Verdict And A Judgment of Guilty?

2. Whether the trial Attorney's Assistance Were Ineffective When He Did Not Object to wire Or Electronic Communications or Subpoena Witness?

216

## Statement of Facts

The Appellant was charged in a three (3) count indictment, all three charges were the same word for word.

Appellant went for trial in November, 2002. Was found guilty by a jury on two (2) of the charges in the indictment.

The court appointed, James Thomas, an attorney in pike county, Alabama. He withdrew from the case after trial.

The court appointed the Honorable, Llooyd W. Carr to file a brief to this court. Mr. Carr, has at this time withdrew from the appeal.

Appellant has very little education or knowledge of the law, or how to write up a brief, but prays this Honorable court will accept this.

Whether the Evidence Was Insufficient To Support A Guilty Verdict And A Judgment Of Guilty

The Appellant in this Case insist the evidence was insufficient to find and adudge the Appellant guilty of unlawfully Sell, furnish, give away, manufacture, diliver or distribute a Controlled Substance to-wit Methamphetamine, in violation of Section 13 A-12-211 of the Code of Alabama.

The Supreme Court of Alabama has addressed Sufficiency of the evidence and how the Appellate Courts should deal with this issue. See Ex parte Pilley, 789 So. 2d 888, 894 (Ala. 2000.) citing, Ex parte Woodall, 730 So. 2d 652 (Ala. 1998). a reviewing Court must review the entire record in determining the Sufficiency of the evidence. Ex parte Roberts, 735 So. 2d 1270 (Ala. 1999), informs that the weight and Credibility to be afforded evidence and Witness is the Jury's Job. the Appellate Courts must be Convinced the evidence is against the Verdict before the Case can be reversed or remanded.

In this Case the evidence is so obvious to See, the Verdict is decisive and wrong. the State's witnesses, informant, Angela Brock, were impeached at every turn, and Comitted perjury. See, (R-97 through R-134.)

218

the informant signed a contract to work with the police on, September 6th, 2001, R-58-59, then on, September, she was arrested again on the 10th for drugs (4) four counts, on page R-115 she testified she did not mess with drugs.

the contention of the appellant is that this statement alone is not sufficient to obtain a judgment of guilty, in fact there is not even enough evidence for the state to meet its prim facie case in this matter.

See, R-105, "first transaction" on page, R-155 the informant testified that the only person present was K.P. on R-156 the informant named (3) three other people who was at the first transaction, penny, peggy and K.P. It was never established who K.P. was. this was not proof beyond a reasonable doubt to find the appellant guilty. A motion for judgment of acquittal due to just these facts should have been granted. the witness was discredited on every single element to which she testified.

therefore the jury was clearly wrong in finding the appellant guilty as charged. therefore, this case must be reversed and rendered. see Faircloth v. State, 471 So. 2d 485 (Ala. Crim. App. 1984)

219

# CERTIFICATE OF SERVICE

Criminal Appeal No. CR-02-0947

I hereby Certify that I have this date Served a true Copy of the foregoing Brief upon the Attorney ✓ General for the State of Alabama by placing a Copy of the Same in the United States mail, properly addressed and postage prepaid on this 1st day of August 2003.

I hereby Swear under penalty of perjury by my Signature below the Contents of this Brief is true and Correct to the best of my Knowledge and belief

Kenneth Price

220

State Of Alabama )
County of Jefferson )

Case No. CR-02-0947

## AFFIDAVIT

I, the undersigned, a Notary Public in and for said State and County, do here-by certify the Affiant whose name is signed to this affidavit acknowledged before me that the same is true and correct to the best of his belief, knowledge, and information.

that he is with sound and disposing mind, being more than twenty-one years of age, being informed of the contents, he executed the same voluntarily, under no threats, promises, or coercion. the Affiant here by swears under penalty of perjury by his signature below the same is true and correct.

1. My true Name is Not "Kenny" price.
2. I, have Never Used the Name "Kenny."
3. to my Knowledge, prior to this Case and Conviction. No one ever used "Kenny" in my Name.
4. Everything in this Brief in the above Case Number is true and Correct to the best of my Knowledge.

Sworn and Subscribed to before me this 29 day of July 2003.

James A Beachem
Notary public

Kenneth Price
Affiant

MY COMMISSION EXPIRES
SEPTEMBER 25, 2004

221

## CONCLUSION AND

## Prayer For Relief

Appellant pray the Honorable Court will do the right thing. Take the bold step and issue an Order to the Pike County Circuit Court, that they must Obey the Law while enforcing the Law's of this great Land and in the administration of Justice.

Appellant further insist the Opinion of the Circuit Court is in Conflict with Sound and Just reasoning as well as the Spirit of the law.

Appellant respectfully prays that this Honorable Court will reverse and render this Cause for Constitutional Violations. Or grant any Other relief to which he is entitled to by law and preservation of Justice.

Respectfully Submitted

Kenneth Price

Kenneth Price

Donaldson Correctional Facility

100 Warrior Lane

Bessemer, AL. 35023



Appellant insist this Honorable Court, in light of such a serious and severe sentence meted out against Appellant, must not and can not be flippant when it comes to the violations under the United States Constitution and the Alabama State Constitution. This Honorable Court has a Gate-keeping obligation to confront the issues at Bar, and to the administration of Justice, and send a vigorous message to Pike County, Alabama that this Honorable Court will not condone, or tolerate such foolishness when it comes to sending a person to prison. It dont take a scientist or a pharmacokinetics expert to see why the prisons are overpopulated, to the extent they must send inmates to other states to serve time.

Clearly, this Honorable Court can see that the Appellant's trial was no more than a mockery of Justice.

223

Effective representation Consistent with the Sixth Amendment involves the independent duty to investigate and prepare. Dill v. State, 484 So 2d. 491-497 (Ala. Cr. App. (1985)

Failure to investigate and failure to put on Witnesses Cannot be Categorized as trial Strategy. Horton V. Zant, 941 F.2d 1449 (1991) Counsel has a duty to exercise diligence in Preparing a Case for trial and in procuring the Witnesses. Weaver V. State, 401 So.2d. 344 (1981)

the Appellant insist the trial Counsel's deficent Performance Constituted ineffective assistance. It is obvious from the record had it Not been for the ineffective assistance that in all reasonable Probability the outcome of the trial Would have been different. Even if the Counsel had Struck the Correctional Officer from the Jury the outcome Would have been different.

the Appellant was deprived a fair trial under the Sixth and Fourteenth Amendment to the United States Constitution. Because the Counsel did Not Challenge the inadequate indictment that was Clumsily and inartfully drawn, even had Appellant's Name Wrong. see enclosed Affidavit this Case is due to be reversed.

124

12. the trial Counsel Should have made a motion for a mistrial When, Angela Brock Comitted perjury, Her testimony Was, "that She did Not mess With drugs", had Not been arrested Since, September 6th, 2001, the record Shows She Was arrested oN drug charges ON, September 10th, 2001.

13. trial Counsel did Not investigate all avenues of defense. IN fact this Was his First trial before a Jury, With No actual trial experience.

14. trial Counsel refused to Subpoena Witness Who Could have give testimony of allege drug Sales ON the day iN Question. When iN fact the key Witness gave testimony, that No other person but K.P. Was present. then the Witness Said two other people Were present. trial Counsel did Not object to this erroneous testimony. Which Was Very prejudice.

The record Will Show both that Counsel's performance Was deficient and that Caused prejudice to the defense to the extent that a different outcome of the trial probably Would have resulted, But For Counsel's allegedly ineffective performance. See, Strickland v. Washington, 466 US. 668 (1984)

225

3. The attorney did not object to the name Kenny price being on the indictment. The Appellant's name is Kenneth price, and has never used the name "Kenny." See enclosed Affidavit.

4. the attorney did not challenge for cause a biassed prospective juror, who ended up as one of the jury members, that was a <u>Correctional Officer.</u>

5. Did not object, or challenge the illegally obtained evidence of tape-recordings and wiretappings with-out a warrant.

6. Did not object to unauthorized electronic sur-veillance, when permitted only with probable cause and with a warrant.

7. Did not object, and should have ask for a mistrial when, Bob Williamson said on R-52 "I felt like I had a good case" this was very prejudice to Appellant, this statement was poisoning the jury panel's minds and very prejudicial.

8. Filed a motion of discovery disclosure prematurely.

9. the attorney failed to raise the issue of probable cause, this was also prejudicial.

10 the attorney failed to preserve several claims for appellate review.

11. Did not object to State's Notice to proceed under the Habitual Felony Offender Act.

Whether the trial Attorney's Assistance were Ineffective When He Did Not Object to Wire Or Electronic Communications or Subpoena Witness.

the Appellant is Claiming he Was deprived of effective assistance of Counsel, that Appellant Suffered prejudice as a result of the deficient Performance. this Claim Comes Under the United States Constitution, Sixth, Eighth, Fourth and the Fourteenth Amendments. And applicable State law. the attorney's advice Was Wrong on every point, Which fell below an Objective Standard of reasonableness in a Criminal Case. See Strickland V. Washington, 466 U.S. 668, 80 L. Ed. 2d 693. (1984). the Appellant Will list the Wrongs the trial appointed Counsel refused to do, or did do that rendered his assistance ineffective.

1. the attorney did Not bring the faulty Warrants or the Vague indictment to the Court's attention.
2. Did Not object When the State Witness Said, See, R-106 — R-107, "that he felt like he had a good Case against the Appellant". this Statement Was Very prejudice, Which Caused the Conviction in this Case. See, Jones V. State, 392 So. 2d 1271 (1980)