IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA



| | |
|---|---|
| Kenneth Price, #150784,    ) | |
| )  | |
| Petitioner,    ) | |
| )  | |
| v.    ) | CIVIL ACTION NO. 2:06-236-WKW |
| )  | |
| J. C. Giles, et al.,    ) | |
| )  | |
| Respondents    ) | |
| )  | |

**AMENDMENT**

**CASE SUMMARY AND SUPPORTING FACTS**

**GROUND TWO**
**AMENDED**

This case originated from a three count indictment in Pike County, Alabama, that stemmed from an informant working off cases of her own by producing other cases against alleged drug dealers.

The informant in this case alleged to have made three controlled buys of the drug methamphetamine from the Petitioner on the dates of September 18th, 19th, and 20th of 2001.

These buys were alleged by the State to have been recorded by audio transmission from an electronic transmitter placed upon the informant. The police agents in this case tape recorded these alleged drug buys from the Petitioner from at least a quarter mile distance from the alleged location of the Petitioner's residence, which is where the informant alleged the buys to have taken place. There was no marked currency ever recovered and no one witness to any of the alleged controlled buys.

On November 7, 2002 a jury was struck and a criminal trial was held on cases numbered CC-02-134, -135, and -136, for Unlawful Distribution of a

Controlled Substance - Methamphetamine.

A Motion for Discovery was filed on April 19, 2002 by the Honorable James N. Thomas, Petitioner's trial counsel.

No motion to suppress was ever made concerning any of the evidence in this case.

During the course of trial in these cases the State alleged that Petitioner had sold methamphetamine on three separate occasions to an informant by the name of "Angela Brock Dees," who was working off felony drug cases of her own in order to prevent her very own prosecution.

This informants credibility and testimony was the State's **case in chief (emhasis added)**.

In conjunction with the informant's trial testimony there were audio tapes the informant and the State alleged were taken of each occasion that the purchase of methamphetamine was made from the Petitioner by the informant. There was no other eyewitnesses to any of the transactions.

At trial the audio tapes produced by the State were undiscernable and absolutely no evidence from these tapes proved that the informant actually consummated any drugs from the Petitioner as was alleged by the State and the informant. This again "**leaves the informant's testimony and credibility as the State's case in chief.**"

In Petitioner's Motion for Discovery filed by trial attorney Thomas was a specific request that the State disclose to Petitioner any N.C.I.C. Reports of criminal records of any witness that the State intended to use at trial in these cases. "**The State refused to disclose these reports and, in fact, denied that certain reports existed concerning the informant in this case - namely, Angela Brock Dees.**" (Emphasis added).

The Petitioner discovered and obtained N.C.I.C. reports of informant "Brock Dees'" actual criminal history and arrest before trial in which it was shown that Mrs. Brock Dees was arrested again for drug possession on September 10, 2001, only days before the alleged drug buys from the Petitioner by this informant, and after the signing of the contract with the Task Force to make twelve (12) cases against other people.

During trial this informant gave under oath testimony that she no longer "messed with" [sic] any drugs and had not done so since her arrest for drugs in Crenshaw County and that was only an isolated incident.

During trial Attorney Thomas began attacking Mrs. Brock Dees' credibility on cross examination.

Mr. Thomas questioned her experience and knowledge of drugs, how often she used them, and when was the last time.

Mr. Thomas attempted to question Mrs. Brock Dees about the September 10, 2001 arrest as shown by the N.C.I.C. report and also attempted to place the report into the record. The State objected to the questioning and admission of said reports and the Court sustained the objection because Mr. Thomas had not laid the proper predicate for these reports.

Subsequently, the reports were not admitted into the record for the jury to consider and trial attorney Thomas was unable to question the State's case in chief - informant "Brock Dees" any further concerning said reports.

The defense called one witness on Petitioner's behalf, a friend of both the Petitioner and the informant in this case. This defense witness "Huey Barnes" provided under oath testimony that the informant was using drugs on or about February 26, 2002 and he had personally observed Mrs. Brock Dees, the informant, purchase drugs in his presence. This testimony was in direct conflict with that of Mrs. Brock Dees about her involvement with drugs since her arrest in Crenshaw County.

At the close of evidence in this case the informant's credibility was very questionable to the point of being impeachable in the jury's minds. However, the jury did not have full knowledge of the extent of perjury that the informant, "Mrs. Brock Dees," had committed in court, **"under oath,"** in order to be sure the State obtained a conviction in these cases against Petitioner, and to be sure she had fullfilled the contract with the Drug Task Force to prevent her very own prosectuion.

The jury deliberated a very short time, then requested that more evidence be presented. After the jury could not reach a verdict on the 7th day of November, 2002. They were released for the evening. And on the 8th day of November, 2002 returned verdicts of guilty on two counts of Distribution for cases numbered CC-02-134 and CC-02-136, and not guilty on one count of Unlawful Distribution for case number CC-02-135.

Petitioner did not elect to take the stand and refute the informant's testimony with his own. This decision was due to Petitioner's prior criminal history, in which it could cause damage to Petitioner's very own credibility.

Petitioner did not realize at the time that his decision not to testify was made, the State had implanted a juror, "Jackie Warner," who was selected as jury foreman with influence from the Court upon the reading of the indictments.

The Court asked the jury pool before the jury was struck if any potential juror had served on the Grand Jury of the March, 2002 term in which Jackie Warner was the foreperson. Mr. Warner did not speak up. And, it seems very ironic to Petitioner that juror Warner was not struck but was in fact on the jury selected as the foreperson.

Petitioner insisted that this juror was a plant by the State and/or Court to insure that the jury would be knowledgeable of the Petitioner's criminal history.

Jury foreman Warner was also observed speaking with a lady outside of the courtroom that had drug cases pending in Pike County. This lady's name is Jinefer Senn and she has a person vendetta against Petitioner over a conflict of residing at one of his mobile homes. Mrs. Senn has full knowledge of Petitioner's prior criminal history and the drug cases pending against her were made by the informant in Petitioner's cases. Also, "Mrs. Brock Dees."

Even if the State and/or Court did not plant jury foreman Warner, and Petitioner believes they did, Mrs. Senn did in fact inform this juror of Petitioner's prior criminal history, which destroyed Petitioner's credibility and defense.

These factors singularly or combined did in fact prejudice Petitioner's defense at trial and was not raised on direct appeal by Petitioner's appellate counsel.

Petitioner has been forced to raise these issues without counsel to the best of his own ability on appeal and in State post-conviction process but has been denied because of his ignorance to laws and procedure of the State of Alabama's Judicial System.

Petitioner's appellate counsel filed brief under **Anders v. California** and the Alabama Appellate Court reviewed the record in this case also identifying that there were no issues reviewable. Petitioner had requested additional counsel on appeal.

Petitioner avers that he in fact did identify these issues himself with the assistance of other inmates, none of which are legal technicians. Leaving Petitioner to believe the entire judicial process of Alabama to be futile and meaningless.

Page 5

Petitioner respectfully requests that this Court should discredit any argument or claim the State may submit that the Petitioner is procedurally defaulted on his claims raised in his Petition for Habeas Corpus in this Court, and rule upon the merits of his Petition or grant an evidentiary hearing in this cause.

### GROUND TWO AMENDED

### DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL

(1) Petitioner's entire defense strategy at trial was to attack the State's case in chief "**the informant Angela Brock Dees.**"

Trial Attorney Thomas diligently and correctly attacked the credibility of informant Brock Dees on cross-examination. However, failed to lay proper foundation and predicate for N.C.I.C. reports of her arrest after the signing of a contract with the Drug Task Force that stemmed from her original arrest for drugs.

Informant Brock Dees testimony at trial was that she had not messed with drugs since the original arrest in Crenshaw County. "**THIS TESTIMONY WAS PERJURY.**"

Petitioner obtained absolute proof that this informant Brock Dees had been arrested in Pike County, Alabama for four other drug charges on September 10, 2001. this documentation was impeachment material that would have destroyed the credibility of informant Brock Dees in the minds of the jurors and would have caused substantial reasonable doubt.

Had attorney Thomas laid proper predicate for the admission of this documented evidence for the jury to consider the results of Petitioner's trial would have been different.

This was Attorney Thomas' very first criminal trial, and his inexperience in laying the proper predicate for the legally obtained N.C.I.C. reports

of Mrs. Brock Dees arrest did in fact render ineffective assistance of counsel to such a degree that allowed the State's case in chief to go unimpeached. Subsequently, causing Petitioner to be convicted and his right to a fair trial violated under the United States Constitution.

(2) Attorney Thomas was also ineffective for failing to strike juror Jackie Warner after the Court announced that he was the Grand Jury foreman in these cases. This juror even further prejudiced Petitioner by also being made the trial jury foreman.

### INEFFECTIVE ASSISTANCE OF COUNSEL ON APPEAL

Appellate counsel in this case filed an **Anders** brief citing no issues. Petitioner was severly prejudiced by this action of Appellate Attorney and has been forced to raise these issues in Habeas Court on his own. Petitioner is innocent of the crimes in which he was convicted.

**WHEREFORE**, these premises considered, Petitioner respectfully requests this Court disregard any claim the State may offer that Petitioner is procedurally defaulted from raising these claims in this Habeas Court and grant his writ of Habeas Corpus.

Respectfully submitted this 9 day of May, 2006.

_Kenneth Price_
Petitioner

I hereby swear or affirm under penalty of perjury the foregoing is true and correct.

_Kenneth Price_
Affiant

Page 7

## CERTIFICATE OF SERVICE

I hereby certify that I have mailed a true copy of the foregoing by U.S. Postal Service on the following parties by placing same in U.S. Postal Service Box at Ventress Correctional Facility on this day of 9 May, 2006.

Clerk of the United States District Court

Alabama Office of the Attorney General

_____Kenneth Price_____
Petitioner


## NOTARY BLOCK

Subscribed and sworn to before me this 9th day of May, 2006.


_____Carolyn R. Abercrombie_____
Notary Public
My Commission Expires August 18, 2007
_____
Comm. Exp. Date

Page 8