IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KENNETH PRICE, #150784, ) | |
| a.k.a., KENNY PRICE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:06-CV-236-WKW |
| ) | [WO] |
| ) | |
| J. C. GILES, et al., ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Kenneth Price ["Price"], a state inmate, on March 13, 2006. In this petition, Price challenges convictions for distribution of controlled substances imposed upon him by the Circuit Court of Pike County, Alabama in November of 2002. In their answer filed with this court on May 3, 2006, the respondents assert that Price has failed to exhaust state remedies with respect to each of the claims now pending before this court. Specifically, the respondents maintain that Price may present his void indictment and unlawful sentence claims to the state courts in a petition filed pursuant to Rule 32 of the Alabama Rules of Criminal Procedure. This assertion is supported by the evidentiary materials submitted by the respondents.

## DISCUSSION

The law is clear that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(1)(b)(1)(A). The record in this case demonstrates that Price has not yet exhausted his available state court remedies with respect to all of the claims presented in this petition for habeas corpus relief. This court does not deem it appropriate to rule on the merits of Price's claims for relief without first requiring that the petitioner exhaust state remedies. *See* 28 U.S.C. § 2254(1)(b)(2). Moreover, a stay of this case is not warranted pending the outcome of Price's state court collateral proceedings as there is nothing before this court which indicates "good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber*, ___ U.S. ___, 125 S.Ct. 1528, 1535 (2005).

In light of the foregoing, the Magistrate Judge concludes that the petition for habeas corpus relief should be dismissed without prejudice so that the petitioner can pursue his state court remedies.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be denied and that the petition be dismissed without prejudice to afford the petitioner an opportunity to exhaust all available state court

remedies. It is further

ORDERED that on or before June 2, 2006 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. WainPrice*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 17th day of May, 2006.

/s/ Susan Russ Walker  
SUSAN RUSS WALKER  
UNITED STATES MAGISTRATE JUDGE