IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

2006 JUN 16 A 9: 45

| | | |
|---|---|---|
| Kenneth Price, | * | |
| Petitioner, | * | |
| v. | * | CIVIL ACTION NO. 2:06-CV-236-WKW |
| | * | [WO] |
| J.C. Giles, et al., | * | |
| Respondents. | * | |

## OBJECTION
## TO MAGISTRATE'S RECOMENDATION OF DISMISSAL

COMES NOW the Petitioner in the above styled cause and in response to the Magistrate's Recommendation that petition for Habeas Corpus be dismissed. Petitioner objects to this recommendation and showe this Honorable Court as follows:

The State of Alabama has asserted that Petitioner has failed to exhaust his State court remedies in each of the claims submitted in Petitioner's federal Habeas Corpus petition filed in this Court on March 13, 2006. Specifically, Respondents assert that Petitioner may present the claims of void indictment and unlawful sentence to the State Court's pursuant to Rule 32 of the Alabama Rules of Criminal Procedure.

Petitioner avers that this assertion by the State is false and based upon misinformation.

The Respondents have obviously withheld documents from this Court attempting to mislead the Court in it's fact finding mission.

This action by the Respondents has caused the Petitioner now to produce portions of the record withheld by the State that support Petitioner's

exhaustion of remedies for each claim presented in the Habeas Petition.

Petitioner has been diligent in the State courts attempting to raise his claims. However, Petitioner's appellate attorney failed to identify any claims that Petitioner complained of on direct appeal. Therefore, vacating the assistance of counsel in the appellate process.

Petitioner respectfully suggests this Habeas Court should consider his appellate counsels approach, Petitioner's very low educational skills, and lack of legal knowledge that the State of Alabama has forcefully thrust upon him in the appellate process. When making the actual determination for relief sought by the Petitioner this Court should also consider that Petitioner's counsel's ineffectiveness is not fault of Petitioners and beyond his control.

Petitioner is not a legal tactician and requested the appointment of additional counsel on appeal but was denied. Subsequently, no issues were presented with the benefit of counsel on appeal in the State courts. Petitioners pro se efforts have been futile.

Petitioner now shows this Court his diligence of attempting to redress his convictions in the State courts and documentation in support which is attached and marked as Exhibits A - M.

(1) Petitioner, before sentencing and immediately following trial, filed a motion for acquittal addressing the claims of void indictment and unlawful sentence as well as other constitutional issues which was denied without a hearing. See Exhibit "A."

(2) Petitioner's attorney at sentencing brought the facts of Petitioner's prior felony conviction to the Trial Court's attention by showing that Petitioner had only one prior felony based on the specific performance of a plea agreement concerning the 1988 conviction.

Page 2

Therefore, the Trial Court was in error for imposing the sentence that Petitioner received. This issue was not raised on direct appeal by counsel. See Court Reporter's Sentencing Transcript not included.

(3) Petitioner's appellate attorney filed a no merit brief under **Unders v. California** on July 10, 2003. A motion to withdraw was filed and attached. The appellate attorney did not notify Petitioner of these filings. See Exhibit "B."

(4) On July 14, 2003 the Court of Criminal Appeals notified Petitioner of the filings by the attorney and allowed until August 4, 2003 for Petitioner to identify issues for review. See Exhibit "C."

(5) On July 21, 2003 Petitioner filed a motion for the appointment of counsel. See Exhibit "D."

(6) On July 23, 2003 Petitioner was advised that Mr. Carr was to remain his counsel. See Exhibit "E."

(7) The time for filing pro se issues extended to August 11, 2003. See Exhibit "F."

(8) Petitioner, without adequate training, very little meaningful assistance, and inadequate law library filed a pro se brief to the Appeals Court. In this brief Petitioner identified the issues of:

   (1) The sufficiency of the evidence.

   (2) Ineffective assistance of counsel and fourteen (14) other issues, including void indictment and illegal sentence. See Exhibit "G."

(9) On November 21, 2003 the Appellate Court affirmed the convictions and issued the opinion that all of the issues Petitioner complained of pro se were without merit. Also in that opinion, the Court

stated there in fact were no other issues warranting any review. See Exhibit "H."

    (10) December 1, 2003 Petitioner filed for rehearing in the Appellate Court, which was overruled on December 12, 2003. See Exhibits "I" and "D."

    (11) On December 26, 2003 Petition for Writ of Certiorari was filed pro se. See Exhibit "J."

    (12) On August 13, 2004 certiorari was denied with out opinion. See Exhibit "D" and "K."

    (13) On March 14, 2005 a pro se petition for post-conviction relief was filed pursuant to Rule 32 of the Alabama Rules of Criminal Procedure. In this petition were all issues included in the Habeas Petition. See Exhibit "L" portion of Rule 32 Petition issues.

    (14) The Trial Court summarily dismissed the Rule 32 Petition citing the grounds raised therin were raised on direct appeal. Therefore, precluded from being raised in Rule 32 proceedings. See Exhibit "M."

    (15) The instant Habeas petition to this Court followed on March 13, 2006.

Throughout the appellate process in Alabama Petitioner has done his best to obtain an attorney to properly be represented but has been denied. This has left Petitioner no other alternative than to redress his convictions on his own without the benefit of effective assistance of counsel, proper legal materials or assistance, and the Alabama State courts have not allowed any leadway for him acting pro se in any meaningful way.

It also appears the State of Alabama wishes to be rewarded for it's constitutional violations by claiming Petitioner may raise issues to the Trial Court that have previously been raised not only in the Trial Court but in the State appellate courts also, and now to this Habeas Court, which is correct vehicle for further appellate process by this Petitioner.

Petitioner is not a legal tactivcian has no legal training at all, and has been denied due process of law as set forth in the Fifth and Fourteenth Amendments to the United States Constitution as well as the right to effective assistance of counsel at trial and on appeal.

Petitioner's appellate attorney file a no merit brief and the Court of Criminal Appeals agreed with the Appellate Council. This was no strategic manuever by the Appellate Council. Therefore, this action could not have been in the best interest of Petitioner, and the Alabama Appellate Court's have not reviewed any of Petitioner's claims properly. This entire process has resulted in Petitioner's being denied effective representation on appeal in conflict with the Fifth, Sixth, and the Fourteenth Amendments to the United States Constitution.

Petitioner renews his argument of issues filed in the amendment to his Habeas Petition and all other issues originally submitted.

Any further process in the State courts of Alabama would be futile and would prove to be nothing more than meaningless ride in yet another unconstitutional proceeding. This Court should disregard any arguments that State may have that Petitioner has failed to exhaust his constitutional Habeas issues in the State courts, review the record of this case, and rule on the merits of issues Petitioner has complained of, and grant Petitioner's Writ of Habeas Corpus or any other remedy as justice shall require.

**WHEREFORE,** all premises considered Petitioner respectfully requests this Court review the exhibits submitted along with this Objection, the

complete record of the Petitioner's convictions, disregard the State's assertion that Petitioner has failed to exhaust his State court remedies concerning each claim presented in the instant petition for habeas corpus and rule upon the merits of Petitioner's claims.

I hereby swear and affirm the foregoing and documents attached are true and correct.

_____
Petitioner

### CERTIFICATE OF SERVICE

I hereby certify that I have not submitted a copy of any of the exhibits to the State of Alabama for the following reasons:
(1) The institution in which I am housed does not provide copies to inmates free of charge; and
(2) The State of Alabama has possession of each of the exhibits.

I hereby certify that I have placed a true copy of the foregoing in the U.S. Postal Service box postage paid and to be mailed to the following parties on this 14 day of June, 2006.

(1) Clerk of the U.S. District Court
(2) Alabama Office of the Attorney General

_____
Petitioner

### NOTARY BLOCK

**STATE OF ALABAMA**
**COUNTY OF BARBOUR**

Subscribed and sworn to before me this 14th day of June, 2006.

Carolyn R. Abercrombie
Notary Public

My Commission Expires August 18, 2007
Comm. Exp. Date

Page 6