EXHIBIT "A"

*Form 88*

# MOTION FOR JUDGMENT OF ACQUITTAL
# OR IN THE ALTERNATIVE FOR NEW
# TRIAL OR ARREST OF JUDGMENT

CC 2002 134,136
Case Number

[X] State of Alabama
[ ] Municipality of

_____

STATE OF ALABAMA
In the Circuit Court
of Pike County
[The City/Town of

_____ ]

v.

Kenny Price
Defendant

Defendant moves the Court to enter a judgment of acquittal in the above-styled action in favor of the defendant, or in the alternative, defendant moves the Court to set aside the judgment entered on  Nov  8 , X2002 and grant the defendant a new trial, or in the alternative, defendant moves the Court to arrest judgment on the following grounds:

(Here State Grounds)

1. Violation of Constitutional Right Amendment 6, A.C.C. (1975) 13A-5-37 (see attached).

2. Court erred, admitting illegally obtained (4th Amendment) evidence. Recording of wiretapping without a warrant (order). A.C.C. (1975) 13A-11-36 (see attached) U.S.C. Title 18, Part 1, Chapter 119, Section 2511.

3. Due process violation of withholding evidence that could have had major impact on verdict.
    (a) Witness testified under oath that she had not been in any trouble since signing the C.I. Agreement. See copy of the arrest record attached (check dates.)

4. Insufficient Indictment, violation of due process, ALA. Rule 13.1 (b) (see attached).

Jan 30, 2003
Date

_____
Attorney for Defendant

4931 Co. Rd. 3339 #2
Address

Brundidge, AL 36010

Rules 20.3(e) and 24

EXHIBIT "A"

ORIGINAL

EXHIBIT "B"

CR-02-0947

# IN THE COURT OF CRIMINAL APPEALS
# OF ALABAMA

| | | |
|---|---|---|
| **KENNY PRICE,** | * | |
| Appellant, | * | |
| v. | * | |
| **STATE OF ALABAMA,** | * | |
| Appellee. | * | |

**FILED**

JUL 1 1 2003

C/ffu 7/14/03

CLERK
ALA COURT CRIMINAL APPEALS

## APPEAL FROM AN ORDER OF
## THE CIRCUIT COURT OF PIKE COUNTY

### BRIEF OF APPELLANT
### KENNY PRICE

### JULY 10th, 2003

**BY:**

Lloyd W. Carr
**SMITH & CARR, L.L.C.**
Post Office Drawer 389
Elba, Alabama 36323
Phone: (334) 897-3658
Fax: (334) 897-8633
Attorney for Appellant

**NO ORAL ARGUMENT REQUESTED**

EXHIBIT "B"

## TABLE OF CONTENTS

PAGE

STATEMENT OF THE CASE............................................................................... 1

STATEMENT OF THE ISSUES........................................................................... 2

CONCLUSION...................................................................................................... 3

CERTIFICATE OF SERVICE ON BRIEF........................................................... 4

MOTION TO WITHDRAW.................................................................................. 5

CERTIFICATION OF SERVICE ON MOTION TO WITHDRAW.................... 6

## STATEMENT OF THE CASE

The Defendant/Appellant Kenny Price was found guilty in the Circuit Court of Pike County, Alabama in CC 2002-134 and CC 2002-136 on November 3rd, 2002. Mr. Price was represented by counsel during said trial. A Motion for New Trial was filed on January 31st, 2003 and denied on February 3rd, 2003. Mr. Price was subsequently sentenced on February 3rd, 2003 to twenty five years in each count to be served consecutively. On February 20th, 2003 defense counsel filed a Motion to Withdraw, and said motion was granted and the undersigned counsel was appointed to handle the appeal.

## STATEMENT OF THE ISSUES

After a diligent study and research of the facts and the applicable law in the above-styled case, the undersigned counsel for the Defendant/Appellant can find no legal issue arguable on its merits that could be construed as unduly prejudicial or harmful to the substantive or procedural rights of the Defendant nor can I make any argument in good faith and conscience in the Appellant's favor that merits reversal.

## **CONCLUSION**

Having concluded that this is a no merit appeal, the undersigned legal counsel has served the Defendant/Appellant with a copy of the record on appeal, and is contemporaneously herewith filing a Motion to Withdraw in this case.

Respectfully submitted this the 10th day of July, 2003.

_____
**Lloyd W. Carr           CAR137**
Attorney for the Defendant/ Appellant

**OF COUNSEL:**
**SMITH & CARR, L.L.C.**
**Post Office Drawer 389**
**Elba, AL 36323**
**(334) 897- 3658**

## **CERTIFICATE OF SERVICE**

I certify that I have this date served a copy of the foregoing Brief to Kenny Price, AIS# 150784, Defendant/Appellant, Donaldson Correctional Facility, 100 Warrior Lane, Bessemer, AL 35023; and the Attorney General for the State of Alabama, 11 South Union Street, 3rd Floor, Montgomery, Alabama, 36130 by U.S. First Class Mail, postage pre-paid on this the __10__$^{th}$ day of July, 2003.

_____
Lloyd W. Carr

Page 4

IN THE COURT OF CRIMINAL APPEALS OF ALABAMA

KENNY PRICE,                          *

     APPELLANT,                     *

VS.                                   *        CASE NO. CR 02-0947

STATE OF ALABAMA,                     *

     APPELLEE.                      *

                                *

## MOTION TO WITHDRAW

     COMES NOW Lloyd W. Carr, appointed attorney for the above-named Defendant/Appellant, and respectfully requests that this Honorable Court enter an Order granting him leave to withdraw as counsel of record. For grounds, the undersigned would show unto the Court that counsel for the Defendant believes the Defendant's appeal from the conviction and sentence imposed in the above-styled cause to be without merit.

     Respectfully submitted this the _10_ day of July, 2003.


                                    _____
                                      Lloyd W. Carr

OF COUNSEL:
SMITH & CARR, L.L.C.
Post Office Drawer 389
Elba, AL 36323
Phone: (334) 897-3658
Fax: (334) 897-8633

Page 5

## CERTIFICATE OF SERVICE

I certify that I have this date served a copy of the foregoing Motion to Withdraw to Kenny Price, Defendant/Appellant, #150784, Donaldson Correctional Facility, 100 Warrior Lane, Bessemer, Alabama 35023; and the Attorney General for the State of Alabama, 11 South Union Street, 3rd Floor, Montgomery, Alabama, 36130 by U.S. First Class Mail, postage pre-paid on this the 10th day of July, 2003.

                     _____

                     Lloyd W. Carr

Page 6

COURT OF CRIMINAL APPEALS
STATE OF ALABAMA
JUDICIAL BUILDING, 300 DEXTER AVENUE
P.O. BOX 301555
MONTGOMERY, AL 36130-1555

EXHIBIT "C"

*H. W. "Bucky" McMILLAN*
Presiding Judge
*SUE BELL COBB*
*PAMELA W. BASCHAB*
*GREG SHAW*
*A. KELLI WISE*
Judges

*Lane W. Mann*
Clerk
*Wanda K. Ivey*
Assistant Clerk
(334) 242-4590
FAX (334) 242-4689

## ORDER

CR-02-0947

**Kenny Price v. State of Alabama (Appeal from Pike Circuit Court: CC02-134; CC02-136).**

Counsel for the appellant in the above referenced cause has filed a no-merit brief and a motion to withdraw as required by Anders v. State of California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel has also advised this Court that the appellant was served a copy of the no-merit brief and furnished with the appellant's copy of the record on appeal.

Upon consideration of the above, the Court of Criminal Appeals hereby ORDERS as follows:

The appellant shall have until August 4th, 2003, to serve the appellant's counsel and this Court with a list of each and every point or issue the appellant wishes to have considered in this appeal.

If, by August 4th, 2003, the appellant fails to identify any additional issues or points to be considered on appeal, the Court will then determine what action should be taken pursuant to Anders v. State of California, and will notify the appellee when and if a brief will be required.

**Done this the 14th day of July, 2003.**

H.W. "Bucky" McMILLAN, PRESIDING JUDGE

CCA/di

cc: Honorable Lloyd W. "Will" Carr, Attorney, Appellant
    Kenny Price, Pro Se, Appellant
    Office of Attorney General

EXHIBIT "C"

# Alabama Court of Criminal Appeals Docket Sheet

| CR-02-0947 | APP : State Conviction | CR-02-0947 |
|---|---|---|

## Kenny Price v. State of Alabama  (Appeal from Pike  Circuit Court: CC02-134; CC02-136)

| | |
|---|---|
| **Sentence Date** | **Conviction Date** |
| 02/03/2003 | 11/08/2002 |
| **Sentence** | **Conviction** |
| 25 yrs. (on each conviction, consecutive), $1,000 demand reduction assessment, $100 D.F.S. fee, $50 CVF, attorney's fees (in each case) | Unlawful Distribution of a Controlled Substance (2 counts) |

## Indigent

**Notice of Appeal : 02/13/2003**

Docketed 02/20/2003  DI
Last Updated   / /

### Post Judgment Motions
02/03/2003  Motion for New Trial; Denied on 02/03/03

### Attorneys & Officials

| | | |
|---|---|---|
| **Circuit Judge** | Steven E. Blair | Enterprise, AL  (334) 393-2949 |
| **Circuit Judge** | Gary L. McAliley | Enterprise, AL  (334) 347-4785 |
| **Circuit Clerk** | Brenda M. Peacock | Troy, AL  (334) 566-4622 |
| **Ct. Reporter** | Sheila Hanson | New Brockton, AL  (334) 347-4785 |
| **Atty. for Aplt.** | Lloyd W. "Will" Carr | Elba, AL  (334) 897-3658 |
| **Atty. for Aplt.** | James N. Thomas, WITHDRAWN | Troy, AL  (334) 566-2181 |
| **Pro Se Aplt.** | Kenny Price | Bessemer, AL  (205) - |
| **Asst. A. G. for Aple.** | Jean-Paul M. Chappell | Montgomery, AL  (334) 242-7328 |

### Case Actions / Postings

| | |
|---|---|
| 01/31/2003 | MNT filed in circuit court, effective 02/03/2003, date of sentencing. |
| 02/20/2003 | Docketing Notices sent. (11/5/02 rev.) |
| 02/20/2003 | DEF. NOTICE : RPTR'S TRANSCRIPT ORDER. |
| 02/27/2003 | RTO received. |
| 03/03/2003 | Amended clerk's notice of appeal reflecting appellant sentenced on 02/03/2003 to 25 yrs. on each conviction. |
| 03/10/2003 | Copy of Judge Blair's 3/5/03 order allowing attorney James N. Thomas to withdraw and appointing attorney Lloyd W. "Will" Carr to represent appellant on appeal.  Docketing notice/fee forms sent to attorney Carr. |
| **04/08/2003** | **TC Ext. of 28 days to file Comp. of Reporter's Tran.;Due 05/08/03 (Hanson).** |
| **05/05/2003** | **AC Ext. of 28 days to file Comp. of Reporter's Tran.;Due 06/05/03 (Hanson).** |
| **06/05/2003** | **Comp. of Reporter's Transcript Certified (Hanson).** |
| **06/11/2003** | **AC Ext. of 14 days to file Record on Appeal; Due: 06/26/03** |
| 06/27/2003 | Certificate of completion and transmittal of record dated 6/25/03 (no roa to date). |
| **07/01/2003** | **Record on Appeal Filed; Volumes: 2.  Date of Certificate : 06/11/03** |
| 07/02/2003 | BRIEFING NOTICE SENT TO PARTIES. |
| **07/07/2003** | **Ext. of 7 days to file Appellant's Brief; Due: 07/16/03 (Carr).** |
| **07/11/2003** | **Appellant's No Merit Brief Filed; Copies: 5 (Carr). ⟶ 8pgs. x .50¢ = $4.00** |
| 07/14/2003 | Anders Order Issued.  Aple.'s briefing time stayed. |
| 07/21/2003 | Motion for appointment of counsel filed by appellant.  (rec'd 7/23/03) |

EXHIBIT "D"

| | |
|---|---|
| **Case Number:** CR-02-0947 | **Date:** 11/12/2004   **Time:** 15:36:07   **Page**  1 |

**Case Actions / Postings**

| Date | Action |
|------|--------|
| 07/23/2003 | Letter to appellant advising he has counsel, Mr. Carr. |
| 07/28/2003 | Motion for extension of time to file brief filed by appellant.  (rec'd 7/29/03) |
| 07/30/2003 | Time for filing pro se issues extended to 8/11/03. |
| **08/01/2003** | **Appellant's Pro Se Issues Filed; Copies: 1 (Price).** |
| 08/05/2003 | Case Automatically Assigned & Delivered to Judge |
| **08/05/2003** | **Submitted under Anders Procedure** |
| 08/25/2003 | Appellee's motion for 7-day extension to file its brief, filed by Jean Paul Chappell.  (Sent to file.  Assistant A.G. Chappell advised by telephone that no brief is due unless ordered by the Court as this case was submitted pursuant to Anders procedure.) |
| **11/21/2003** | **Affirmed by Memorandum (McMillan) (Memo.)** |
| 11/26/2003 | Letter from appellant asking if State filed a brief, filed.  (rec'd 12/1/03) |
| **12/01/2003** | **Application for Rehearing Filed.** |
| 12/02/2003 | Letter to appellant advising State did not file brief. |
| **12/12/2003** | **Application for Rehearing Overruled.** |
|  | Cobb, J. Concurs, Baschab, J. Concurs, Shaw, J. Concurs, Wise, J. Concurs |
| 12/12/2003 | Parties notified that:Application for Rehearing Overruled. |
| **12/26/2003** | **Petition for Certiorari Filed w/AL SC.  SC Case # : 1030509.** |
| **08/13/2004** | **SC - Writ Denied - No Opinion** . SC Case # **: 1030509.** |
| **08/13/2004** | **SC - Certificate Of Judgment Issued** . SC **Case # : 1030509.** |
| **08/13/2004** | **Certificate of Judgment Issued** |

*END OF DOCKETING INFORMATION*

EXHIBIT "E"

# Court of Criminal Appeals

State of Alabama
Judicial Building, 300 Dexter Avenue
**P. O. Box 301555**
**Montgomery, AL 36130-1555**

July 23, 2003

**H. W. "BUCKY" McMILLAN**
**Presiding Judge**
**SUE BELL COBB**
**PAMELA W. BASCHAB**
**GREG SHAW**
**A. KELLI WISE**
**Judges**

**Lane W. Mann**
**Clerk**
**Wanda K. Ivey**
**Assistant Clerk**
**(334) 242-4590**
**Fax (334) 242-4689**

Mr. Kenneth Price
AIS #150784
100 Warrior Lane
Bessemer, AL 35023

RE:    CR-02-0947
       Kenny Price v. State

Dear Mr. Price:

This is in response to your motion for appointment of counsel. Please be advised that Mr. Lloyd W. Carr is now representing you on this appeal.

We have contacted the circuit clerk's office regarding the correct spelling of your name. We use the spelling that is listed on the indictment which is Kenny.

Sincerely yours,

LANE W. MANN, CLERK
COURT OF CRIMINAL APPEALS

LWM/jz

cc:    Honorable Llooyd W. "Will" Carr
       P. O. Drawer 389
       Elba, AL 36323

EXHIBIT "E"

**COURT OF CRIMINAL APPEALS**
STATE OF ALABAMA
JUDICIAL BUILDING, 300 DEXTER AVENUE
P.O. BOX 301555
MONTGOMERY, AL 36130-1555

EXHIBIT "F"

| | | |
|---|---|---|
| **H. W. "Bucky" McMILLAN** | July 30, 2003 | **Lane W. Mann** |
| Presiding Judge | | Clerk |
| **SUE BELL COBB** | | **Wanda K. Ivey** |
| **PAMELA W. BASCHAB** | | Assistant Clerk |
| **GREG SHAW** | | (334) 242-4590 |
| **A. KELLI WISE** | | FAX (334) 242-4689 |
| Judges | | |

### NOTICE

CR-02-0947

Kenny Price v. State of Alabama (Appeal from Pike Circuit Court:
CC02-134; CC02-136).

    You are hereby notified that the following action was taken
in the above cause by the Court of Criminal Appeals:

    On pro se motion of the appellant, the time for filing the
appellant's pro se issues is extended to August 11, 2003.

                    Lane W. Mann, Clerk
                    Court of Criminal Appeals

LWM/wki

cc: Honorable Lloyd W. "Will" Carr, Attorney, Appellant
    Kenny Price, Pro Se, Appellant
    Office of Attorney General

EXHIBIT "F"

Exhibit G (Apellant Brief)

HANDWRITTEN

DOCUMENT

IS NOT SCANNED.

IT IS FILED

IN CONVENTIONAL FORMAT

AND AVAILABLE FOR VIEWING

IN THE CLERK'S OFFICE.

*Exhibit H*

# Court of Criminal Appeals

State of Alabama

Judicial Building, 300 Dexter Avenue

**P. O. Box 301555**

**Montgomery, AL 36130-1555**

H.W."BUCKY" McMILLAN
**Presiding Judge**
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
**Judges**



RELEASED

NOV 2 1 2003

CLERK
ALA COURT CRIMINAL APPEALS

Lane W. Mann
**Clerk**
Wanda K. Ivey
**Assistant Clerk**
(334) 242-4590
Fax (334) 242-4689

**MEMORANDUM**

CR-02-0947                 Pike Circuit Court CC-02-0134 & -0136

<u>Kenny Price v. State</u>

McMILLAN, Presiding Judge.

The appellant was found guilty of two counts of unlawful distribution of a controlled substance. The trial court sentenced him, as a habitual offender with five prior felony convictions, to two consecutive terms of 25 years' imprisonment. The court also suspended his driving privileges and ordered him to pay a $1,000 demand reduction fee, a $100 forensic fee, a $50 crime victims assessment, court costs and attorney fees.

The appellant, pro se, filed written notice of appeal. His trial counsel was permitted to withdraw, and a new counsel was appointed for appeal. The appellate counsel has filed a brief in substantial compliance with <u>Anders v. California</u>, 386 U.S. 738 (1967), in which he states that he believes that this appeal is without merit. The appellant has submitted two

1

issues for this court's consideration: whether the evidence was sufficient to support the guilty verdict and whether his trial counsel was ineffective, based upon fourteen alleged "wrongs."

A review of the record reveals that both of the appellant's claims are without merit and that there is no other issue which warrants review on appeal. Therefore, the judgment of the trial court is affirmed.

AFFIRMED.

Cobb, Baschab, Shaw, and Wise, JJ., concur.

2

# COURT OF CRIMINAL APPEALS
## STATE OF ALABAMA



**Lane W. Mann**
  **Clerk**
**Wanda K. Ivey**
  **Assistant Clerk**

P. O. Box 301555
Montgomery, AL 36130-1555
(334) 242-4590
Fax (334) 242-4689

December 12, 2003

**CR-02-0947**

Kenny Price v. State of Alabama  (Appeal from Pike Circuit Court: CC02-134; CC02-136).

## NOTICE

You are hereby notified that on December 12, 2003 the following action was taken in the above referenced cause by the Court of Criminal Appeals:

Application for Rehearing Overruled.

**Lane W. Mann, Clerk**
**Court of Criminal Appeals**

**cc:** Hon. Brenda M. Peacock, Circuit Clerk
Lloyd W. "Will" Carr, Attorney
Kenny Price, Pro Se
Jean-Paul M. Chappell, Asst. Atty. Gen.

EXHIBIT "I"

# IN THE ALABAMA SUPREME COURT

EXHIBIT "I"

KENNY Price

Appellant

VS.

STATE OF ALABAMA

CASE # _____

## MOTION TO FILE LESSER NUMBER OF COPIES

COMES THE APPELLANT, KENNY PRICE, AND MOVES THIS COURT FOR PERMISSION TO FILE A LESSER NUMBER OF COPIES OF APPELLANT'S REPLY BRIEF PURSUANT TO RULE 31, A.R.A.P.

As GROUNDS FOR THIS REQUEST THE APPELLANT AVERS:

1.) HE IS AN INDIGENT INMATE AND CANNOT AFFORD TO FACILITATE COPIES. HE CAN ONLY SEND 1 COPY to THE CLERK.

Respectfully submitted On this ____ DAY OF _____, 2003

_____

EXHIBIT "J"

# IN THE SUPREME COURT OF ALABAMA

KENNY PRICE
    APPEALLANT,

VS.

STATE OF ALABAMA
    APPEALEE

CRIMINAL APPEAL NO.
CR02-0947

## PETITION FOR CERTIORARI

Comes now the Appeallant in the above styled cause and respectfully petitions this Honorable Court pursuant to Rule 39 of the ALABAMA RULES OF APPellate Procedure for a Writ of Certiorari in this matter. Further, the Appeallant respectfully moves, pursuant to Rule 39(K) of the Alabama Rules of Appellate Procedure, that this Honorable Court correct or amend the facts as stated in the Opinion of the Court of Criminal Appeals. As grounds therefor Appeallant respectfully Submits as follows:

1. The Court of Criminal Appeals erred in its Conclusion that the evidence presented at

# IN THE SUPREME COURT OF ALABAMA

KENNY PRICE,
     APPEALANT,

VS.

STATE OF ALABAMA,
     APPEALLEE,

CRIMINAL APPEAL NO.
CR02 - 0947

## APPEAL FROM THE CIRCUIT COURT OF PIKE COUNTY, ALABAMA CASE NUMBER CC02 - 134, 136

## PETITION FOR WRIT OF CERTIORARI AND BRIEF IN SUPPORT

SUBMITTED BY:

KENNY PRICE, PRO-SE
AIS # 150784  BED-7
100 WARRIOR LANE
BESSEMER, ALABAMA
       35023

IN THE SUPREME COURT OF Alabama

Kenny Price
      Defendant

US.


   State OF Alabama

CRIMINAL APPEAL,
NO. _____

## CERTIFICATE OF SERVICE

    I hereby certify that I have this date served a copy of the foregoing Brief upon the Attorney General for the State of Alabama by placing a copy of the same in the United States Mail, properly addressed and postage prepaid on this ____ day of _____ 2003.

_____

Kenny Price  150784
Pro-SE
Defendant

Served on,
Attorney General
Alabama State House
11 S. Union Street
Montgomery, Alabama   36130

Statement OF The Facts Pursuant To Rule 39(K)
OF The Alabama Rules OF Appellate Procedure


Mr. Price respectfully submits that the
facts should reflect that the trial counsel
performance was INeffective.

trial is sufficient to sustain Mr. Price's Conviction. This conclusion is in conflict with the Published opinion of this Honorable Court in Ex parte Presley, 587 So. 2d 1022 (Ala. 1991), which states " The burden of Proof, as that term is properly used, does not shift to the defendant. It remains on the State to prove every element of the offence charged in order to establish the defendants guilt beyond a reasonable doubt." Id. at 1025. To the extent that Friedman V. State, 654 So. 2d 50 (Ala. Cr. App. 1994), is in conflict with the decision of this Honorable Court in Ex parte Presley, 587 So. 2d 1022 (Ala. 1991), the former is due to be overruled.

Whether the Lower Court erred In Affirming the Conviction when Appellant raised 14 issues on Ineffective Assistance of trial Counsel. Strickland vs. Washington 466 U.S. 668, 80 L. Ed 2d 693,

# INTRODUCTION

This case presents a Petition for Writ of Certiorari. The Opinion of the Court of Criminal Appeals was released on November 21st, 2003. A copy of that Opinion is attached hereto as an exhibit.

The record on appeal consists of the Clerk's record, which will be referred to as "C" followed by a page number, and the reporter's transcript, which will be referred to as "R" followed by a page number. The appellee will be referred to as "The State" or "the prosecution". The appellant will be referred to as "The defendant" or "Mr. Price".

# Issue Presented For Review

The following issue is presented to this court for review.

1. Whether the Court of Criminal Appeals erred in its conclusion that the trial counsel was effective in his performance.

# Arguement

Whether the Electronic Evesdroping was legally done, to obtain the tape recording that was used as evidence in the defendants trial.

Whether the trial Counsel was Ineffective in laying proper Foundation to discredit informants testimoney.

After Trial, The Defendant was given evidence to show that the Informant was not a <u>reliable Informant</u>, and if trial Counsel had laid proper foundation, The Informant would not have been allowed to Testify. THe Informant signed a contract (see copy attached as exhibit A) to work with the 12th Judicial Task Force on <u>Sept. 6th, 01</u>. Then on <u>Sept. 10th, 01</u>, (see copy attached as exhibit B) Just 4 days later, the Informant was arrested for (4) four Charges dealing with Illeagal drugs. (also see enclosed Clipping from Newspaper as exhibit C) The Informant was charged with manufacturing methampheta- mine (1st) first degree as well as possession of marijuana (2nd) second degree

Title III, Omnibus crime control and Safe streets Act of 1968, 18 U.S.C. 2510 et seq. This comprehensive Federal statute makes unauthorized electronic surveillance a serious crime. The general rule under the statute is that offical eavesdropping and wiretappings are permitted only with probable cause and a warrant (order.) see. Alderman Vs. United States 394 U.S. 165(1969)

Also, Title III includes an exclusionary rule, illegally intercepted communications may not be introduced as evidence in any trial or hearing. It applies to state courts as well as federal courts.

The Trial Counsel was ineffective by not laying proper foundation to exclude illegally obtained tape recordings by electronic Eavesdropping without First obtaining a warrant (Order) see. Alderman Vs. United States, 394 U.S. 165 (1969)

Whether the Lower Court erred in it's ruleing on the defendant's motion filed on 1-30-03 (C-56-72) On electronic eavesdropping without a warrant (order)

The defendant repeatedly asked his lawyer to file a motion to suppress the illegally obtained evidence of tape recordings done by electronic eavesdropping without a warrant (Order) see. Alderman vs. United States 394 U.S. 165 (1969)

When the defendants lawyer would not file a motion to suppress the illeagally obtained evidence, The defendant with little knowledge of preparing a motion, filed a motion for Judgement of Acquittal or in the alternative for new Trial or arrest of Judgement on 1-30-03 (C-56-72) The defendant's motion was denied.

3

# TABLE OF AUTHORITIES

## CASES CITED

Ex parte Presley, 587 So. 2d 1022 (Ala. 1991) . . .

Friedman v. STATE, 654 So. 2d 50 (Ala. Cr. App. 1994) . . .

Strickland v. Washington, 466 U.S. 668,
80 L. Ed. 2d 693              . . . . .

Title III, Omnibus Crime Control and Safe
Streets Act of 1968, 18 U.S.C. 2510
et seq.                    . . . . .

Alderman v. United States, 394 U.S. 165
(1969)               . . . . .

EXHIBIT "K"

# IN THE SUPREME COURT OF ALABAMA



August 13, 2004

**1030509**

Ex parte Kenny Price.  PETITION FOR WRIT OF CERTIORARI TO THE COURT OF CRIMINAL APPEALS  (In re: Kenny Price v. State of Alabama)   (Pike Circuit Court: CC02-134; CC02-136; Criminal Appeals : 020947).

## CERTIFICATE OF JUDGMENT

### Writ Denied

The above cause having been duly submitted, IT IS CONSIDERED AND ORDERED that the petition for writ of certiorari is denied.

**Writ Denied - No Opinion**

BROWN, J., - Nabers, C.J., and See, Harwood, and Stuart, JJ., concur.

I Robert G. Esdale, Sr., as Clerk of the Supreme Court of Alabama, do hereby certify that the foregoing is a full, true and correct copy of the instrument(s) herewith set out as same appear(s) of record in said Court.

Witness my hand this 13th day of  August,  2004

*Robert G. Esdale Sr.*

Clerk, Supreme Court of Alabama

/hh

EXHIBIT "L"

## GROUND VII

PETITIONERS TRIAL AND SENTENCING PROCEEDINGS WAS
PREJUDICED BY MULTITUDINOUS INDICTMENT,AND USED AT
SENTENCING PHASE OF SAID,JOINED WITH MULTITUDINOUSLY
USED PRIOR CONVICTIONS, VIOLATED CONSTITUTIONAL GUARA-
NTEES AGAINST CRUEL AND UNUSUAL PUNISHMENTS.

## STATEMENT OF THE FACTS

(1) The March 2002 Grand Jury Term of Pike County Alabama,
returned an indictment against petitioner charging petitioner
with unlawful distribution of a controlled substance, in
violation of 13A-12-211 of the Alabama Code.
  Thus an indictment charging petitioner for a single
offense in three different counts.

(ii) This indictment was presented to the petit to decide
the petitioners innocence or Guilt, (R-4A..Ln:25,-R-7A.
Ln:23.)as to whether the petitioner did or did not sell a
controlled substance to a confidential informant, Angela
Brock,as alleged at trial on the 18th,19th,20th, of
September, of 2001.

(iii) Thus an indictment based on the same facts, agreements
and scheme and resulting in petitioners recieving two
twenty five year sentences to run consecutive.

(iv) In addition to the above, petitioners sentence was
improperly enhanced as having five prior convictions,
based on a plea agreement containing the five prior charges
which resulted in only one conviction.

-82-

mult.Ind.-

EXHIBIT "L"

## SUMMARY OF RELEVANT FACTS

### CURRENT CHARGE

(v)  In regards to no(i) above,as described and demonstrated
in Ground two above, Task Force Agent, Williamson (hence
forth,"Williamson") provided confidential informant,Angela
Brock, (hence forth "Brock") with fifty dollars in United
States currency, instructing Brock to locate and purchase
a "half" gram of methamphetamine, a controlled substance
from petitioner .

Williamson, having affixed an eavesdropping device to
Brocks person, and a transmitting device, in Brock truck,
was tape recording alleged drug transactions between
petitioner and Brock, via radio frequency and reciever
divice from within the confines of petitioners home,
alleged to have occured on the 18th,19th,and 20th, day of
September,2001,

Brock was alleged to have returned after each said
recorded visit to petitioners home, and provided williamson
with one vial of methamphetamine, alleged to have been
purchased by Brock from the petitioner, on said dates,
where after, Williamson would then mark the methamphetamine,
and tape recording for identification, analysis and
evidence which resulted in said-indictment (i,above)

As described in Ground .3.. above, the alleged transaction
which was to have occurred on the 19th, day of September,
2001identified by the trial court as cc-2001-135, was
mistrialed but petitioners girlfriend identified as
co-defendant,of which resulted in mistrial for petitioner,
however the other two counts cc-2001-134,cc2001-136,
petitioner was found guilty of and sentenced to two
twenty five year sentences to run consecutively. (iii,above)

## SUMMARY OF FACTS

### PRIOR CHARGE.
(vi) In regards to (iv) above, petitioner was charged
in 1988, with first degree sodomy, X-1 ; first degree sexual
abuse,X3; and second degree sexual abuse. involving the
same victim and on the same date.

Petitioner made plea with the court of guilty, resulting
concurrent statis, and recieved one twelve year conviction,
serving a five year sentence there on. (C-74-75.);
(R-272,Ln:17,-R-283,Ln:9)

mult.ind.2

A.                  ISSUE PRESENTED AND ARGUMENT

WHETHER PETITIONERS INSTANT INDICTMENT WAS MULTIPLICIOUS
AND CREATED UNCONSTITUTIONAL PREJUDICE UPON PETITIONERS
TRIAL AND SENTENCING PROCEEDING

---

As described above,(i) petitioner was accused and tried
under an indictment alleging a violation of 13A-12-211,
unlawful distribution of a controlled substance, of which
indictment specifically provides as follows:
    ....."The Grand Jury of said county charge that before
the finding of this indictment that,
                KENNY PRICE
Who's name is to the Grand Jury otherwise known,
Did unlawfully sell, furnish,give away, manufacture,
deliver or distribute a controlled substance, to wit:
Methamphetamine, in violation of section 13A-12-211,of the
Alabama Code, against the peace and dignity of State of
Alabama;and,
                OFFENSE TWO
    same; and,
                OFFENSE THREE
    same).

    See indictment, (C-11.)

    Thus, an indictment alleged a single offense in three
courts, and does not state the precise date, etc., at which,
or on which of the offenses is alleged to have been committed
,as demonstrated below, was a material ingredient of the
offense(s) alleged against petitioner.


    Indictment charging a single offense in different counts
are multiplicious, see: U.S. V. Powell, 894,F2d 895,897,
-98(7th cir. 1990) noting that "Indictment charging
conspiracy to distribute cocaine and methamphetamine as
two separate counts multiplicious because each count based
on same facts and arreement. "see also, U.S. V. Corona,
108 F3d 565,573-74(5th. cir 1997).
    In this instant case, as described above, (v.above),
petitioner was alleged to have sold, Brock, a half Gram.
of methamphetamine, being purchased by Brock, with funds
($50.00) provided by Williamson, of which purchase, or
transactions were being recorded, and drugs purchased by
Brock were provided to Williamson on each occasion.(ii.,above)

-84-

mult.Ind.3

However, the indictment in this cause simply does not
refer to any material time, place, or date,yet alleges
only that petitioner is charged with three counts of the same
offense.
   Certainly, multiplicious on its face as it would require
proof of identical facts.
   The court in U.S. V. HandaKas, 286 F3d 92,98(2nd cir.
2002)  recognized that "Indictments listing two counts,
each charging tax evasion scheme over distinct one year
period, was multiplicious when both periods were part of
the same scheme violating statutory provisions".
   In this instant case, again, the indictment in this case
does not allege a specific date for either count alleged,
however as described above, and as record will reflect,
(ii,v,above) Williamson and Brock, performed the same exact
method of allegedly obtaining evidence during the course
of three adjoining days, during the same investigation,
and there by subjecting petitioner to allegedly participate
in a continuing scheme created by Williamson to ensure
petitioner into selling a narcotic.
   Although the date's may be distant of three adjoining
days,it was certainly not alleged in the indictment, and
part of a continuing unlawful scheme created by
law-enforcement officer Williamson, as described above
and in Ground Two above.
   Further, recognizing another important factor, the court
in U.S. V. Dixon, 273 F3d 636,642 (5th.cir.2001) render
that , "Two Robbery counts in the same indictment was not
multiplicious when each count refers to different victims,"
   In this instant case, the indictment does not allege a
victim,however, as described above (v.) and the record
will reflect (ii,above), that Brock would be the "victim"
on each said occasion, who allegedly purchased a controlled
substance from petitioner, and thus a case based on a
multiplicious indictment,

-85-

Mult.Ind.4

The U.S. Supreme Court in, U.S. V. Blockburger,284
U.S.299,304 (1932) held,that,"Double Jeopardy Bars
subsequent prosecutions for a single act unless the act
can be prosecuted and punished under different statutory
provisions that require proof of different elements.

In this instant case, petitioner specially demonstrates
above, that the indictment alleges a single violation of
13A-12-211,Code of Ala, in three counts(c-11);(i.above)
of which offenses require proof of identical facts,(ii,above)
of which facts petitioner demonstrates above (v. above)
and no other required proof was available to prosecute this
case , and thus herefore , petitioner being tried under
said indictment (i,above) was in violation of the
constitutional Double Jeopardy provisions.

In a similar case as thus, U.S. V. Elliot, 849, F2d 886,
890 (4th. cir.1988), the court rendered that "Although
multiple acts of physical delivery of a controlled
substance technically distinct, because they occurred
essentially at the same time, same place, and involved the
same participants, must be considered a single offense
under statute prohibiting participation in any aspect of
distribution chain."

In this instant case, petitioner was accused under the
unlawful distribution of a controlled substance statute
of the Alabama Code (i, above) again which was alleged to
have occurred essentially at the same time,(technically
distinct, U.S. V. HandaKas, id.) at the same place, and
involved the same participants, Powell,id. Corona,id.
(v.above) and must have been tried as a single offense.

Further, The courts in U.S. V. Dixon, 921 F2d.194 196
(8th.cir. 1990) rendered that a multiplicious indictment
charging two contemptuous counts of possession of cocaine
could have suggested to the jury that the defendant
commited more than one crime."

In this instant case, there is no doubt, as described above
(ii,iii), the trial record will reflect that the petitioner
jury was persuaded by the petitioners said indictment
(i, above) that the petitioner committed more than one
offense .

In fact, as described in Ground.6.. above prosecutor

Mutt.Ind. 5

of this case, Mr. Jerell, supplants this thought in the
juries minds in opening arguments, that petitioner alleged
actions allege a co-defendant,cumulation of extraneous
exposure used to create prejudicial display of more than
one offence.
   Certainly, thus , in cumulation with the multiplicious
 in the petitioners indictment indictment  creating a
substantial impact on two of the three alleged offence's
of which neither of the three counts were supported by any
evidence in this case. (Ground three).


   The court in U.S. V. Brandon,17 F3d 409, 422(1st cir.1994)
points out that a Multiplicious indictment violates double
jeopardy clause, because it raises danger that the defendant
will recieve more than one sentence for a single crime".
   In this instant case, petitioner believes he has above
demonstrated a concise demonstration of facts that petitioners
constitutional Double jeopardy provisional guarantee have
been wrongfully trampled by the state, and its multiplicious
indictment against petitioner .
   And there is no doubt that the resulting danger of said
multiplicious indictment caused the petitioner to recieve
two twenty five consecutive sentences for one alleged offense.
Final, The Supreme Court of the United States held that
the proper way to remedy a multiplicious conviction is to
vacate all but one conviction. see Ball V. U.S. 856,864-
65(1985)

   Herefore, for the afore-demonstrated reason, petitioners
twin court of cc-134,or cc-136, is due to be vacated and
existing only one said, conviction; or with respects the
entirety of demonstrated violations demonstrated in all
other Grounds hereto, a vacated conviction on both said
counts, are warranted.

-87-

Mult.Ind.6

B. WHETHER CONSTITUTIONAL DOUBLE JEOPARDY PROVISIONS
   WERE VIOLATED BY USE OF MULTIPLICIOUSLY USED
   PRIOR CONVICTION AT SENTENCING ENHANCING

---

Petitioner contends that his sentence was improperly
enhanced as having five prior convictions, when five 1988
charges, resulted in only one twelve year conviction
based on a guilty plea agreement. (vi,above)
   Thus objected to at sentencing by Thomas, (Trial counsel)
as having only one case number, and should be consider
* one conviction. (R-277;Ln: 23)

(1.) The state contends that petitioner 1988 Guilty Plea
   Conviction contained 1, First degree sodomy offense,
   (class A Felony);3, First degree Sexual Abuse offense,
   (class,C.Felony); 1, second degree Sexual Abuse offense.
   (class,A misdemeaner or)and therefore even though this
   case was consolidated into one 12-year conviction,
   petitioner should be class as having five prior conviction,
   for the purpose of habitual offender status.

(ii) Thus petitioner believes that he was graciously
   sentenced to two 25-year sentences to run consecutively,
   pursuant to the status of 13A-5-9,(C),(2), which
   specifically provides as follows: ...."(c) In all cases
   where it is shown that a criminal defendant has been
   previously convicted of any three felonies and after such
   convictions has committed another Felony he must be
   punished as follows.... On a conviction of a Class B Felony
   he must be punished for life in the penitentiary.


(iii) Petitioner in this case, was facing sentencing under
   two above described multiplicitious class B Felony ;
   constitutional due to be considered as one felony,(A above)

mult. Ind.7

(iv) In Burgess V. State, 412 SO2d. 299 (Ala.Crim.App. 1982)
"the court held that , Seven Guilty pleas in one trial
considered one conviction under 13A-5-9, a conviction
must be used to enchance punishment only when it is followed
by commission of another felony.
    Where a defendant commits no offenses after any of his
seven guilty pleas, separately received in one trial,
the court misapplies this section in considering each guilty
plea a conviction that can be used to enhance punishment,"
    In this instant case, as demonstrated above, (B.(i) above)
(summary of facts; Prior charge ,VI,above) petitioner
made Five guilty pleas separately received in one trial,
thus petitioner as well receiving only one 12-year conviction
there from, identified as CC88-076, Pike Co. Ala.which
involved the same victim, and on the same date.
    Thus, a conviction as so identified in presentence report.
(C-98-page: seven.) Reflecting, one conviction. (1(v),above)


(v)  As objected to at sentencing (B.above) Petitioner
respectfully disagrees with said conviction; being considered
as Five priors, when only one prior conviction exits (iv.above)
    Petitioner received two twenty five year consecutive
sentences for two of the three offenses alleged against
petitioner (iii,above)
    Thus, of which petitioner believes he was sentence under
the Habitual Offenders Act.13A-5-9,(c)(2) which provides:
"In all cases when it is shown that criminal defendant has
been previously convicted of any three felonies after such
convictions has committed another felony, he must be
punished for life in penitentiary.
    Certainly as petitioner received two twenty five year
sentences would be most gracious, however, petitioners
contends that the habitual offenders act was misapplied
in respects of Bergess,id.
    The records reflect that petitioners prior conviction
status reflects one prior conviction (iv.above) which would
subject petitioner to the provisions of 13A -5-9.(a) (2)
which in pertinent part provides that after it is shown
that a criminal defendant has been previously convicted
of any felony ,and after such conviction has committed
another felony, he must be punished as follows:......
(2) On a conviction of a class B Felony, he must be
punished for class A Felony.

mult.8

thus, petitioner was convicted of a class B.Felony, unlawful distribution of a controlled substance. 13A-12-211(b);and

Thus, pursuant to 13A-5-6 (a) (i), would carry a sentence for " life or not more than 99 years or less than 10 years." with 1-prior conviction.

However, the provisions of 13A-5-4(a) also apply in petitioners sentencing status in question, which provides as follows:

"The particular classification of each Felony defined in this title, except murder under section 13A-6-2, is expressly designated in the chapter or article defining it. Any offenses defined outside this title which is declared by law to be a felony without specification of its classification or punishment , is punishable ad a class C felony."

In this instant case, petitioners indictment charges unlawful distribution of a controlled substance, and stipulates "METHAMPHETAMINE" as a controlled substance alleged to have been distributed. (C-37)

Thus, the indictment does not allege 13A-12-216, authorizing the provisions of Title 20-2-20,through 20-2-31,defining the classification of methamphetamine as a controlled substance offence in this case, and therefore the classification of the particular felony is not specifically defined in the sentencing scheme of 13A-12-231, nor invoked pursuant to 13A-12-216, by the state and herefore must be corrected that petitioner committed a class "C" felony, pursuant to the provisions of 13A-5-4(a) and

Thus, entitling petitioner to the sentencing provisions of 13A-5-9,(a)(1),providing inpertinent part that "On a conviction of a class"c" felony , he must be punished for a class "B" felony and thus, pursuant to 13A-5-6,(a)(2), provides a sentence for a class "B" felony to " not more than 20-years or less than 2 years".

For the afore mentioned reasons, to calculate petitioners as having five prior convictions would result in a multiplicious sentence enhancement, and thereby cruel and unusual punishment under the 8th, amendment of the United States Constitution, to receive a harsher sentence than what the law requires, as demonstrated above.

Further, the 14th, Amendment of the United States Constitution guarantees petitioner that he will receive equal protection of the law, and will not be denied life liberty, or property, without due process of the law.

For petitioners sentence to stand as is, would be to denie petitioner those rights, as petitioner is entitled, pursuant to relevant above demonstrated laws(13A.).

mult-9

Just as so demonstrated in Burgess (iv. above)id.,
to a sentence reduction, as having one prior felony,
conviction, pursuant to 13A-5-9,(a)(1), Ala. Code 1975, with
with respects to 13A-5-4,(a); 13A-5-6, (a)(2),Ala. Code
1975 as demonstrated above.

Herefore, Petitioner believes it is warranted to said
reduction of sentence to reflect two  to twenty years;
Or in the alternative, due the above described violations
and Grounds reflecting petitioners innocence, a vacated
conviction, or reduce to minimum with time served.

mult.10

EXHIBIT "M"

## IN THE CIRCUIT COURT OF
## PIKE COUNTY, ALABAMA

KENNETH REX PRICE,                    *
                                       *
        PETITIONER,                    *
                                       *
VS.                                    *      CASE NO: CC-2002-134 & 136
                                       *
STATE OF ALABAMA,                      *
                                       *
        RESPONDENT.                    *

### ORDER

This matter comes before this court by Petitioner for Relief from Conviction or Sentence pursuant to Rule 32, <u>Alabama Rules of Criminal Procedure</u>, the State's Response and the Petitioners Response to the State's Response.

The court find that the Petitioner raised the issue of ineffective assistance of trial counsel in his Brief on appeal to the Alabama Court of Criminal Appeals. The court further finds the Petitioner raised in his brief on appeal the same or similar issues regarding ineffective assistance of trial counsel that are raised in this Rule 32 Petition. The Court of Criminal Appeals ruled on the merits and affirmed the conviction. The Alabama Supreme Court denied the Writ of Petition for Writ of Certiorari. All of the issues raised in the Rule 32 Petition was addressed in the Petitioners appeal, with the exception of ineffective assistance of appellant counsel.

It is **ORDERED** that all of the grounds raised by the Petitioner in this Rule 32 Petition, (excluding ineffective assistance of counsel) are precluded as they were raised or addressed on appeal. With regards to the issue/ground of ineffective assistance of appellant counsel the court finds that the Petitioner alleges that appellant counsel was ineffective because he did not raise certain issues on appeal. The issues the Petitioner claims that appellant counsel did not raise on appeal were the same issues the Petitioner addressed in his Brief to the Court of Criminal Appeals and ruled on by the Court of Criminal Appeals.

The court finds that there is no merit to the Petitioner's allegations in ineffective assistance of appellant counsel as the Court of Criminal Appeals has determined trial counsel was not ineffective, regarding the same issues.

EXHIBIT "M"

Based upon the above the Rule 32 Petition is summarily **DENIED.**

Done this the _____ day of _____, 2005.


_____
JEFF W. KELLEY
CIRCUIT JUDGE