IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KENNETH PRICE AIS# 150784 ) <br> a.k.a., KENNY PRICE, ) <br> ) <br> Petitioner, ) <br> ) <br> v.   ) <br> ) <br> ) <br> J.C. GILES, et al., ) <br> ) <br> Respondents. ) | CIVIL ACTION NO. <br> 2:06-cv-236-WKW |

## SUPPLEMENTAL ANSWER

Come now the Respondents in the above styled cause, by and through the Attorney General of the State of Alabama, in response to this Court's order, issued on June 21, 2006, and supplement their answer as follows:

1. First, the Respondents are not attempting to mislead the Court by not giving the Court pertinent documents, as suggested by the Petitioner. All of the pertinent documents presented by Price were presented to this Court by the Respondents. Compare Doc#9, Ex. A, C. 56 with Doc# 18, Ex. A; Doc#9, Ex. B with Doc#18, Ex. B; Doc#9, Ex. C with Doc# 18, Ex. G; Doc#9, Ex. D with Doc#18, Ex. H; Doc #9, Ex. F with Doc# 18, Ex. I; Doc#9, Ex. G (did not include the motion to file lesser copies) with Doc#18,

Ex. J (note some of the pages in Ex. J are in a different order than Doc#9, Ex. G); Doc#9, Ex. H with Doc#18, Ex. K; Doc#9, Ex. I, p. 117-122 with Doc #18, p. 32-37 (Ex. L); Doc#9, Ex. I, p. 123-126 with Doc#18, p. 38-41 (Ex. L); Doc#9, Ex. I, p. 2-3 with Doc#18 (Ex. M).

    2. The Respondents do not argue that he did not raise his issues concerning the void indictment and his sentence under the Alabama Habitual Felony Offender Act in his Rule 32 petition. The Respondents' position is twofold: 1) The claims were not properly exhausted on direct appeal, because Price failed to raise them throughout the Alabama appellate courts including the Supreme Court to exhaust the claims under O'Sullivan v Boerckel, 526 U.S. 838, 845 (1999); Smith v. Jones, 256 F.3d 1135, 1140-41 (11th Cir. 2001) (requiring presentation of claims to the Supreme Court of Alabama for discretionary review to exhaust the claims under O'Sullivan) see Doc#9, Ex. C, E, and G; and 2) although Price could properly present claims involving an illegal sentence and void indictment in a Rule 32 petition, he did not appeal the denial of the post-conviction petition; therefore, he still has not presented his claims throughout the appellate courts, as required under O'Sullivan, and the claims remain unexhausted. See Pruitt v. Jones, 348 F.3d 1355, 1359 (11th Cir. 2003) (holding that O'Sullivan applies to post-conviction remedies).

3. If his claims of a void indictment and being sentenced illegally truly implicate the jurisdiction of the Alabama courts to try and sentence him accordingly, then Price is not prevented from returning to state court to raise his claims in the state trial court, and then properly exhaust the claims by raising them throughout the Alabama appellate courts.  See Warwick v. State, 843 So. 2d 832, 834 (Ala. Crim. App. 2002) (holding that issues involving an illegal sentence are jurisdictional and may be raised at any time); Byrd v. State, 763 So. 2d 987, 989 (Ala. Crim. App. 2000) (holding that issue that indictment is void is not waivable, because the issue is jurisdictional); Grady v. State, 831 So. 2d 646, 648 (Ala. Crim. App. 2001) (holding that jurisdictional issues are not subject to preclusion based on the limitations period or the rule against successive petitions).

4. Therefore, Price may still have the ability to return to state court and litigate these claims in the Alabama trial and appellate courts, if his indictment was truly void, and his sentence was illegal.  Because these claims remain unexhausted, and Price may have the ability to present them throughout the Alabama courts, his petition contains exhausted and unexhausted claims, this Court should dismiss the petition, as Price failed to exhaust his claims by appealing the denial of his Rule 32 petition, and raising his claims throughout the Alabama appellate courts.

5. In the alternative, if the Alabama courts were to deem his claims not truly jurisdictional (as the Respondents also believe) because his indictment was not void, and his sentence was not illegal, his claims would be procedurally defaulted by Rules 32.2(a)(2) or (3) of the Alabama Rules of Criminal Procedure, because these issues were either raised at trial or could have been raised at trial and 32.2(a)(4) and (a)(5) because he did or could have raised these issues on appeal. Furthermore, any new petition he filed raising these non-jurisdictional claims would be filed outside the one-year limitation period created under Rule 32.2(c) of the Alabama Rules of Criminal Procedure; and finally, any new petition would be barred under Rule 32.2(b), the rule against successive petitions.

6. Also, Price could not return to the appellate courts to litigate his claims, although he presented his claims in his Rule 32 petition. Under Rule 4(b)(1) of the Alabama Rules of Appellate Procedure, Price had 42 days from the denial of his petition to appeal the denial of the petition that occurred on June 17, 2005.

7. The Respondents believe that Price has not raised truly jurisdictional claims, and as such his claims of illegal sentence and void indictment could be considered procedurally defaulted for his failure to appeal the denial of the Rule 32 petition. Under Alabama law, an indictment

only needs to track the language of the statute, assuming the statute defines the crime with particularity. See Ex parte Harper, 594 So. 2d 1181, 1183 (Ala. 1991). Price's indictment tracked the language of the indictment and put him on notice of what he had to defend against. Compare Ala. Code § 13A-12-211 (1994) and Doc #9, Ex. A, C. 11-12. Therefore, his indictment was not void. Also, Price was convicted of a class B felony, and it was determined that he had three prior felony convictions; therefore, his range of punishment under the Alabama Habitual Felony Offender Act was 20 years in prison to life in prison. See Ala Code § 13A-5-9(c)(2) (Supp. 2005) (amendment became effective May 25, 2000) Consequently, his sentence was legal in Alabama. Price admitted to pleading guilty to five charges in previous proceedings (Doc#9, Ex I, p. 124); thereafter he committed his crime of distributing methamphetamine. Consequently, he was properly sentenced as an habitual offender with at least three prior felony convictions. See Watson v. State, 392 So. 2d 1274, 1279 (1980) (holding that where a defendant pleads guilty to separate charges on the same day, they are considered separate felonies under the Alabama Habitual Felony Offender Act). Price misreads Burgess v. State, 412 So. 2d 298, 299 (Ala. Crim. App. 1982), which merely held that a court cannot use a previous guilty plea entered to enhance a second guilty plea that is subsequently entered; the

defendant must commit another offense after his convictions to enhance his sentence under the Act. Therefore, the Respondents, in the alternative, do not believe that Price has raised a truly jurisdictional claim that will allow him back into state court.

8. Finally, the Respondents readopt their argument from their original answer that these claims raised by Price are merely state law claims that do not impact his federal constitutional rights, and are not properly reviewable in a § 2254 petition. (Doc#9, ¶28)

9. For these reasons, this Court should not review the merits of Price's habeas claims and should deny him relief.

Respectfully submitted,

s/Jean-Paul M. Chappell (CHA073)
Jean-Paul M. Chappell (CHA073)
Office of the Attorney General
Alabama State House
11 South Union
Montgomery, AL  36130-0152
Telephone:  (334)  242-7300
Fax:  (334)  242-2848
E-Mail: jchappell@ago.state.al.us

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of July, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: <u>Kenneth Price, AIS #150784, Ventress Correctional Facility, P. O. Box 767, Clayton, Alabama 36016</u>.

        Respectfully submitted,

        s/Jean-Paul M. Chappell (CHA073)
        Jean-Paul M. Chappell (CHA073)
        Office of the Attorney General
        Alabama State House
        11 South Union
        Montgomery, AL  36130-0152
        Telephone:  (334)  242-7300
        Fax:  (334)  242-2848
        E-Mail: jchappell@ago.state.al.us