IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KENNETH PRICE AIS# 150784 )<br>a.k.a., KENNY PRICE, )<br> )<br>Petitioner, )<br> )<br>v. )<br> )<br> )<br>J.C. GILES, et al., )<br> )<br>Respondents. ) | CIVIL ACTION NO.<br>2:06-cv-236-WKW |

**SUPPLEMENTAL ANSWER FOR JULY 7, 2006 ORDER**

Come now the Respondents in the above styled cause, by and through the Attorney General of the State of Alabama, in response to this Court's order, issued on July 7, 2006, and supplement their answer as follows:

1. This Court ordered the Respondents to address two issues in this answer:

   a. "[W]hether the trial court improperly precluded Price's substantive issues challenging the indictment and sentence as such claims may be raised at any time in state court[;]" (Doc. 21, p. 1) and,

   b. "whether the trial court will entertain the merits of a successive Rule 32 petition in which Price presents claims of a void indictment and unlawful sentence." (Doc. 21, p. 1)

2. The trial court in its order ruled that all issues, with the exception of the ineffective assistance of counsel claims were precluded from review "as they were raised or addressed on appeal." (Doc. 10, p. 5) It does appear that the trial court may have erred in concluding that these issues were raised on appeal, because it does not appear that Price raised the same issues on direct appeal, concerning the void indictment and his sentence being illegal, that he raised in his Rule 32 petition and in his habeas petition. It is, however, clear that the state court relied on a state procedural law to conclude that these issues were precluded.

3. Price's remedy, however, if the state court was in error, was to file an objection in the trial court to its order, and then raise the issue on appeal, throughout the Alabama appellate courts, as is required by O'Sullivan v. Boerckel, 526 U.S., 838, 845 (1999). To the extent the trial court may have improperly concluded that Price's claims were precluded from review, under the state law of Rule 32, this issue should have been raised on appeal; however, Price failed to appeal the denial of his Rule 32 petition.

4. The Respondents, however, do not believe the state court erred in ruling the grounds were ultimately precluded (although the ground for preclusion may have been incorrect) because Price did not raise any truly meritorious issues concerning his indictment being void or his sentence being illegal. As argued in the previous supplemental answer, (Doc. 20 p. 4-5), Price's indictment tracked the

language of the statute; therefore, it was not void. See Ex parte Harper, 594 So. 2d 1181, 1183 (Ala. 1991)  Price also had five previous guilty plea convictions, and was sentenced as an habitual offender, with at least three prior felony convictions, to serve 25 years in prison.  The range of punishment was 20 years to life, for a class B felony under the Alabama Habitual Offender Act.  See Ala Code § 13A-5-9(c)(2) (Supp. 2005).  The issues that Price raises in his habeas petition, and that Price raised in his initial Rule 32 petition that he failed to appeal, would be precluded by Rule 32.2 (a)(3) and (5) because Price could have raised the issues at trial and then on appeal, but failed to do so, and they are not truly jurisdictional issues, as Price's sentence was not illegal and his indictment was not void.  Furthermore, as argued above, even though he raised the issues in his Rule 32 petition, he failed to appeal its denial.  Therefore, he has procedurally defaulted on these claims because the time to appeal the denial, was 45 days from its denial under Rule 4(b)(1) of the Alabama Rules of Appellate Procedure, which has long since passed.

    5. Concerning issue "b.", under current law, Price would not be able to return to state court to litigate these claims that he raised in his Rule 32 petition.  The Supreme Court of Alabama, recently held in Ex parte Seymour, on June 30, 2006, that issues concerning a defect in the indictment do not implicate the

3

jurisdiction of the trial court to convict the defendant, and as with other non-jurisdictional claims, are precluded from review by Rule 32.2.

> The validity of Seymour's indictment is irrelevant to whether the circuit court had jurisdiction over the subject matter of this case. A defect in an indictment may be error, see Rule 15.2(d), Ala. R.Crim. P.-- or even constitutional error, see Ala. Const., Art. I, § 8-- but the defect does not divest the circuit court of the power to try the case. A defendant who challenges a defective indictment is thus subject to the same preclusive bars as one who challenges any other nonjurisdictional error, such as an illegal seizure or a violation of the Confrontation Clause.

Ex parte Seymour, No. 1050597, 2006 WL 1793747, at *3 (Ala. June 30, 2006). The Alabama Supreme Court therefore, appears to be narrowing the scope of what a "jurisdictional claim" truly is. Furthermore, Price could not return to state court to litigate his illegal sentence claim, because he was properly sentenced within the appropriate range of punishment. Consequently, his sentence was not illegal.

    6. In conclusion, Price's opportunity to challenge the state trial court's ruling concerning his Rule 32 claims that he was allegedly illegally sentenced and his sentence was illegal was through the Alabama appellate courts, as is required by O'Sullivan. Because he failed to do this, these claims should be considered procedurally defaulted by this Court.

4

7. Finally, the Respondents readopt their argument from their original answer that these claims raised by Price are merely state law claims that do not impact his federal constitutional rights, and are not properly reviewable in a § 2254 petition. (Doc#9, ¶28)

        Respectfully submitted,

        Troy King, ASB #KIN047
        *Attorney General*
        By-


        s/Jean-Paul M. Chappell
        Jean-Paul M. Chappell (CHA073)
        *Assistant Attorney General*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of July, 2006, I filed the foregoing with the Clerk of the Court and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: <u>Kenneth Price, AIS# 150784, PO Box 767, Clayton, Alabama 36016-0767</u>

        Respectfully submitted,

        s/Jean-Paul M. Chappell (CHA073)
        Jean-Paul M. Chappell(CHA073)
        Office of the Attorney General
        Alabama State House
        11 South Union Street
        Montgomery, AL  36130-0152
        Telephone: (334) 242-7300
        Fax: (334) 242-2848
        E-mail: jchappell@ago.statel.al.us

158240/95071-001