IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KENNETH PRICE AIS# 150784 <br> a.k.a., KENNY PRICE, <br><br> Petitioner, <br><br> v. <br><br> J.C. GILES, et al., <br><br> Respondents. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. <br> ) 2:06-cv-236-WKW <br> ) <br> ) <br> ) <br> ) |

**SUPPLEMENTAL ANSWER TO COURT'S ORDER
ISSUED JULY 21, 2006**

Come now the Respondents in the above styled cause, by and through the Attorney General of the State of Alabama, in response to this Court's order, issued on July 21, 2006, and supplement their answer as follows:

1. This Court ordered the Respondents to address two interrelated issues:

a. "[W]hether Price raised [his void indictment and illegal sentence] claims on direct appeal of his convictions, and

[b.] whether, if Price did raise such claims during the direct appeal process, he properly exhausted the claims in the state courts so as to preserve them for review by this court." (Doc. 23)

2. Price's void indictment claim that he raises in his habeas petition is that "a void indictment of the 3 counts of distribution was found and it was acted on as a manufacturing charge, which illegally also charged him...." (Doc. 1, p. 6)

3. His illegal sentence claim from his habeas petition is that he "was sentenced under [the Alabama Habitual Felony Offender Act] in which a plea agreement was used against him and only one felony was the only felony legally retained against him." (Doc. 1, p. 7)  He also reiterates this argument in his brief in support of the petition. (Price's br. in support of pet., p. 7)

4. In order to have properly exhausted the above claims on direct appeal, Price would have needed to properly present them to the state's highest court, as required under O'Sullivan v Boerckel, 526 U.S. 838, 845 (1999), and Smith v. Jones, 256 F.3d 1135, 1140-41 (11th Cir. 2001). Price presented the following issues to the Supreme Court of Alabama in his petition for writ of certiorari: 1) The Court of Criminal Appeals erred when it concluded that there was sufficient evidence to find him guilty (Doc. 10, Ex. G, p. 1-2[1]); and 2) "[w]hether the lower court erred in affirming the conviction when [he] raised 14 issues of ineffective assistance of trial counsel. Strickland v. Washington[,] 466 U.S. 688 [(1984).]" (Doc. 10, Ex. G, p. 2)  In his brief in support of the petition, Price raised the following issues to the Supreme Court of Alabama:

---

[1] The Respondents are using the page numbers from the top of the e-filed document.

2

a. "Whether the electronic eavesdrop[p]ing was legally done, to obtain the tape recording that was used as evidence at trial." (Doc. 10, Ex. G, p. 8)

b. "Whether trial counsel was ineffective in laying proper foundation to discredit informant[']s testimon[]y." (Doc. 10, Ex. G, p. 8) This argument is based on Price's assertion that the informant was not reliable, "and if trial counsel had laid [the] proper foundation, the informant would not have been allowed to testify[,]" because she was arrested on drug charges shortly after signing an agreement to work as an informant. (Doc. 10, Ex. G, p. 8)

c. "Trial counsel was ineffective by not laying [the] proper foundation to exclude illegally obtained tape recordings by electronic eavesdropping without first obtaining a warrant[.] (order) See Alderman v[]. United States, 394 U.S. 185 (1969)[.]" (Doc. 10, Ex. G, p. 9)

d. "Whether the lower court erred in its rul[]ing on [his] motion filed on 1-30-03 (C-56-72) on electronic eavesdropping without a warrant (order)[.]" (Doc. 10, Ex. G, p. 9)

e. "[He] repeatedly asked his lawyer to file a motion to suppress the illegally obtained evidence of tape recordings done by electronic

3

        eavesdropping without a warrant (order)...." (Doc. 10, Ex. G, p. 10)

    f. "When [his] lawyer would not file a motion to suppress the illegally obtained evidence, [he,] with little knowledge of preparing a motion, filed a motion for [']Judgment of Acquittal or In the Alternative for New Trial or Arrest of Judgment['] on 1-30-03 (C-56-72)[.] [His] motion was denied." (Ex. G, p. 10)

    5. Price never mentioned in his certiorari petition, or brief in support the petition, that his sentence was illegal or that the indictment was void; therefore, he failed to exhaust these claims by raising them in the state's highest court, as required under O'Sullivan, 526 U.S. at 845.

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts ... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

Price never gave the state courts this opportunity because he never presented his void indictment and illegal sentence to the Supreme Court of Alabama on direct appeal. The Supreme Court of Alabama will only consider arguments presented to it in the petition and brief in support of the petition. See e.g., Cain v. Howorth, 877 So. 2d 566, 584 (Ala. 2003) ("An appeals court will consider only those issues

4

properly delineated as such, and no matter will be considered on appeal unless *presented and argued* in brief.") (Internal citations omitted).

      6. Also Price did not raise these issues as substantive issues, in their own right, in his *pro se* issues presented to the Alabama Court of Criminal Appeals after his attorney filed an <u>Anders</u>[2] brief. Instead, Price only raised issues concerning sufficiency of the evidence (Doc 10, Ex. C, p. 8-9) and ineffective assistance of counsel (Doc. 10, Ex. C, p. 11-14) In his ineffective assistance of counsel claims, however, Price did not raise the same issues that he now raises in his habeas petition. In his *pro se* issues as concerns his indictment and sentence, Price only argued that his counsel was ineffective for failing to challenge "the faulty warrants on the vague indictment" (Doc. 10, Ex. C, p. 10), "[t]he attorney did not object to the name Kenny Price being on the indictment. The appellant's name is Kenneth Price, and has never used the name 'Kenny[,]'" (Doc. 10, Ex. C, p. 11), and his attorney "did not object to the State's notice to proceed under the Habitual Felony Offender Act." (Doc. 10, Ex. C, p. 11) Consequently, Price did not raise the issues that he now raises in his habeas petition, even in his initial *pro se* issues to the Alabama Court of Criminal Appeals. He also did not raise these habeas issues in his application for rehearing; although, even if he had, they would not have been properly preserved for appellate review because, generally, "issues not raised on

---

[2] <u>Anders v. California</u>, 388 U.S. 924 (1967)

appeal originally cannot be considered on application for rehearing." Calloway v. State, 860 So. 2d 900, 905 (Ala. Crim. App. 2002).[3]

7. Price also has not shown cause and prejudice or that a miscarriage of justice will result -- thereby excusing his procedural defaults -- for failing to raise his illegal sentence and void indictment claims throughout the Alabama appellate courts, either on direct appeal, or in his Rule 32 petition[4]. See Coleman v. Thompson, 501 U.S. 722, 750 (1991); Smith, 256 F.3d at 1138. "[A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance." Coleman, 501 U.S. 722, 732 (1991). "[T]he federal court may foreclose [his] filing in state court; the exhaustion requirement and procedural default principles combine to mandate dismissal." Bailey v. Nagle, 172 F.3d 1299, 1303 (11th Cir. 2003).

---

[3] Price's issues are not the types of issues that "could not have been raised on the initial appeal because the issue[s] were not created until after the initial appeal had been decided[.]" See Calloway v. State, 860 So. 2d 900, 905 (Ala. Crim. App. 2002).

[4] Although the Court's order requested answers to whether Price exhausted his void indictment and illegal sentence claims on direct appeal, Price also failed to exhaust these claims during the Rule 32 process, because he failed to appeal the denial of the Rule 32 petition. See Doc. 20, ¶2. He has procedurally defaulted on these issues, because he cannot now return to state court to appeal the denial of the Rule 32 petition. See Doc. 20, ¶7. Also Price cannot show sufficient grounds, as argued above, to excuse his procedural default.

8. The Respondents also readopt their position from previous arguments, that Price's habeas claims concerning a void indictment and an illegal sentence, as stated, only involve state law issues.  (Doc#22, ¶7)

        Respectfully submitted,

        Troy King, ASB #KIN047
        *Attorney General*
        By-


        s/Jean-Paul M. Chappell
        Jean-Paul M. Chappell (CHA073)
        *Assistant Attorney General*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of August, 2006, I filed the foregoing with the Clerk of the Court and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:  <u>Kenneth Price, AIS# 150784, PO Box 767, Clayton, Alabama  36016-0767</u>

                Respectfully submitted,

                s/Jean-Paul M. Chappell (CHA073)
                Jean-Paul M. Chappell(CHA073)
                Office of the Attorney General
                Alabama State House
                11 South Union Street
                Montgomery, AL  36130-0152
                Telephone: (334) 242-7300
                Fax: (334) 242-2848
                E-mail: jchappell@ago.statel.al.us

165204/95071-001