IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

KENNETH PRICE, #150784,
a.k.a., KENNY PRICE,

Petitioner,

v. CIVIL ACTION NO. 2:06-CV-236-WKW

J. C. GILES, et al.,

Respondents.

**ORDER**

The respondents filed an answer and supplements thereto in accordance with the provisions of Rule 5, *Rules Governing Section 2254 Cases in the United States District Courts*, in which they contend that the present habeas corpus petition is due to be denied because the claims raised therein are barred from review by this court. Specifically, the respondents argue that Price's claims are procedurally defaulted due to his failure to properly exhaust each of these claims in the state courts pursuant to the State's procedural rules. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Smith v. Jones*, 256 F.3d 1135, 1140-1146 (11th Cir. 2001), *cert. denied*, 534 U.S. 1136, 122 S.Ct. 1081, 151 L.Ed.2d 982 (2002); *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002); *Holladay v. Haley*, 209 F.3d 1243, 1254 n. 9 (11th Cir.), *cert denied*, 531 U.S. 1017 (2000); *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999); *Collier v. Jones*, 901 F.2d 770, 773 (11th Cir. 1990); *Teague v. Lane*, 489 U.S. 288 (1989). In support of this argument, the

respondents assert that the claims presented by Price with respect to selection of the grand jury foreman and the trial judge's alleged threats to the petit jury are procedurally defaulted because Price failed to present these claims at trial, did not present them in his *pro se* brief on direct appeal and failed to file an appeal from the denial of his Rule 32 petition. The respondents further argue that all claims of ineffective assistance of appellate counsel are procedurally defaulted because Price failed to appeal the denial of his Rule 32 petition. Additionally, the respondents maintain that Price's claims that trial counsel failed to instruct petitioner on all stages of trial and did not move to quash the indictment for omission of the element of intent or due to modification of the indictment of all three counts on one page are likewise procedurally defaulted because Price never presented these specific claims to the state courts. *Price v. Carpenter*, 529 U.S. 4465, 45-453 (2000). To the extent Price challenges trial counsel's failure to object to the trial judge's errors relating to the jury and seeks relief on claims raised only in his Rule 32 petition, the respondents assert that such claims are procedurally defaulted because Price did not file an appeal from the trial court's denial of his Rule 32 petition.

  The respondents argue that Price's void indictment and unlawful sentence claims entitle him to no relief from this court as neither implicates a federal right and both are without merit. They further argue that to the extent Price alleges constitutional violations with respect to the sentence imposed and the sufficiency of the indictment such claims are procedurally defaulted because Price did not raise these substantive issues throughout the direct appeal process and failed to appeal the denial of his Rule 32 petition. With respect

to those claims raised and adjudicated by the state courts throughout the direct appeal process, 28 U.S.C. § 2254(d)(1) places new constraints on the power of a federal district court to grant a state prisoner's application for habeas corpus relief. In sum, the statute directs that this court may grant a writ of habeas corpus only "if the relevant state-court decision was either (1) '*contrary to* ... clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) '*involved an unreasonable application of* ... clearly established Federal law, as determined by the Supreme Court of the United States.' (Emphases added.)" *Williams v. Taylor*, 529 U.S. at 404-405, 120 S.Ct. at 1519. "Under § 2254(d)(1) and the *Williams* decision, [a federal court] can grant relief only if the state court decision denying relief is 'contrary to' clearly established federal law or is an 'unreasonable application' of federal law." *Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001). In the vast majority of cases, a federal district court will be faced with the contention that the state court unreasonably applied federal law.

> In determining whether the state court's decision is an unreasonable application of the law set out in [applicable] Supreme Court decisions, we need not decide whether we would have reached the same result as the state court if we had been deciding the issue in the first instance. Instead, we decide only whether the state court's decision of the issue is objectively unreasonably. *See Williams v. Taylor*, 529 U.S. 362, 411, 120 S.Ct. 1495, 1522, 146 L.Ed.2d 389 (2000) ("Under §2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."); *Brown v. Head*, 272 F.3d 1308, [1313] (11th Cir. 2001)("It is the objective reasonableness, not the

> correctness *per se*, of the state court decision that we are to decide.").

*Wright v. Secretary for the Dept. of Corrections*, 278 F.3d 1245, 1256 (11th Cir. 2002). Additionally, the statute makes it clear that a federal court cannot grant relief with respect to claims adjudicated on the merits by the state courts "unless the adjudication of the claim . . . resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). With respect to the ineffective assistance of counsel claims, the respondents maintain that these claims are procedurally barred from federal review because Price failed to file an application for rehearing and did not petition the Alabama Supreme Court on appeal from the denial of his Rule 32 petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Smith v. Jones*, 256 F.3d 1135, 1140-1146 (11th Cir. 2001), *cert. denied*, 534 U.S. 1136, 122 S.Ct. 1081, 151 L.Ed.2d 982 (2002).

A procedural default bars consideration of the merits of a claim unless the petitioner can establish "cause" for the failure to follow the state's procedural rules and show "prejudice" resulting from this failure. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Wainwright v. Sykes*, 433 U.S. 72 (1977). However, even if the petitioner fails to show cause and prejudice, a procedural default will not preclude a federal court from considering a habeas petitioner's federal constitutional claim where the petitioner is able to show that the court's failure to address his claim would result in a "fundamental miscarriage of justice." *Schlup v. Delo*, 513 U.S. 298, 320 (1995); *Murray v. Carrier*, 477

U.S. 478 (1986). The miscarriage of justice exception allows federal courts to address procedurally defaulted claims if the petitioner shows that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Carrier*, 477 U.S. at 496.

Accordingly, it is

ORDERED that on or before August 28, 2006 the petitioner may file a response to the answers filed by the respondents. Any pleadings, documents or evidence filed after this date will not be considered by the court except in exceptional circumstances. The petitioner is advised that at any time after August 28, 2006 the court shall "determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the [court] shall make such disposition of the petition as justice shall require." Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*.

The petitioner is instructed that when responding to the respondents' answers he may file sworn affidavits or other documents in support of his claims. Affidavits should set forth specific facts which demonstrate that the petitioner is entitled to relief on those grounds presented in the habeas corpus petition. If documents which have not previously been filed with the court are referred to in the affidavits, sworn or certified copies of those papers must be attached to the affidavits or served with them. When the petitioner attacks the respondents' answers by use of affidavits or other documents, the court will, at the proper time, consider whether to expand the record to include such materials. *See* Rule 7, *Rules Governing Section 2254 Cases in the United States District Courts*.

The petitioner is cautioned that in responding to the respondents' assertion that each of his claims for relief are procedurally defaulted he must state specific reasons why he failed to comply with the state's procedural rules or otherwise did not present or pursue these claims in state court either at the trial court level, on appeal or in available post-conviction proceedings. The petitioner is advised that the reasons presented must be legally sufficient and that the facts surrounding or relating to the reasons for the failure must be stated with specificity. Moreover, if the petitioner asserts that this court should address the procedurally defaulted claims under the fundamental miscarriage of justice exception, the petitioner must show specific reasons for the application of this exception.

DONE, this 14th day of August, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE