IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED

2006 SEP 28 A 9: 20

| | | |
|---|---|---|
| Kenneth Price, #150784, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | CIVIL ACTION NO. 2:06-CV-236-WKW |
| | * | |
| J.C. Giles, et al., | * | |
| | * | |
| Respondents. | * | |

## RESPONSE

Respondents filed a Supplemental Answer to Petitioner's Habeas Corpus Petition in which they contend that the Petition is due to be denied because the claims stated therein have not been exhausted throughout the State Courts. Specifically, Respondents have argued that Petitioner's claims that the petit jury foreman being the grand jury forman also, the judge's threats to place the jury in jail, "Improper Allen Charge," and all other claims presented to this Habeas Court are defaulted because Petitioner failed to present those claims at trial or on direct appeal, and failed to appeal the denial of his Rule 32 Petition by the Trial Court.

Petitioner avers this assertion by the Respondents is not only improper but false. Respondents clearly suggest that Petitioner has in fact received ineffective assistance of counsel at trial and on direct appeal. Therefore, the Respondents clearly now argue that for Petitioner's counsels failure to present the claims Petitioner has complained of at the appropriate times at trial or direct appeal Petitioner is now defaulted from raising those claims to this Habeas Court.

Petitioner's pro se efforts on appeal were futile, and the Trial Court does not have authority to review the findings of the Appellate Courts, in Rule 32 proceedings, therefore, Petitioner was precluded from raising his claims back to the Trial Court after direct appeal, and the fact that Petitioner did so attempt is meaningless.

On March 10, 2003 appellate attorney Carr mailed to the Petitioner notification that he had been appointed to represent him on appeal. However, this notification was mailed to Petitioner's home address. Petitioner was at that time housed at Donaldson Correctional Facility in Jefferson County, Alabama serving two (2) consecutive twenty-five (25) year sentences from which Mr. Carr was due to appeal. This notification was forwarded to Petitioner from family members in which Petitioner received from them on March 18, 2003. See Exhibit "N" attached.

Petitioner finds it very hard to believe an attorney practicing criminal law would not have known that a conviction of twenty (20) years or more in the State of Alabama does not allow the liberty of bond for the person after sentencing, and demonstrates Mr. Carr's unwillingness to research the record, the bare minimum to at least have the ability to contact Petitioner, something Mr. Carr never attempted or wished to do.

On March 18, 2003 Petitioner notified Mr. Carr concerning his appeal listing many complaints. However, at no time was ever contacted again by Mr. Carr. See Exhibit "O" attached.

On July 10, 2003 Attorney Carr filed a no merits brief to the Appellate Court, subsequently from the time of the appointment of Mr. Carr until the filing of the no merit brief was only sixty (60) days and Petitioner had not ever been allowed to give Mr. Carr his account of events or come

into contact with his attorney in any meaningful way. A motion to withdraw was also filed by Mr. Carr and attached to the no merit brief. See Exhibit "B" of Objection.

Mr. Carr failed to notify Petitioner of these filings to the Appellate Court the minimum cursory action which he could have taken considering the circumstances and the filings by Mr. Carr on behalf of Petitioner.

On July 14, 2003 the Appellate Court notified Petitioner of the filings by Mr. Carr and allowed until August 4, 2003 for Petitioner to indentify pro se issues for review. See Exhibit "C" of Objection.

On July 15, 2003 Petitioner contacted Mr. Carr again by mail of the notification by the Appellate Court and requested a copy of the filings to the Appellate Court from him. However, Mr. Carr never responded. Records from Donaldson Correctional Facility clearly can reveal that Petitioner has never at any time received any correspondence from Mr. Carr.

In this letter dated July 15, 2003 from Petitioner to Mr. Carr Petitioner asked Mr. Carr what a no merit brief was, asked him what he was attempting to do, asked him why he was refusing to correspond with Petitioner or his wife. See Exhibit "P" attached.

On July 21, 2003 Petitioner filed a Motion for Appointment of Counsel and an extension of time. See Exhibit "Q" attached.

In this motion for appointment of counsel to the Appellate Court, Petitioner requested his name be corrected to Kenneth Price. He gave notice he was unable to retain counsel, the issues were too complex for him to properly identify and raise, and that he was limited in legal knowledge with little education.

Also in this motion for counsel Petitioner suggested the issues for the Court's consideration were: "Ineffective assistance of counsel at trial,"

Page 3

"wrong name on indictment," "Petitioner was not guilty as charged," "the Court was without jurisdiction to convict him," "inadequate notice of indictment," and any other issues the record would reveal to a seasoned effective attorney.

Petitioner requested the appointment of Attorney Paul Brunson, Jr. of Clayton, Alabama to represent him on appeal. This was due to Mr. Brunson's agreement to accept the case under indigency status.

On July 23, 2003 Petitioner was advised that his motion for appointment of counsel was denied, and that Mr. Carr was to remain his counsel. The time for filing pro se issues was also extended to August 11, 2003. See Exhibits "D" and "E" of Objection.

Therefore, from July 14, 2003 until August 11, 2003 the Alabama Court of Criminal Appeals forced Petitioner, a layman and very uneducated, to identify issues for review. A time period of less than thirty (30) days.

On August 1, 2003 Petitioner's pro se issues were filed by the Appellate Court, which were:

(1) The insufficiency of the evidence.
(2) Ineffective assistance of trial counsel; and fourteen (14) other issues under this claim.

On November 21, 2003 the Appellate Court affirmed Petitioner's convictions, and opined that all of the issues complained of were without merit. The Court also stated in its opinion that a complete review of the record by the Court did not reveal any additional issues warranting review. Therefore, in an unstated opinion the Court did not find that appellate counsel was ineffective by filing the no merits brief. See Exhibit "H" of Objection.

On December 1, 2003 Petitioner filed for rehearing in the Appellate Court, which was overruled on December 12, 2003. See Exhibits "I" and "D" of Objection.

On December 26, 2003 Petitioner filed for a Writ of Certiorari to the Alabama Supreme Court, which was denied on August 13, 2004. See Exhibits "J" and "K" of Objection.

Petitioner avers that a federal writ of habeas corpus to this Court was ripe upon denial of certiorari. However, Petitioner was unaware of his right to file to this Court at that time from lack of legal experience and training.

Petitioner respectfully requests that this Court consider the totality of the circumstances surrounding his appellate process, and in so doing give great weight to not only his counsel's performance at trial and appeal but also the standing of the Court of Criminal Appeals opinion stated clearly that the Court had reviewed the entire record of Petitioner's cases and found that there are no issues of merit which warranted the Court's review.

Petitioner shows that the Respondents, his appellate counsel, and Courts expected Petitioner to acquire a legal education, identify issues of error by the Trial Court, and his counsel, then correctly brief the Court, all within a time period of less than thirty (30) days. This is something this Petitioner simply could not do, and should not have had such a burden thrust upon him so suddenly. However, this is what the appellate process has forced upon this Petitioner and for Petitioner's lack of legal knowledge at that time Respondents argue that Petitioner is now barred from raising his claims to every court in the land. Petitioner's right to effective representation and redress of unconstitutional convictions have been severely trampled upon by his counsel and the entire state judicial process.

On March 14, 2005 Petitioner filed a petition for post-conviction relief pursuant to Rule 32 of the Alabama Rules of Criminal Procedure. Included in said petition were all issues presented to this Habeas Court.

The Trial Court summarily dismissed said Rule 32 Petition, citing all issues raised therein were raised on direct appeal. Therefore, they were precluded from being raised in Rule 32 proceedings.

Petitioner must assume that Trial Court absent clear and convincing abuse of discretion.

Petitioner respectfully requests this Court take specific notice of the Alabama Rules of Court procedures for appellate review, Rule 32 proceedings, and the Trial Court's reasoning for dismissal of the Rule 32 petition, as well as the Alabama Court of Appeals consistent precedent.

(1) Under Alabama Rules of Appellate Procedure issues presented to the Appellate Court must be presented to the Trial Court in the first instance to be considered properly preserved for appellate review or the issue is deemed to have been waived.

(2) Petitioner's trial counsel preserved no meaningful issues Petitioner was complaining of for review.

(3) Petitioner's appellate counsel filed a no merit brief to the Court citing no issues warranting review.

(4) Petitioner requested appointment of new appellate counsel, which was denied.

(5) Petitioner was forced to, on his own, with very little adequate assistance or law materials, and time span, file pro se issues in the Appellate Court.

(6) The Court of Appeals reviewed the issues filed pro se by Petitioner, the entire record, and opined there were no issues of merit.

(7) Because the Appellate Court did not find any issues of merit for review in the entire record, which did include ineffective assistance of counsel at trial, then the Court subsequently found appellate counsel to be correct in the filing of a no merit brief.

(8)  Because the Court of Criminal Appeals reviewed the entire record including the effectiveness of trial and appellate counsel, and there were no issues of merit, then Trial Court is precluded from reviewing the Appellate Court's findings.  Subsequently, Petitioner is precluded from presenting to the Trial Court issues that have been presented to and reviewed by the Appellate Court in Rule 32 proceedings.

The appellate court had reviewed all the issues by reviewing the entire record and will not review issues in a Rule 32 Petition appeal that have been previously presented on direct appeal, regardless of the vehicle upon which it arrives to the Appellate Court on the second attempt.

(9)  Therefore, Petitioner "if" seeking further redress of his convictions in the Alabama state courts is futile.  For there is no other possibility for review in circumstances such as this Petitioners.  If the Trial Court was correct for the Rule 32 dismissal, and Petitioner must believe that it was considering the Appellate Court's of Alabamas consistent prior precedent.  Then Petitioner has exhausted his state court remedies.

(10)  Federal Writ of Habeas Corpus is the only remedy available to this Petitioner, and the State of Alabama can make no truthful argument to the contrary.

Therefore, considering the foregoing assertion by the Respondents that Petitioner should have appealed the Trial Courts' dismissal of his Rule 32 petition is improper and baseless.

For it is well settled that the Constitution of the United States requires that one who is charged and tried for a crime has an absolute right to be represented by effective counsel at trial and on direct appeal.  And that the government, state or federal, must provide a proper, meaningful method to redress his convictions.

"PETITIONER HAS RECEIVED NEITHER."

However, if the Court of Criminal Appeals has reviewed the record, "as the Court has stated it has," and found no issues to contain any merit. Then the Respondents should have waived any an all arguments that they may have had concerning the Writ to this Court.

It certainly appears that the Respondents have no faith in the process that was undertaken by the entire judicial process concerning this Petitioner within the State courts of Alabama. It is surely far more complex and burdensome for the Respondents to have taken the approach in which they have, than to have waived their input into the disposition of the Writ of Habeas Corpus in this Court arguing that Petitioner is procedurally defaulted from raising his claims into this Court in the first instance.

"If" Respondents reasonably believed that Petitioner was correctly treated in the State courts, and his claims are without merit, they certainly would have allowed this Court to review Petitioner's claims on their merits, then dispose of the petition in the manner this Court would deem appropriate. However, a constitutionally correct proceeding must be prevented by the Respondents at all cost.

This Court should take notice that the Respondents waived any arguments or briefing concerning Petitioner's claims to the Alabama Courts of Appeal, and should have done so concerning the Habeas Writ to this Court "if" in fact they actually did believ Petitioner's claims are without merit.

Petitioner also respectfully requests that this Court take notice of the severely prejudicial process Petitioner has received at trial and appeal, and in so doing take notice that this prejudice received is no fault of Petitioners.

The record of this case clearly demonstrates that Petitioner has fallen victim to an inadequate procedural state judicial process which lacks a proper remedy to redress his unconstitutional State court convictions, whether

it rests upon the inadequacies of Trial and Appellate counsel or solely upon the judicial process of the State of Alabama, Petitioner has not received a proper trial or appeal, and is precluded from further redress of his convictions in the Alabama state courts.

### UNCONSTITUTIONAL INDICTMENT AND UNLAWFUL SENTENCE

Also in the State's answer and Supplements, they argue that the issues of void indictment and unlawful sentence entitle Petitioner to no relief in this Court because neither implicates a constitutional or federal claim, are procedurally defaulted, and without merit.

However, this assertion by Respondents is improper, and in support of this claim Petitioner shows as follows.

Petitioner has attempted to resolve these issues every State court accessable to him in Alabama including the Trial Court, appellate courts and back to the Trial Court in Rule 32 proceedings. However, each State court has refused to review these substantive issues in any meaningful form in violation of due process of law set forth in the 5th and 14th Amendments to the United States Constututation. And because the State has refused proper redress of these and all other claims raised in the Habeas Petition to this Court, all claims submitted therein are of the constitutional variety even though they could have been, should have been, but were not properly resolved by the State Courts when the opportunity was clearly given. This argument by the State of all claims defaulted by Petitioner is improper and sufficiently argued under procedural default earlier in the Response therefore, Petitioner respectfully requests this Court disregard the State's argument that Petitioner is defaulted from raising these claims to this Court.

## UNCONSTITUTIONAL INDICTMENT

The indictment rendered against Petitioner in which he was convicted is based upon the unconstitutional statutory language of the Statute 13A-12-211 that was repealed by the Alabama Legislature, which was amended to remove manufacture from the language of the statute.

Petitioner was indicted and convicted upon this statute in violation of the 6th Amendment to the United States Constitution because it failed to implicate a specific conduct upon which the Petitioner was to defend. Either Manufacture of Methamphetamine or Distribution of same. The Petitioner avers the reasoning for the removal of Manufacture from the language of the statute was because it was so unconstitutionally vague as to inform the persons charged under 13A-12-211 before amendment of the specific conduct of which to defend at trial absent removal of one or the other, either manufacture of distribute when rendered by the accusatory body of the grand jury upon obtainment. Each "manufacture" or "distribute" are known by society to be distinct and separate conducts and crimes.

This Court should take notice that there was specific testimony at trial by police agents that Petitioner had been involved in the actual manufacture of methapetamine which would implicate a finding by the jury of Manufacture or Distribution. And the Trial Court did not instruct the jury that Petitioner was not charged or due to defend the manufacture of methamphetamine and that any testimony concerning such should have been disregarded by them or was not to be considered when weighing the evidence of the conduct of which Petitioner was accused. Therefore, the indictment under Statute 13A-12-211 in the language before its amendments coupled with the testimony that Petitioner was also involved in the manufacture of methampetamine severly infected the outcome of the jury verdict by the language of manufacture in the indictment in which Petitioner was not guilty of due to defend.

Page 10

The following is the statute 13A-12-211 before it was repealed or amended: Alabama Code 1975

13A-12-211 UNLAWFUL DISTRIBUTION OF CONTROLLED SUBSTANCES

(A) A person commits the crime of unlawful distribution of controlled substances if, except otherwise authorized, he or she sells, furnishes, gives away, manufactures, delivers, or distributes a controlled substance enumerated in Schedules 1 through V.

This is the statute upon which Petitioner was improperly indicted. See Exhibit "R" attached.

The following is the statute 13A-12-211 as amended: Alabama Code 1975

13A-12-211 UNLAWFUL DISTRIBUTION OF CONTROLLED SUBSTANCES

(A) A person commits the crime of unlawful distribution of a controlled substance if, except as otherwise authorized, he or she sells, furnishes, gives away, delivers or distributes a controlled substance enumerated in Schedules I through V.

There is no proposition of law more fundamental that the one requiring the proof at trial correspond with the findings of the accusatory body of the grand jury in the specific conduct which the Legislature has condemned and also the grand jury's findings place the accused on notice of the specific conduct he or she is to specifically defend against.

Petitioner avers that because he was indicted by a statute in which the Legislature of Alabama has repealed due to its unconstitutionality violates the 6th Amendment by placing him before a jury accused of two separate and distinct crimes and conducts by and through one indictment which also violates due process of law as set forth in the 5th and 14th Amendments.

Subsequently, the State's argument that the void or unconstitutional indictment claim by Petitioner does not implicate a federal claim is false and should be disregarded.

Page 11

## UNLAWFUL SENTENCE

The sentences in the instant cases handed down to Petitioner are illegal under two separate applications of law and the Alabama State Courts have refused him any redress of this issue in any meaningful way.

(1) Persons convicted under Alabama Code, 1975, 13A-12-211 before the amendments of the the Code must be sentenced according to the provisions of the Alabama Controlled Substances Act, not the provisions of 13A-12-211 as amended, coupled with 13A-5-9, Habitual Felony Offender Act, when the Code was ammended to allow for sentencing under 13A-5-9 when persons was not put under notice before trial or indictment or before and upon sentencing of the amendments and sentencing range that attaches to the amendments sentencing ranges of 13A-5-9 attached to 13A-12-211, as amended.

The Alabama Controlled Substances Act upon which Petitioner was due to be sentenced carries it's own enhancement provisions only to those persons who have been previously convicted of conduct implicated in the Controlled Substances Act. And not any type of conduct resulting in a prior felony conviction. Such as Petitioner has improperly received when the sentencing Court imposed two (25) year consecutive terms of improsonment under 13A-5-9 rather than the Alabama Controlled Substances Act.

Therefore, Petitioner convicted under the statutory language designed to implicate Alabama's Controlled Substances Act under 13A-12-211, Code of Alabama, 1975 before it was amended and sentenced under the Habitual Felony Offender Act has violated Petitioner's liberty interest of the sentencing scheme of the Controlled Substances Act, a scheme of sentencing departures far less than that of which Petitioner received and the State of Alabama was not due to convict upon the statutory language of 13A-12-211, Code of Alabama, 1975, coupled with 13A-5-9, as amended, absent notification of the

amendments include in the language of the indictment rendered putting Petitioner on notice of the statutes amendments to the Code and the sentence departures that attach. Therefore, Petitioner's sentence and or conviction cannot stand.

Petitioner respectfully requests that this Court take notice that he cannot correctly argue the actual sentences that he should have or could have received under the Controlled Substances Act listed in former Title 20, Code of Alabama, 1975, because the Department of Corrections refuses to allow or furnish those materials within this institution. However, does reasonably believe from consideration of the departure of the illegal sentence he is now serving that the correct sentence he should have or could have received would be far less that twenty (20) years total. This Court should also consider that a split sentence and/or probation would have also been optional.

The sentence Petitioner has received must be vacated and/or the conviction reversed with instructions that Petitioner be resentenced under the provisions of the Alabama Controlled Act or reindicted and tried correctly.

The State of Alabama should have and could have reviewed this issue correctly and taken the appropriate actions in the State courts but have completely failed to do so.

(2) Petitioner was illegally sentenced under the Habitual Felony Offender Act based upon an erroneous five prior felony convictions in 1988.

Petitioner was indicted on five (5) felony counts of various sex crimes in 1988, subsequently entering a settlement with the State of Alabama concerning only one of those cases. This settlement was given and accepted as a best interest plea for one crime, one case number, and one sentence, for the State to sentence or argue otherwise violates the specific performance of that 1988 plea settlement, and if Petitioner would have ever come into

knowledge otherwise he would not have entered into that settlement, and shows that the use of that plea settlement as five (5) prior convictions under the Habitual Felony Offender Act to enhance the conviction sentences he is now serving of two (2) consecutive twenty-five (25) year terms amounts to nothing more than underhanded illegal actions then in 1988 or in the sentences he is now serving.

If Petitioner was correctly due to be sentenced under the Alabama Habitual Felony Offender act rather than the Controlled Substances Act, "which Petitioner avers he was not," then under the Habitual Felony Offender Act was due to be sentenced to two (2) prison terms of 2 to 20 years, considering the specific performance of that 1988 plea settlement of one conduct, one crime, and one case number, and the State of Alabama did not have the jurisdiction to violate Petitioner's liberty interest by sentencing Petitioner as it has. This sentence should be vacated for this reason also.

**WHEREFORE**, all premises considered, Petitioner respectfully requests that this Court disregard Respondent's assertion that all of Petitioner's claims are defaulted from being raised to this Court, appoint counsel to represent him, order an evidentiary hearing, review the merits of the issues Petitioner has complained of and grant a Writ of Habeas Corpus or any other remedy as justice shall require.

Respectfully submitted this 26 day of September, 2006.

_Kenneth Price_
Petitioner

## CERTIFICATE OF SERVICE

I hereby certify that I have placed a true copy of the foregoing postage paid in the U.S. Postal Service Box to be mail to the following parties on this 26 day of September, 2006.

(1) Clerk of U.S. District Court

(2) Alabama Office of Attorney General

_Kenneth Price_
Petitioner