IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

Kenneth Price,

    Petitioner

v.

J.C. Giles, et al.,

    Respondents.

CIVIL ACTION NO. 2:06-CV-236-WKW

## AFFIDAVIT

Before me, a Notary Public in the County of Barbour, State of Alabama, personally appeared Kenneth Price on this 26 day of September, 2006, and did depose and state as follows:

I, Kenneth Price, hereby submit the following documents and that each is authentic. I request that the Exhibits submitted in the Objection to the State's Recommendation for Dismissal be accepted also.

    Exhibit "N" - Letter from Attorney Carr to Petitioner

    Exhibit "O" - Letter to Attorney Carr from Petitioner

    Exhibit "P" - Letter to Attorney Carr from Petitioner

    Exhibit "Q" - Motion for Appointment of Counsel

    Exhibit "R" - Indictment

I hereby swear and affirm under penalty of perjury that each document is true and correct.

                                    /s/ Kenneth Price
                                    Affiant Kenneth Price

STATE OF ALABAMA
COUNTY OF BARBOUR

Subscribed and sworn to before me this 26 day of September, 2006.

/s/ Carolyn R. Abercrombie
Notary Public
My Commission Expires August 18, 2007
Comm. Exp. Date

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| Kenneth Price, | * | |
| Petitioner, | * | |
| v. | * | CIVIL ACTION NO. 2:06-CV-236-WKW |
| J.C. Giles, et al., | * | |
| Respondent. | * | |

## AFFIDAVIT

Before me, a Notary Public in the County of Barbour, State of Alabama, personally appeared Kenneth Price on this 26 day of September, 2006, and being duly sworn did depose and state as follows:

My name is Kenneth Price and I am over the age of 21 years, both competent and willing to testify to the following.

My attorney at trial was ineffective by not preparing for my trial by investigating into the actions that led to the Distribution charges against me. He never discussed the facts of the case with me before trial and spent less than ten minutes time with me to prepare.

Mr. Thomas failed to file a motion to suppress the evidence illegally obtained and used at trial even though I requested he do so.

Mr. Thomas failed to have enough trial experience to properly admit into evidence at trial the arrest reports of the informant alleged to have purchased drugs from me. That would have clearly impeached the informant.

Mr. Thomas failed to investigate into the fact that I was in jail at the time of one of the alleged drug buys by the informant on a Domestic Disturbance call even though the Presentence Report (PSR) clearly showed that I was in fact in jail.

My appellate attorney, Mr. Carr, never mailed to me any documentation to me concerning my case, refused to correspond with me or my family concerning my case, and would not raise any issues I complained of to him by mail. In short, he refused to appeal my case properly.

The State of Alabama has refused me an attorney willing to raise these issues on direct appeal that I have complained of in my Habeas Petition to this Court even though the Honorable Mr. Brunson of Clayton, ALabama was willing to accept my case on an indigency status and that he did state these issues did have merit.

*Kenneth Price*
Affiant Kenneth Price

STATE OF ALABAMA
COUNTY OF BARBOUR

Subscribed and sworn to before me this 26th day of September, 2006.

*Carolyn R. Abercrombie*
Notary Public

My Commission Expires August 18, 2007
Comm. Exp. Date

Affidavit
Page 2



EXHIBIT "N"



ISSUE PRESENTED AND ARGUMENT

**Smith & Carr, LLC.**
**Attorneys at Law**
122 No. Cordelia Ave. (at corner of W. Davis)
P. O. Drawer 389
Elba, Alabama 36323-0389
Voice: 334-897-3658        Fax: 334-897-8633

*Dawn K. DeVane*
*Legal Assistant*

March 10, 2003

Mr. Kenny Price
Lot 2 Bryant Trailer Park
Brundidge, AL 36010

*Re: State of Alabama vs. Kenny Price*
*Case No. CC 2002-134 & 136*

Dear Mr. Price:

Please be advised Mr. Lloyd W. Carr has been appointed by Circuit Judge Steven E. Blair to represent you concerning the above styled case. Upon receipt of this letter please contact our office to make an appointment with Mr. Carr.

Sincerely,

Dawn K. DeVane
Legal Assistant

exhibit 4

EXHIBIT "O"

Mr. Lloyd W. Carr
Attorney At Law
122 N. Cordelia Ave.
Elba, Alabama. 36323-0389          March, 18 2003

Dear Mr. Carr
  I recieved a letter from home today with your letter in it telling me that you had been appointed to do my appeal, and I am glad that someone beside thomas is.
  Please do not write to me at my home address, but directly to me, as I am in prison, my address is at the bottom of this letter.
  Sir, I think you should know that I asked Mr. Thomas, my trial lawyer, to file ineffective assistance of counsel on himself, and he got real mad at me and told me he would not.
  I don't know what to do, but I was told to, and I filed notice of appeal and to proceed informa pauparis on Feb 12, 2003, and applyed to transcript order, Appellate bond, and made a Docketing statement, and asked the court to appoint me a lawyer on Feb, 18 2003.
  Also, I asked the court to Arrest judgment, Give me a New Trial, or an aquittal on Jan 30, 2003, because Mr. Thomas wouldn't do it. I am sending with this letter a copy of all of that

EXHIBIT "B"

Mr. Carr, when you look at my transcript, you will see that Mr. Thomas did not do what he was supposed to do for me as a lawyer.

First he told me that the evidence they had on me was tape recordings of me selling drugs to someone that I didn't sell drugs to, then he tells me that the evidence was illegal because the cops didn't have a warrant to make the tapes legal.

He told me, that he was going to let me listen to the tapes, which did not show no one making any deals, and he said they had a voice test of some kind done on the tapes and showed that, that wasn't my voice, but they were illegal so he could make it where they couldn't use the tapes, because of the voice test, and no warrant.

They used the tapes at trial and he wouldn't stop them from useing them and let the informate make notes off of them before trial to testify with. But the tapes do not say what her notes say, I done and he would not do anything about it. The informate and the cops lied a whole lot and I beleave that Mr. Thomas was supposed to do something about that, wasn't he?

Plus the prosecutor wouldn't give my lawyer police records and he had to get them from somewhere else, that was the informates and the judge wouldn't put them into evidence, it would have showed she was lieing.

2   13

She is lieing, she set me up and said she bought drugs from me and she didn't. was this supposed to happen? Plus they hid information from my lawyer that said I wasn't even there to sell drugs when I was supposed to had, and did not give us that information untill I was being sentenced.

Mr. Thomas said that he asked for that information before trial and the court could get into trouble for not giving us that information.

I tryed to tell him I think I was in jail when the informate said I sold her the dope, but he said he couldn't find that kinda information. It was on my wifes birthday and we got in a arguement and I went to jail. Her birthday was (Sep 18 2001) I went to jail the next day.

The judge went and let a man who was on my grand jury, be on my trial jury, and he was talking to this woman who hates me, Jinnifer Senn, the whole time of picking jury. Mr. Thomas said that wasn't right and was gonna do something about it, but he didn't till after trial and the judge said it was to late. I told Mr. Thomas all during jury picking it was going on, and I saw them eat lunch together, but he waited untill it was to late. Also Mr. Thomas said something was wrong with my inditement from the grand jury. Something about the way I was charged and

3   14

my name, and we had to wait till appeal to do something about that.

At sentencing I blew up on Mr. Thomas cause he wont do nothing about what he said he was gonna do something about like I talked about in here. Plus, he had his hands on that paper that said I was in jail when I was supposed to have sold the informate dope and would not tell the court about it so I told him he was fired.

I tried to explain it to the judge but he would not let me explain it. He just wouldn't let me explain it and made me feel like I to say no I don't wana fire Mr. Thomas, cause he wouldn't listen to why I wanted to fire him, and I didn't know what to do next. I tryed to tell the judge that I wasn't there to sell the informate no dope but he acted like he didn't care and wouldn't let me explain.

Plus, the evidence they had on me didn't say I did it. All during my trial, Mr. Thomas said he was gonna do something about this, but never did. So after sentencing, I told him to appeal that he didn't do his job, but he told me he would not. So I did it all myself, including asking for a New Trial Arest the Judgement, or acquit me because of all of it. I don't know how to do it all for real, what I did do I copied out of a book.

4

But I want you to set up a meeting with me and talk about all this so I can show you everything that I said in here I want to complain about on appeal, o.K.

Thanks.
Write soon and let me know something.

Kenneth Price

Kenneth Price
150784 B-2-Cell-23
100 Warrior Lane
Bessemer Al.
    35023

5

Mr. Lloyd W. Carr
Attorney At Law
122 N. Cordella Ave
Elba, Alabama 36323-0389

        EXHIBIT "P"

      July 15 2003

Dear Mr. Carr
  I got an order from the court of criminal appeals that said that you have filed a No merit brief, to the court of criminal appeals, and they said that you said that you have sent me a copy of that brief and a copy of the record on appeal.
  First of all, what is a no merit brief?
And Second, what are you trieing to pull, you want even write me back, or talk to penny!. And you havent sent me nothing.
  I asked you in my first letter to you to send me everything, and not to my house!. I want a copy of what of what you told the court of appeals you sent me, because they want me to respond by Aug 11 2003.
  Did you complain on appeal about everthing I mentioned in the first letter I sent you on March 18, 2003. what do they mean 'no-merit'?
  I am sending the appellate court a motion for appointment of counsel and an extention of time so that I can wait on you to send me

                           EXHIBIT "D"

the stuff you said you sent me.
   Please hurry and send me that stuff, why did they want me to identity issues, aint that what you are supposed to do?

                       Please respond
                       Thank you
                       Kenneth Price

Kenneth Price
150784 B-D-B-7
100 Warrior Lane
Bessemer Al.
    35023

2, 19

EXHIBIT "Q"

Court of Criminal Appeals
State of Alabama

CR-02-0947

Kenny Price v. State of Alabama, Appeal from Pike County Circuit Court Case No. CC02-134, CC02-136.

## Motion For Appointment of Counsel

Comes Now the above Named appellant and requests this Honorable Court to appoint Counsel to represent him on this appeal for the following reasons:

1. The appellant's Name is Kenneth Price, and Not Kenny Price.
2. The appellant is unable to afford Counsel.
3. The issues involved in this case are complex.
4. The appellant has a very limited amount of Knowledge on Law with little education.

The issues to be considered on this appeal are the following:
1. Ineffective Assistance of trial Counsel.
2. Wrong Name on the indictment. Inadequate Notice of indictment.

EXHIBIT "E"

3. the appellant is Not guilty, as Charged.
4. the Circuit Court lacked Jurisdiction under the Law to Convict the appellant. And any additional issues

the appellant request this Honorable Court to appoint, Honorable, Paul W. Brunson Jr.
Post office Box 475
104 Court Square
Clayton, AL. 36016
Phone No. (334) 775-8555
Fax (334) 775-8811

As he has agreed to take over this Appeal on an indigent basis.

Done this the 21th day of July, 2003

Respectfully Submitted
Kenneth Price
150784, B-7
100 Warrior Lane
Bessemer, Al. 35023

EXHIBIT E

EXHIBIT "R"

| INDICTMENT | |
|---|---|
| **THE STATE OF ALABAMA** | **IN CIRCUIT COURT** |
| **Pike County** | **MARCH TERM, 2002** |

The Grand Jury of said County charge that before the finding of this indictment that

KENNY PRICE

whose name is to the Grand Jury otherwise unknown, did unlawfully sell, furnish, give away, manufacture, deliver or distribute a controlled substance, to-wit: METHAMPHETAMINE, in violation of Section 13A-12-211 of the Code of Alabama, Against the Peace and Dignity of the State of Alabama; and,

### OFFENSE 2

The Grand Jury of said County charge that before the finding of this indictment that KENNY PRICE whose name is to the Grand Jury otherwise unknown, did unlawfully sell, furnish, give away, manufacture, deliver or distribute a controlled substance, to-wit: METHAMPHETAMINE, in violation of Section 13A-12-211 of the Code of Alabama, Against the Peace and Dignity of the State of Alabama; and,

### OFFENSE 3

The Grand Jury of said County charge that before the finding of this indictment that KENNY PRICE whose name is to the Grand Jury otherwise unknown, did unlawfully sell, furnish, give away, manufacture, deliver or distribute a controlled substance, to-wit: METHAMPHETAMINE, in violation of Section 13A-12-211 of the Code of Alabama,

Against the Peace and Dignity of the State of Alabama

Mark E. Fuller, District Attorney for the
Twelfth Judicial Circuit

| | |
|---|---|
| GRAND JURY NO. 02-62,63,64 | THE STATE OF ALABAMA PIKE COUNTY |
| A TRUE BILL | CIRCUIT COURT MARCH TERM, 2002 |
| *[signature]* GRAND JURY FOREPERSON | THE STATE VS. |
| Presented in open Court by the Foreperson of the Grand Jury in the presence of at least twelve other members of the Grand Jury. | KENNY PRICE |
| Brenda M. Peacock, Clerk of the Circuit Court of Pike County, Twelfth Judicial Circuit of Alabama. Filed this the _____ day of _____, 2002 | OFFENSE(S) OFFENSES 1, 2 & 3: DISTRIBUTION OF A CONTROLLED SUBSTANCE, METHAMPHETAMINE |
| Bail in each offense in this indictment is fixed at $ 10,000.00 each for a total bail for this indictment of $ 30,000.00. | |
| [ ] Continuing bond | INDICTMENT |
| *[signature]* Judge Presiding | |