IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

KENNETH PRICE, #150784,              )
a.k.a., KENNY PRICE,                 )
                                     )
         Petitioner,                 )
                                     )
    v.                               )          CASE NO. 2:06-CV-236-WKW
                                     )                   [WO]
                                     )
J. C. GILES, et al.,                 )
                                     )
         Respondents.                )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION AND PROCEDURAL HISTORY**

This cause is before the court on a 28 U.S.C. § 2254 petition for writ of habeas

corpus filed by Kenneth Price ["Price"], a state inmate, on March 13, 2006.  In this petition,

Price challenges convictions for unlawful distribution of a controlled substance imposed

upon him by the Circuit Court of Pike County, Alabama on November 8, 2002.[1]  The trial

court sentenced Price as an habitual felony offender to twenty-five years' imprisonment

for each conviction with the sentences to run consecutively.

---

[1]In March of 2002, a Pike County Grand Jury indicted Price on three counts of distribution of a controlled substance, methamphetamine, in violation of *Ala. Code* § 13A-12-211(a).  *Respondents' Exhibit A - Volume II of the Trial Record - Reporter's Exhibits to the Record* at 11; *Petitioner's Attachment to the Amendment - Court Doc. No. 5-2* at 1.  During the testimony presented at trial, a confidential informant stated the petitioner was known to her as Kenny Price and she identified Price as the individual from whom she purchased methamphetamine on at least two separate occasions in September of 2001.  *Respondents' Exhibit A - Volume I of the Trial Record* at 98-100.  Law enforcement officials recorded these transactions and the court admitted the tape recordings into evidence.  After hearing all the evidence regarding various drug transactions which occurred in September of 2001 between Price and the confidential informant, a duly empaneled jury convicted Price on two of the charged offenses, i.e., Offense 1 and Offense 3.

Price filed a direct appeal of his controlled substance convictions.  On direct appeal, appellate counsel proceeded in accordance with *Anders v. California*, 386 U.S. 738 (1967). Additionally, Price filed a *pro se* brief raising claims for relief from his convictions. Specifically, Price argued:  (1) the evidence was insufficient to support the guilty verdicts as one of the State's witnesses, confidential informant Angela Brock, provided testimony which was "impeached at every turn" and "committed perjury" regarding her arrest record. *Respondents' Exhibit C - Court Doc. No. 10-4* at 8-9; (2) trial counsel provided ineffective assistance when he (i) did not object to the electronic recordings of the drug transactions[2] or subpoena witnesses identified by the confidential informant as present at the drug transactions; (ii) failed to challenge the faulty warrants and vague indictment; (iii) did not object or seek a mistrial upon testimony from officer Bob Williamson, a witness for the State, that the witness "'felt he had a  good case against the Appellant' [as] this statement was very prejudice, which cause the conviction[s] in this case."  *Id*. at 10; (iv) did not object to use of the name Kenny Price on the indictment when petitioner's legal name is Kenneth Price;[3] (v) failed to challenge for cause a juror employed as a correctional officer due to potential bias of this juror; (vi) did not object to the constitutionality of tape

---

[2]The references by Price to tape recordings, wire tappings, eavesdropping and electronic surveillance relate to audio recordings made by law enforcement officials via a wire worn by the confidential informant with the informant's consent during drug transactions with Price.  *Respondents' Exhibit A - Volume I of the Trial Record* at 39-40.

[3]At trial, both officer Williamson, the lead investigator on the cases against Price, and the confidential informant identified the defendant/petitioner as Kenny Price.  *Respondents' Exhibit A - Volume I of the Trial Record* at 84 and 99.

recordings, wiretappings and/or other electronic surveillance obtained without a warrant

or probable cause; (vii) prematurely filed a motion for discovery; (viii) failed to preserve

several claims for appellate review; (ix) did not object to the State's notice of intent to

proceed under the Habitual Felony Offender Act; (x) failed to request a motion for mistrial

when Angela Brock committed perjury by testifying she did not mess with drugs and had

not been arrested since September 6, 2001, the date she signed the contract to act as an

informant for the drug task force, when a statewide index report appears to indicate an

arrest in Crenshaw County, Alabama on September 10, 2001; and (xi) failed to investigate

all avenues of a defense.  *Respondents' Exhibit C - Court Doc. No. 10-4* at 8-12.[4]

On November 21, 2003, the Alabama Court of Criminal Appeals affirmed Price's

convictions for unlawful distribution of a controlled substance in an unpublished

memorandum opinion.  *Respondents' Exhibit D - Court Doc. No. 8-2*.  The appellate

court's opinion, in relevant part, reads as follows:

> The appellant, pro se, filed written notice of appeal.  His trial counsel was
> permitted to withdraw, and a new counsel was appointed for appeal.  The
> appellate counsel has filed a brief in substantial compliance with Anders v.
> California, 386 U.S. 738 (1967), in which he states that he believes that this
> appeal is without merit.  The appellant has submitted two issues for this
> court's consideration: whether the evidence was sufficient to support the
> guilty verdict and whether his trial counsel was ineffective, based upon
> fourteen alleged "wrongs."
>
> A review of the record reveals that both of the appellant's claims are without

---

[4]In his *pro se* appellate brief, Price enumerates fourteen claims in support of his allegation of ineffective
assistance of trial counsel.  A few of these claims are repetitive and have therefore been combined in this court's
recitation of the claims.

merit and that there is no other issue which warrants review on appeal. Therefore, the judgment of the trial court is affirmed.

*Respondents' Exhibit D - Court Doc. No. 10-5* at 1-2 -- *Price v. State*, 897 So.2d 1247 (Ala.Cr.App.)(table decision), *rehearing denied* (December 12, 2003), *cert. denied*, *Ex parte Price*, 920 So.2d 1137 (Ala. 2004).

In his application for rehearing, Price presented the following grounds for relief: (1) the trial court improperly allowed his indictment under the name Kenny Price rather than his God given name of Kenneth Price; (2) petitioner never received a reply brief from the Attorney General in response to his *pro se* issues, and, therefore, was not given an opportunity to file a reply brief; (3) trial counsel provided ineffective assistance in allowing a correctional officer to serve on his jury, which prejudiced his defense; and (4) the State's informant committed perjury regarding her arrest record. *Respondents' Exhibit E (Petitioner's Application for Rehearing) - Court Doc. No. 10-6* at 4-6. Upon denial of this application by the Alabama Court of Criminal Appeals, Price filed a petition for writ of certiorari with the Alabama Supreme Court in which he argued that: (1) the appellate court erred in its determination that the evidence was sufficient to sustain his convictions; and (2) the lower court erred in its conclusion that trial counsel provided effective assistance when petitioner raised fourteen issues of counsel's ineffective assistance. In support of this latter argument, Price alleged trial counsel failed to (i) challenge the electronic eavesdropping used to obtain the tape recordings submitted as evidence when such eavesdropping was unconstitutional as it occurred without a warrant or probable cause, and

4

(ii) lay the proper predicate for submission of evidence undermining the reliability of the confidential informant.  *Respondents' Exhibit G - Court Doc. No. 10-8.*  The Alabama Supreme Court denied the petition for writ of certiorari on August 13, 2004.  *Respondents' Exhibit H - Court Doc. No. 10-9 -- Ex Parte Price*, 920 So.2d 1137 (2004).

Price filed a *pro se* state post-conviction petition pursuant to Rule 32 of the Alabama Rules of Criminal Procedure with the Circuit Court of Pike County, Alabama in which he alleged:  (1) the Constitution of the United States and/or the State of Alabama requires a new trial, new sentencing or other relief; (2) the sentence exceeds the maximum authorized by law; (3) appellate counsel provided ineffective assistance when he (i) filed an *Anders* brief rather than raising meritorious issues, (ii) failed to comply with the *Anders* mandate as meritorious issues existed, (iii) failed to challenge the electronic surveillance evidence as obtained in violation of petitioner's constitutional rights, (iv) did not raise claims of ineffective assistance of trial counsel based on trial counsel's failure to (a) adequately challenge the tape-recorded evidence, (b) object to the denial of the admission of documents, (c) challenge the untimely production of alleged *Brady* material,[5] (d) properly prepare exhibits for admission, and (e) challenge the actions of the trial judge in pressuring the jury and addressing the jury's request to hear more evidence; (v) failed to challenge the sufficiency of the evidence; (vi) did not challenge the testimony of Angela Brock or deputy Bob Williamson as perjured; (vii) failed to obtain incriminating evidence of Brock's arrest

---

[5]*Brady v. Maryland*, 373 U.S. 83 (1963).

record which evidence was exculpatory in nature to petitioner and withheld by the prosecution in violation of *Brady*; (viii) failed to raise an issue regarding the State's failure to produce evidence which would have impeached the testimony of law enforcement officers and the informant; (ix) did not raise an issue challenging the simultaneous selection of juries for petitioner and his wife or an issue of ineffective assistance of trial counsel arising from this action; (x) failed to challenge the presence of Jackie Warner on petitioner's jury when it had been misrepresented that Warner served on the grand jury and Warner had contact with an individual who harbored a vendetta against the petitioner; (xi) failed to challenge trial counsel permitting Warner to serve on the jury; and (xii) failed to challenge the indictment because it contained three counts of one offense; (4) trial counsel provided ineffective assistance which resulted in heated arguments with the petitioner; (5) evidence was obtained by use of an eavesdropping device employed without a warrant or court order; (6) the evidence was insufficient to support the petitioner's convictions; (7) the convictions were obtained by the prosecutor's knowing use of perjured testimony from Angela Brock regarding her testimony outlining her drug use and arrest record; (8) officer Williamson perjured himself with respect to his account of a prior domestic dispute response made to petitioner's home and by stating he was a voice identification expert; (9) officer Williamson made inconsistent statements during his testimony regarding the use of confidential informants; (10) the State failed to disclose *Brady* material, i.e., a report that showed Angela Brock had been arrested on September 10, 2001 and records of Price's

harassment arrest which indicate an arrest of the petitioner on September 19, 2001, one of the days Price allegedly sold methamphetamine to Brock; (11) the convictions were obtained after jury contamination; (12) the trial court's *Allen* charge coerced the jury into reaching guilty verdicts; (13) the petit jury heard extraneous information based on its selection at the same time as that of his wife's jury; (14) the trial court improperly stated during voir dire that Jackie Warner served as foreman of the grand jury and Warner was subsequently selected foreman of the petit jury; (15) during trial, Warner spoke to an individual with a grievance against petitioner; (16) the principle against double jeopardy was violated when five prior convictions were used to enhance the petitioner's sentence, even though he received only one sentence for these convictions which renders these prior convictions one conviction; (17) the sentences imposed violate the Eighth Amendment prohibition against cruel and unusual punishment; (18) trial counsel provided ineffective assistance when he: (i) failed to file a motion to suppress evidence obtained by use of tape recordings during the drug transactions, (ii) failed to object to the use of alleged perjured testimony, (iii) did not move for a mistrial or judgment of acquittal due to this testimony, (iv) failed to adequately investigate this case, obtain discovery materials or object to discovery violations, (v) failed to object to extraneous information; and (19) the trial court failed to investigate the conflict between petitioner and his trial counsel.  *Respondents' Exhibit I - Court Doc. No. 10-10* at 20-21, 35-114.

On June 17, 2005, the trial court entered an order denying Price's Rule 32 petition.

In this order, the court deemed "all of the grounds raised by the Petitioner in this Rule 32 Petition, (excluding ineffective assistance of [appellate] counsel) are precluded as they were raised or addressed on appeal." *Respondents' Exhibit I - Court Doc. No. 10-10* at 5. The court further held that "the issue/ground of ineffective assistance of appellant counsel ... that appellant counsel was ineffective because he did not raise certain issues on appeal ... were the same issues the Petitioner addressed in his Brief to the Court of Criminal Appeals and ruled on by the Court of Criminal Appeals. ... The court finds that there is no merit to the Petitioner's allegations [of] ineffective assistance of appellant counsel as the Court of Criminal Appeals has determined trial counsel was not ineffective, regarding the same issues." *Id*. Price did not appeal this order.

Price initiated this 28 U.S.C. § 2254 action on March 13, 2006. In it, he asserts the following claims for relief:

1. The convictions were obtained by action of a grand or petit jury which was unconstitutionally selected or impaneled because the trial judge led the jury during trial, threatened jail time if they did not reach a verdict and selected the jury foreman.

2. Trial counsel provided ineffective assistance because he (i) failed to instruct the petitioner on all stages of trial, (ii) did not challenge alleged errors of the trial judge, (iii) failed to file a motion to quash the indictment due to the failure of the indictment to allege intent as an element of the offense and based on presentation of all three counts on one page rather than three separate pages,[6] (iv) failed to lay the proper

---

[6] These claims of ineffective assistance of counsel are frivolous as intent is not an element of unlawful distribution of a controlled substance, *Ala. Code* § 13A-12-211(a), nor is there any requirement, constitutional or

predicate for admission of a printout which would have impeached Angela Brock's testimony regarding her arrest record and destroyed her credibility, i.e., a potential September 10, 2001 arrest in Crenshaw County, Alabama,[7] and (v) failed to strike juror Jackie Warner after the trial court erroneously announced Warner served as the grand jury foreman on petitioner's cases.

3.  Appellate counsel provided ineffective assistance by failing to properly consult with petitioner and in filing an *Anders* brief.

4.  Petitioner is innocent of the crimes for which he stands convicted.

5.  The indictment is void as it improperly references manufacture

---

otherwise, that each count of an indictment be placed on a separate page.

[7] It is not at all clear from the printout on which Price bases this claim that the informant was arrested for the Crenshaw County offenses on September 10, 2001. *Respondents' Exhibit G - Court Doc. No. 10-8* at 15. Moreover, counsel vigorously cross-examined the informant regarding her arrest in Crenshaw County for possession of marijuana and possession of methamphetamine and the apparent contradictory information contained in the printout regarding this arrest. *Respondents' Exhibit A - Volume I of the Trial Record* at 121-122. In addition, although counsel did not have the printout admitted into evidence, he argued on the record that the printout showed four charges lodged against the informant arising from this arrest when the informant testified she received only two charges. *Id.* The informant clarified her testimony to indicate the testimony reflected her understanding of the charges based on what she had been told by law enforcement officials. *Id.* at 122-123. It is clear from a thorough review of the record that the charges contained in the printout are the sole drug-related charges lodged against the informant in 2001 by Crenshaw County. Counsel also cross-examined the informant on her history of drug use, *Id.* at 123-126, and obtained testimony from a witness that the informant had purchased crack cocaine in February of 2002. *Id.* at 181-182. "It is axiomatic that only the knowing use of false testimony constitutes a due process violation. *See e.g., United States v. Lopez,* 985 F.2d 520, 524 (11th Cir.1993); *United States v. Meros,* 866 F.2d 1304, 1309 (11th Cir.), *cert. denied,* 493 U.S. 932, 110 S.Ct. 322, 107 L.Ed.2d 312 (1989); *United States v. Willis,* 759 F.2d 1486, 1502 (11th Cir.), *cert. denied,* 474 U.S. 849, 106 S.Ct. 144, 88 L.Ed.2d 119 (1985)." *United States v. Michael,* 17 F.3d 1383, 1385 (11th Cir. 1994). However, "it is not enough that the testimony is challenged by another witness or is inconsistent with prior statements. *United States v. Brown*, 634 F.2d 819, 827 (5th Cir. 1981)." *United States v. Gibbs*, 662 F.2d 728, 730 (11th Cir. 1981). Thus, the mere fact the testimony of one witness contradicted that of another witness or that a witness made contradictory statements during her testimony does not amount to a showing of perjury, nor does it demonstrate that the prosecution knowingly presented false testimony to the jury. *Michael*, 17 F.3d at 1385; *United States v. Lopez*, 985 F.2d 520, 524 (11th Cir. 1993). Additionally, neither inconsistencies nor conflicts in statements given or testimony provided by a particular witness establishes that such accounts were perjured and that the government knowingly used perjured testimony. *Michael*, *supra*. It is therefore clear that counsel did not provide ineffective assistance in impeaching the informant's testimony or failing to challenge her testimony as perjury.

in each count when the state legislature, effective September 26, 2001, removed manufacture from the statute as a means of committing distribution of a controlled substance, *see Ala. Code* § 13A-12-211(a) and Amendment Notes, and fails to charge an offense because it omits the essential element of intent from the charged offenses.[8]

6.   The trial court erroneously enhanced petitioner's sentence in accordance with the requisite provisions of the Habitual Felony Offender Act, *Ala. Code* § 13A-5-9, *et seq*., when his sentences should have been governed by the Alabama Controlled Substances Act, *Ala. Code* § 20-2-70.[9]

----

[8]As previously noted, intent is not an element of unlawful distribution of a controlled substance. This challenge to the indictment is therefore without merit. Moreover, a federal district court's review of a claim attacking the sufficiency of an indictment is limited to considering the adequacy of the notice afforded a petitioner through the state procedures. The Due Process Clause of the Fourteenth Amendment requires that whatever charging method the State chooses to employ, it must give the criminal defendant fair notice of the charge against him to permit adequate preparation of his defense. *Jackson v. Virginia,* 443 U.S. 307, 314 (1979); *Faretta v. California,* 422 U.S. 806, 818 (1975). "The sufficiency of a state indictment is an issue on federal habeas corpus only if the indictment was so deficient that the convicting court was deprived of jurisdiction. *DeBenedictis v. Wainwright,* 674 F.2d 841 (11th Cir.1982)." *Heath v. Jones,* 863 F.2d 815, 821 (11th Cir. 1989); *Branch v. Estelle,* 631 F.2d 1229, 1233 (5th Cir. 1980) ("[T]he sufficiency of a state indictment is not a matter for federal habeas corpus relief unless it can be shown that the indictment is so defective that the convicting court had no jurisdiction."). A review of the indictment issued against Price demonstrates that it substantially tracked the language of the state statute and incorporated all elements of the offense of distribution of a controlled substance. *Respondents' Exhibit A - Volume II of the Trial Record - Reporter's Exhibits to the Record* at 11; *Petitioner's Attachment to the Amendment - Court Doc. No. 5-2* at 1. Thus, the indictment was not fatally defective as it provided Price sufficient notice of the charges lodged against him so as to allow preparation of an adequate defense, and, therefore, "the state trial court was not deprived of jurisdiction." *Heath,* 863 F.2d at 821. Consequently, the indictment did not deprive Price of any constitutionally protected interest. Furthermore, with respect to those claims of ineffective assistance of counsel related to the indictment, Price is likewise entitled to no relief as any such deficiency in counsel's performance did not implicate the Constitution. *Edwards v. Carpenter,* 529 U.S. 446, ---, 120 S.Ct. 1587, 1591 (2000) ("Not just any deficiency in counsel's performance will do, however; the assistance must have been so ineffective as to violate the Federal Constitution.").

[9]This claim is without merit as "the Controlled Substances Act has been amended by Acts of Alabama 1987, No. 87-603, the 'Drug Crimes Amendments Act of 1987.' This act [the Drug Crimes Amendments Act of 1987] repealed § 20-2-70, the recidivist provision within the Controlled Substances Act, for conduct occurring after the effective date of the [Drug Crimes Amendments] act, and it made drug related crimes subject to the Habitual Felony Offender Act." *Ex parte Brannon,* 547 So.2d 68, 69 (Ala.1989). "The Drug Crimes Amendments Act of 1987 is presently found in § 13A-12-210 through § 13A-12-216, Code of Alabama 1975. It became effective October 21, 1987. In *Springfield v. State,* 580 So.2d 88 (Ala.Cr.App.1991), we applied the reasoning of *Ex parte Brannon,* and held that the Habitual Felony Offender Act does apply to drug-related offenses occurring after the effective date of the Drug Crimes Amendments Act." *Jackson v. State,* 582 So.2d 598, 603 (Ala.Cr.App. 1991). In the present case, the conduct which gave rise to Price's convictions occurred in September of 2001, well after

7.    The sentences imposed are unlawful because the trial court used five 1988 sexual offense convictions for enhancement purposes under the Habitual Felony Offender Act when petitioner had only one prior conviction for a sexual offense. *Petitioner's September 28, 2006 Response - Court Doc. No. 30* at 13 ("Petitioner was indicted on five (5) felony counts of various sex crimes in 1988, subsequently entering a settlement with the State of Alabama concerning only one of those cases" and a plea "was given and accepted ... for one crime ... and one sentence...."). Additionally, the State failed to provide proper notice and proof of the prior convictions.[10]

---

the effective date of the Drug Crimes Amendment Act. Thus, the Habitual Felony Offender Act applies to Price's drug-related offenses and the trial court properly imposed sentence upon Price pursuant to the provisions of the Habitual Felony Offender Act. *Id.*

[10]These challenges to the enhancement of Price's sentence under the Habitual Felony Offender are refuted by the record. The court finds the assertion by Price that he entered a guilty plea to only one sexual offense in 1988 a total fabrication and notes that this assertion contradicts his sworn testimony at sentencing. *Respondents' Exhibit A - Volume II of the Trial Record* at 280 (petitioner admits entering guilty pleas to "at least three prior felony charges ... [that] were sexual assaults in nature..."). Additionally, the guilty plea transcript for the 1988 offenses demonstrates that Price, while represented by counsel, pled guilty to one count of first degree sodomy, three counts of first degree sexual abuse and one count of second degree sexual abuse. *Id. - Reporter's Exhibits to the Record* at 74. This document further establishes Price received five separate sentences of "twelve (12) years [for sodomy], ten (10) years [for each count of first degree sexual abuse] and ... one (1) year [for second degree sexual abuse]. All sentences to run concurrent with each other." *Id. - Reporter's Exhibits to the Record* at 75. Four of these five convictions constitute felonies under Alabama law. *Ala. Code* 13A-6-63(b) ("Sodomy in the first degree is a Class A felony."); *Ala. Code* 13A-6-66(b) ("Sexual abuse in the first degree is a Class C felony."). Moreover, during the sentencing hearing, the trial court determined "[t]he notice of intent [to proceed under the Habitual Felony Offender Act provided to Price by the State] references case number CC-88-76, sodomy first; CC-88-76, sexual abuse, first, times three.... And then sexual abuse, second. So if you look closely, [the notice] does reference five [prior convictions]." *Respondents' Exhibit A - Volume II of the Trial Record* at 277. The State submitted a certified copy of Price's guilty plea to these five offenses as proof of the offenses. *Id.* Thus, the record establishes that (i) Price received notice of the State's intent to use the prior 1988 felony convictions for sentence enhancement purposes; (ii) Price admitted at sentencing his plea of guilty to at least three such convictions; and (iii) the State presented a certified copy of the guilty plea entered by Price to the five 1988 sexual offense convictions.

      At sentencing, Price received consecutive sentences of twenty-five years for each distribution conviction. Unlawful distribution of a controlled substance is a Class B felony, *Ala. Code* § 13A-12-211(b), and, without enhancement under the Habitual Felony Offender Act, *Ala. Code* § 13A-5-9, *et seq.*, the punishment allowed for this offense is imprisonment "for not more than 20 years or less than 2 years." *Ala. Code* § 13A-5-6(2). In all cases where the petitioner "has been previously convicted of any three felonies and after such convictions" is convicted "of a Class B felony, he or she must be punished by imprisonment for life or any term of not less than 20 years." *Ala. Code* § 13A-5-9(c)(2). The record demonstrates that the State provided petitioner notice of intent to proceed under the Habitual Felony Offender Act and listed five prior convictions, four of which constitute felonies, on which it could rely for purposes of sentence enhancement under the Act. At sentencing, the State produced a certified copy of the guilty plea to these convictions as proof of the convictions. *Wright v. State*, 709

8.      Ineffective assistance of counsel may be cause for a procedural default.

*Petition for Writ of Habeas Corpus - Court Doc. No. 1*; *Amendment to Petition for Writ of Habeas Corpus Relief - Court Doc. No.* 5.

In their answers to the petition, the respondents argue that the claims pending before this court entitle Price to no relief.  Specifically, the respondents contend that all of Price's claims for federal habeas relief are procedurally barred from review because Price failed to present these claims to the state courts in accordance with the State's procedural rules either at trial, on direct appeal or on appeal from the trial court's order denying the Rule 32 petition.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732-1733 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including review by the state's court of last resort, even if review in that court is discretionary.); *Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003) ("Nothing in

---

So.2d 1318, 1320 (Ala.Crim.App. 1997) (proper method for proving prior felony convictions is introduction of certified copies of such convictions).  In addition to this notice and proof, during the sentencing hearing, Price acknowledged prior convictions for at least three felony offenses.  Under well settled Alabama law, when a defendant "admits prior felony convictions, they are deemed proven for purposes of § 13A-5-9, *Ala. Code* 1975." *Kaska v. State*, 740 So.2d 475, 477 (Ala.Cr.App. 1998); *Ex parte Chambers*, 522 So.2d 313 (Ala. 1987) (defendant's admission of prior felony convictions sufficient proof for purposes of sentence enhancement under the Habitual Felony Offender Act); *Whitt v. State*, 461 So.2d 29, 30 (Ala.Cr.App. 1984) (stipulation of prior felony convictions by a defendant sufficiently admits all elements necessary to prove the convictions and such stipulation relieves the State of the burden of otherwise proving the prior convictions); *Burrell v. State*, 429 So.2d 636, 640 (Ala.Cr.App. 1982) (same).  Consequently,  based on the State's certified copy of four prior felony convictions and Price's admission of at least three prior felony convictions for sexual offenses, the State properly proved four prior felony convictions on which the trial court could rely for enhancement of his sentence.  Thus, "imprisonment for life or any term of not less than 20 years" constituted the possible range of enhanced punishment for Price. *Ala. Code* § 13A-5-9(c)(2).  It is therefore clear that the trial court did not err in imposing a sentence of twenty-five years' imprisonment upon Price for each of his distribution convictions.

*Boerckel's* reasoning suggests that a different rule should apply in state post-conviction appeals as opposed to direct appeals."); *Smith v. Jones*, 256 F.3d 1135, 1140 (11th Cir. 2001), *cert. denied*, 534 U.S. 1136, 122 S.Ct. 1081, 151 L.Ed.2d 982 (2002) ("Alabama's discretionary direct review procedures bring Alabama prisoner habeas petitions within the scope of the *Boerckel* rule."); *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002); *Holladay v. Haley*, 209 F.3d 1243, 1254 n. 9 (11th Cir.), *cert denied*, 531 U.S. 1017 (2000); *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999); *Atkins v. Singletary*, 965 F.2d 952, 955 (11th Cir. 1992); *Collier v. Jones*, 901 F.2d 770, 773 (11th Cir. 1990).

Upon review of the § 2254 petition, the answers of the respondents, Price's responses to the answers, the state court record and applicable federal law, this court finds that no evidentiary hearing is required, Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*, and concludes that the petition is due to be denied.

## II.  DISCUSSION

### A.  Actual Innocence - Independent Claim

In his amendment to the petition, Price alleges he is innocent of unlawful distribution of methamphetamine.  The law is well settled "that '[c]laims of actual innocence ... have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.' *Herrera v. Collins,* 506 U.S. 390, 400, 113 S.Ct. 853, 860, 122 L.Ed.2d 203 (1993).  It is not our role to make an independent determination of a petitioner's guilt or innocence based

on evidence [presented at trial or] that has emerged since the trial.  'This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution--not to correct errors of fact.'  *Id*."  *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002).  In accordance with the foregoing, Price is entitled to no relief from this court on any independent claim of actual innocence.

### B.  Procedural Default

The claims presented by Price in his petition for habeas corpus relief are procedurally defaulted as Price failed to present these claims to the state courts in accordance with the State's applicable procedural rules.  *O'Sullivan v. Boerckel*, *supra*.; *Henderson*, 353 F.3d 880, 891 (11th Cir. 2003); *Pruitt v. Jones*, 348 F.3d at 1358-1359. Upon thorough review of the answers filed by the respondents and the state court records, the court finds the relevant procedural defaults as follows:

(1) The claims presented by Price with respect to actions by the trial judge in leading/threatening the jury and selection of the jury foreman, his substantive challenges to each count of the indictment based on omission of intent and reference to manufacturing, and both claims attacking his sentences under the Habitual Felony Offender Act are procedurally defaulted because Price did not present these claims during trial, in his *pro se* brief filed on direct appeal of his convictions or on appeal from the trial court's denial of his Rule 32 petition.

(2)  The claims of ineffective assistance of trial counsel are procedurally defaulted

either because Price failed to raise these specific claims of ineffective assistance on direct appeal and/or he raised the claim in the Rule 32 petition but did not file an appeal from the trial court's denial of his post-conviction petition.  *Kelley v. Secretary for Department of Corrections*, 377 F.3d 1317, 1344 (11th Cir. 2004) (To exhaust a claim in the state courts properly, a habeas petitioner must present each appropriate state court with not only the theory of relief "but also ... the specific assertions of fact that might support relief.")  As occurred in *Kelley*, "[b]y the time [the petitioner] sought federal habeas relief ... many of [his] ineffective assistance claims had assumed a strikingly different hue."  377 F.3d at 1347.  Price's broad direct appeal claim that counsel failed to challenge the indictment as vague is the only claim which remotely approaches the distinct, unexhausted claims that counsel failed to challenge the indictment for its failure to charge intent and the submission of all charges on a single page.  Price's claim on direct appeal that counsel failed to file a motion for mistrial upon the informant's alleged perjured testimony regarding her arrest record and use of drugs is the claim which most closely approaches the present unexhausted claim attacking counsel's failure to lay the proper predicate for admission of documents relative to impeaching the informant.  The claims presented to this court were "not merely a clarified rendition of an exhausted claim, but a new claim altogether." *Kelley*, 377 F.3d at 1348.  Price's federal claims of ineffective assistance of trial counsel are therefore procedurally defaulted as he did not present these "claims to the state courts such that a reasonable reader would understand each claim's particular legal basis and

specific factual foundation." *Id*. at 1344-1345.[11]

(3) The claims of ineffective assistance of appellate counsel are procedurally defaulted due to Price's failure to appeal the trial court's denial of his Rule 32 petition.

(4) To the extent Price presents claims of ineffective assistance of trial and appellate counsel as cause for his procedural defaults, these claims are procedurally defaulted either for the reasons herein above set forth and/or due to Price's failure to properly exhaust such claims in his Rule 32 petition.

As a prerequisite to filing a federal habeas action, the petitioner must have properly

---

[11]Upon review of the *pro se* brief filed by Price on direct appeal of his convictions, the court notes that Price did not raise these specific instances of ineffective assistance of trial counsel in his brief. *Respondents' Exhibit C - Court Doc. No. 10-4*. With respect to counsel's failure to challenge the indictment, Price argued on direct appeal that counsel should have brought "the vague indictment to the court's attention." *Id*. at 10. As for counsel's actions regarding Angela Brock, Price alleged "trial counsel should have made a motion for a mistrial when Angela Brock committed perjury ... [by testifying] she did not mess with drugs [and] had not been arrested since September 6, 2001." *Id*. at 12. In his application for rehearing, Price did not reference trial counsel's failure to challenge the indictment but presented a substantive challenge to the indictment based on the use of the name Kenny Price rather than Kenneth Price. *Respondents' Exhibit E - Court Doc. No. 10-6* at 5. He also proceeded on the ineffective assistance of counsel claim related to counsel's failure to remove a correctional officer from the jury and alleged the appellate court "over look the fact that the State's informant committed perjury about when she was arrested." *Id*. at 5-6. Finally, in his petition for writ of certiorari Price argued the appellate court erred in its determination that the evidence was sufficient to support his convictions and in affirming the convictions when he raised fourteen issues of ineffective assistance of counsel. *Respondents' Exhibit G - Court Doc. No. 10-8* at 1-2. He also challenged the legality of the electronic eavesdropping used to obtain the tape recordings presented as evidence. *Id*. at 8. In support of his attack on the denial of his claims of ineffective assistance of counsel, Price alleged "trial counsel was ineffective in laying [a] proper foundation to discredit informant's testimony.... and by not laying [the] proper foundation to exclude illegally obtained tape recordings by electronic eavesdropping without first obtaining a warrant." *Id*. at 8-9. The petition for writ of certiorari is the first mention of counsel's failure to lay a proper foundation for admission of documents relevant to discrediting the informant's testimony. Claims not presented in the initial brief on direct appeal are procedurally defaulted under state law if subsequently raised in either the application for rehearing or petition for certiorari. Moreover, "presentation of a claim in this manner does not satisfy the requirement that federal constitutional claims first be fairly presented to the state court before being brought to the federal court in a habeas petition." *Mauk v. Lanier*, 484 F.3d 1352, 1358 (11th Cir. 2007). Thus, to the extent it could be argued that the direct appeal claims placed the state appellate court on notice of the claims pending herein, the claims are nevertheless procedurally barred from review because Price did not properly exhaust these issues in the state courts as he failed to raise such claims in the application for rehearing and/or petition for writ of certiorari. Again, at each stage of the appeal proceedings, Price changed the factual basis for these claims.

exhausted state court remedies, either on direct appeal or in a state post-conviction petition, 28 U.S.C. § 2254(b), thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry,* 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor,* 404 U.S. 270, 275 (1971) (citation omitted)); *Kelley*, 377 F.3d at 1342-1344 (11th Cir. 2004) (a petitioner cannot raise claims in federal court if those claims, including the factual basis for the claims, were not first properly exhausted in state court.).  To exhaust state remedies in accordance with the exhaustion requirement, the petitioner must fairly present every issue raised in his federal petition to each appropriate state court, including the state's highest court, alerting that court to the federal nature of the claim and a statement of the facts which entitle him to relief.  *Duncan,* 513 U.S. at 365-366; *O'Sullivan,* 526 U.S. at 845; *Picard,* 404 U.S. at 277-278.  "[F]or purposes of exhausting state remedies, a claim for relief in a habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." *Gray v. Netherland*, 518 U.S. 152, 162-163, 116 S.Ct. 2074, 2081, 135 L.Ed.2d 457 (1996); *McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005) ("In order to be exhausted, a federal claim must be fairly presented to the state courts."); *Edwards v. Carpenter*, 529 U.S. 446, __, 120 S.Ct. 1587, 1591, 1592 (2000) (the exhaustion requirement is not satisfied when "the ineffective-assistance claim was 'presented' to the state courts [but] not presented in the manner that state law requires.").

It is not sufficient merely that the federal habeas petitioner has been through

the state courts, *Picard v. Connor,* 404 U.S. 270, 275-76, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971), nor is it sufficient that all the facts necessary to support the claim were before the state courts or that a somewhat similar state-law claim was made, *Anderson v. Harless,* 459 U.S. 4, 6, 103 S.Ct. 276, 277, 74 L.Ed.2d 3 (1982) (citations omitted).  The petitioner must present his claims to the state courts such that they are permitted the "opportunity to apply controlling legal principles to the facts bearing upon (his) constitutional claim."  *Picard,* 404 U.S. at 277, 92 S.Ct. at 513 (alteration in original).

Thus, the prohibition against raising nonexhausted claims in federal court extends not only to broad legal theories of relief, ***but also to the specific assertions of fact that might support relief.   For example, habeas petitioners may not present particular factual instances of ineffective assistance of counsel in their federal petitions that were not first presented to the state courts***.  *Footman v. Singletary*, 978 F.2d 1207, 1211 (11th Cir. 1992).  As we explained,

> allowing a habeas petitioner to allege a single instance of ineffective assistance in his state post-conviction proceedings and then proceed to federal court to allege additional instances would be contrary to the state's "full and fair opportunity to address the claim on the merits."  The state would never have the benefit of evaluating the claim using a fully developed set of facts. This would not be the "serious and meaningful" exhaustion of claims that Congress intended.

*Id.*; *see also Carriger v. Lewis,* 971 F.2d 329, 333 (9th Cir. 1992) (en banc) (holding that, where the habeas petitioner properly raised only one ineffective assistance claim on collateral attack in state court, he could seek federal relief based on that specific claim, but not based on other alleged attorney defects that were not presented to the state courts); *Maynard v. Lockhart,* 981 F.2d 981, 984-85 & n. 1 (8th Cir. 1992) ("To preserve an allegation of ineffective assistance for federal habeas review, a petitioner must present that specific allegation to a state court.").  Furthermore, habeas petitioners cannot preserve otherwise unexhausted, specific claims of ineffective assistance merely by arguing that their lawyers were ineffective in a general and unspecified way.  *See Weeks [v. Jones]*, 26 F.3d [1030] at 1044-46 [(11th Cir. 1994)] (rejecting petitioner's argument that "the general claim of ineffective assistance in state court preserves for federal review all alleged instances of ineffectiveness,

regardless of whether evidence of a particular act was presented to the state court").  In sum, to preserve a claim of ineffective assistance of counsel for federal review, the habeas petitioner must assert this theory of relief and transparently present the state courts with the specific acts or omissions of his lawyers that resulted in prejudice.  In sum, to preserve a claim of ineffective assistance of counsel for federal review, the habeas petitioner must assert this theory of relief and transparently present the state courts with the specific acts or omissions of his lawyers that resulted in prejudice.

*Kelley*, 377 F.3d at 1343-1344 (emphasis added).  The court further advised that "[t]o ensure exhaustion, petitioners must present their claims in this manner of clarity throughout 'one complete round of the State's established appellate review process.'  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999).  As long as state supreme court review of a prisoner's claims is part of a state's ordinary appellate review procedure, prisoners of that state must present their claims to the state supreme court to preserve those claims for federal review, even if review by that court is discretionary."  *See id*. at 848-49, 119 S.Ct. at 1734."  *Kelley*, 377 F.3d at 1345.

Price failed to exhaust his federal claims properly in the state courts and no remedy remains before the state courts in which Price can obtain review of these claims.  The claims pending before this court are therefore precluded from federal review.  This court may reach the merits of Price's procedurally defaulted claims "only in two narrow circumstances.  First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both 'cause' for the default and actual 'prejudice' resulting from the default.  *See Murray v. Carrier,* 477 U.S. 478, 485, 106 S.Ct. 2639, 2644, 91 L.Ed.2d 397

(1986); *[Wainwright v.] Sykes*, 433 U.S. [72,] 87 [(1977)]....  Second, a federal court may also grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice.  *Murray*, 477 U.S. at 495-96, 106 S.Ct. at 2678.  A 'fundamental miscarriage of justice' occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent.  *Id.*"  *Henderson*, 353 F.3d at 892.

### 1.  <u>Cause and Prejudice</u>.

"To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court."  *Wright v. Hopper,* 169 F.3d 695, 703 (11th Cir.1999).  To establish "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different.  *Id.*; *Crawford v. Head,* 311 F.3d 1288, 1327-28 (11th Cir.2002).

*Henderson*, 353 F.3d at 892.  In an attempt to meet this burden, Price asserts that he received ineffective assistance of counsel at trial and on direct appeal.  *Amendment to Petition - Court Doc. No. 5* at 10.  Price also maintains his *pro se* status and lack of legal knowledge should excuse any defaults arising from his failure to present his claims properly during direct appeal and the Rule 32 proceeding.  *Petitioner's May 11, 2006 Response - Court Doc. No. 13* at 2; *Petitioner's September 28, 2006 Response - Court Doc. No. 30* at 3.  Additionally, Price argues that the default associated with his failure to appeal the trial court's denial of the Rule 32 petition is due to his reliance on a jailhouse lawyer.  *Amendment to Petition - Court Doc. No. 5* at 7.  Finally, Price argues that the opinion

issued on direct appeal by the Alabama Court of Criminal Appeals and the order issued by the trial court denying his Rule 32 petition foreclosed further review by the state courts. *Petitioner's September 28, 2006 Response - Court Doc. No. 30* at 6-7.   Specifically, Price contends that because the appellate court found no merit to his claims and the trial court deemed all of his claims precluded from review (an incorrect assertion as the court deemed only those claims of ineffective assistance of trial counsel raised on direct appeal precluded),  further action in the state courts would have been futile and was not warranted for purposes of exhaustion.  *Id.*

As previously determined, Price is procedurally defaulted on his claims of ineffective assistance of trial and appellate counsel as he failed to pursue and fairly present these claims in the state courts in available state proceedings.  Price fails to establish cause and prejudice for his defaults on these claims.  Ineffective assistance of counsel will excuse a procedural default only when the ineffective assistance claim itself has been independently raised and properly exhausted in the state courts.  *Edwards*, 529 U.S. at __, 120 S.Ct. at 1592 (A federal habeas court is barred from considering a procedurally defaulted "ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim" unless the petitioner establishes "the cause-and-prejudice standard with respect to [the ineffective assistance claim]."); *Murray*, 477 U.S. at 489 ("[A] claim of ineffective assistance [must] be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default."); *Hill v. Jones*, 81 F.3d

21

1015, 1030 (11th Cir. 1996) (a procedurally defaulted claim of ineffective assistance of counsel cannot serve as cause to excuse the default of a separate claim).  Thus, the claims of ineffective assistance of trial and appellate counsel cannot constitute cause necessary to excuse Price's procedural defaults.  Moreover, the court finds that none of the allegations of ineffective assistance of trial and appellate counsel in any way justify Price's failure to properly exhaust the procedurally defaulted claims on direct appeal and/or during the Rule 32 proceeding.

Price's reliance on his *pro se* status and lack of legal knowledge as cause likewise provide no basis for relief from the applicable procedural bars as neither an inmate's lack of legal knowledge, his failure to understand legal principles, nor his inability to recognize potential claims for relief at an earlier juncture constitute an extraordinary circumstance sufficient to warrant such relief.  *Harmon v. Barton*, 894 F.2d 1268 (11th Cir. 1990) (ignorance of the law fails to establish cause for a procedural default); *Smith v. Newsome*, 876 F.2d 1461 (11th Cir. 1989); *Spencer v. Kemp*, 781 F.2d 1458, 1462 (11th Cir. 1986); *Barksdale v. Lane*, 957 F.2d 379, 385-386 (7th Cir. 1992) (petitioner's *pro se* status does not constitute adequate grounds for cause); *see also Wakefield v. Railroad Retirement Board*, 131 F.3d 967, 969 (11th Cir. 1997) (ignorance of the law is not a factor which warrants relief from procedural bars); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied*, 531 U.S. 1194, 121 S.Ct. 1195, 149 L.Ed.2d 110 (2001) ("[I]t is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally

does not excuse prompt filing.'  *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999).");

*Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir.2000), *cert. denied*, 534 U.S. 863, 122

S.Ct. 145, 151 L.Ed.2d 97 (2001) (lack of legal knowledge or legal resources, even in a

case involving a *pro se* inmate, does not warrant relief from a procedural bar); *Miller v.*

*Marr,* 141 F.3d 976, 978 (10th Cir. 1998) (relief from procedural bar not justified by fact

that petitioner did not understand the law).

        With respect to Price's reliance on the failings of a jailhouse lawyer as cause, this

claim likewise provides no basis for relief.  A petitioner's reliance on the assistance and/or

erroneous advice of an inmate clerk fails to establish extraordinary circumstances necessary

to excuse a procedural default.  *Whiddon v. Dugger*, 894 F.2d 1266, 1267 (11th Cir.), *cert.*

*denied*, 498 U.S. 834 (1990) (poor advice from inmate law clerks during collateral

proceedings will not establish petitioner's claim of cause for a procedural default as there

is no right to legal counsel in such proceedings); *Marsh v. Soares,* 223 F.3d 1217, 1220

(10th Cir. 2000), *cert. denied*, 531 U.S. 1194, 121 S.Ct. 1195, 149 L.Ed.2d 110 (2001)

("The fact that an inmate law clerk was assisting in drafting [pleadings] does not relieve

[petitioner] from the personal responsibility of complying with the law.").

        To the extent Price asserts that the direct appeal opinion and Rule 32 order issued

by  the state courts foreclosed further review of his claims, this assertion is without merit

as neither action prohibited further review of his claims in subsequent properly filed state

actions.  Moreover, entry of decisions by the state courts addressing Price's claims did not

constitute an "objective factor external to the defense that prevented [Price] from raising the claim[s] [in appropriate state proceedings] ... which cannot be fairly attributable to his own conduct." *Murray*, 477 U.S. at 488. In light of the fact that Price raised his claims for federal relief while proceeding *pro se* in both this court and the state courts, it is clear that such claims are not issues "intrinsically beyond [a] *pro se* petitioner's ability to present." *Harmon*, 894 F.2d at 1275.

Based on the foregoing, the court concludes that Price has failed to demonstrate cause for his failure to present his federal habeas claims to the state courts in compliance with applicable procedural rules. Furthermore, Price has presented nothing which establishes the existence of actual prejudice emanating from infringement of federal law. Nevertheless, this court may still reach the merits of Price's procedurally defaulted claims in order to prevent a fundamental miscarriage of justice

**2. Fundamental Miscarriage of Justice**. Throughout his pleadings in this court, Price argues he is innocent of distribution of methamphetamine. The miscarriage of justice standard is directly linked to actual innocence. *Schlup v. Delo*, 513 U.S. 298, 321 (1995). Actual innocence is not an independent claim; rather, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are defaulted. *Id.* at 315. This exception applies where a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986); *Schlup v. Delo*, *supra*. "To establish actual

innocence, [a habeas petitioner] must demonstrate that ... 'it is more likely than not that no reasonable juror would have convicted him.' *Schlup v. Delo*, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)." *Bousley v. United States*, 523 U.S. 614, 623 (1998).   "[T]he *Schlup* standard is demanding and permits review only in the '"extraordinary"' case." *House v. Bell*, 547 U.S. 518, 538, 126 S.Ct. 2064, 2077 (2006). Thus, "[i]n the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of defaulted claims."   547 U.S. at 537, 126 S.Ct. at 2077.   "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. *See Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992)." *Bousley*, 523 U.S. at 623-624; *Doe v. Menefee*, 391 F.3d 147, 162 (2nd Cir. 2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence."). *Schlup* observes that "a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.... To be credible, such a claim requires petitioner to support his allegations of constitutional error with ***new reliable evidence*** – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.  Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful."  513 U.S. at 324 (emphasis added).

Price has failed to make the requisite showing of actual innocence as he has presented no "new reliable evidence," nor do his allegations suggest that any such evidence

exists, which could satisfy the stringent standard set forth in *Schlup*. Price's procedurally defaulted claims are therefore foreclosed from federal habeas review.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petition for habeas corpus relief filed by Kenneth Price be DENIED.

2. This case be DISMISSED with prejudice.

It is further

ORDERED that on or before February 10, 2009 the parties may file objections to the Recommendation. Objections must specifically identify the findings in the Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in this Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to September 30, 1981.)

Done, this 28th day of January, 2009.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE